1   JESSICA R. MACGREGOR, Bar No. 168777
    KATE KIMBERLIN, Bar No. 261017
2   LONG & LEVIT LLP
    465 California Street, 5th Floor
3   San Francisco, California  94104
    Telephone:    (415) 397-2222
4   Facsimile:    (415) 397-6392
    jmacgregor@longlevit.com
5   kkimberlin@longlevit.com

6   Specially Appearing for Defendants
    GILE R. DOWNES and SCHULTE, ANDERSON,
7   DOWNES, ARONSON & BITTNER, P.C.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12
    WILLIAM RUPERT,                          Case No.  CV-12-05292 HRL
13
                    Plaintiff,               **NOTICE OF MOTION AND MOTION TO**
14                                           **DISMISS FIRST AMENDED COMPLAINT**
    v.                                       **AS AGAINST DEFENDANTS GILE R.**
15                                           **DOWNES AND SCHULTE, ANDERSON,**
    SUSAN BOND; GILE R. DOWNES;              **DOWNES, ARONSON & BITTNER, P.C.**
16  EDWARD S. ZUSMAN; MATTHEW
    WHITMAN; MICHELLE JOHANSSON;             **Hearing:      January 8, 2013**
17  JAMES RUPERT; SCHULTE,                   **Time:         10:00 a.m.**
    ANDERSON, DOWNES, ARONSON &              **Judge:        Hon. Howard R. Lloyd**
18  BITTNER, P.C., an Oregon Professional    **Courtroom:  2**
    Corporation; MARKUN ZUSMAN &
19  COMPTON, LLP, a Limited Liability
    Partnership Headquartered in California;
20  CARTWRIGHT WHITMAN BAER PC,
    an Oregon Professional Corporation; and
21  DOES 1 to 20,

22                  Defendants.

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................... 3

II.   RELEVANT BACKGROUND AND FACTS ................................................. 3

    A.    The Prior California Litigation of Plaintiff's Claims .............................. 4

    B.    The Oregon Litigation ......................................................................... 4

III.  THIS COURT'S PRIOR DISMISSAL ACTS TO BAR THE COMPLAINT UNDER THE DOCTRINE OF RES JUDICATA ......................................... 5

IV.  THERE IS STILL NO PERSONAL JURISDICTION OVER DEFENDANTS ............... 6

    A.    No New Facts Exist to Support Personal Jurisdiction Over Defendants ............... 7

        1.    Downes Has No Substantial Connections to California ............................ 7

        2.    Schulte Anderson Has No Substantial Connections to California............. 8

    B.    None of the Witnesses With Respect to Plaintiffs' Claims Against Defendants Are Located in California ....................................................... 9

V.   THIS COURT SHOULD DISMISS THE COMPLAINT AGAINST DEFENDANTS UNDER 12(B)(2)........................................................................ 9

    A.    Standard for Dismissal Under 12(b)(2) ............................................... 9

    B.    None of the Three Traditional Bases for Jurisdiction Is Present in This Case .................................................................................................. 10

    C.    Defendants Lack Sufficient Minimum Contacts With California To Permit The Exercise Of General Or Specific Personal Jurisdiction In The State............ 10

        1.    Defendants Do Not Have Sufficient Connections to California to Justify Specific Personal Jurisdiction ......................................................... 11

            a.    Defendants' Communications With Plaintiff Are Not Sufficient to Demonstrate Purposeful Availment ......................... 11

            b.    Plaintiff's Claims Do Not Arise Out of Defendants' Forum-Related Activities.................................................................. 13

            c.    It Would Not Be Reasonable To Exercise Jurisdiction Over Defendants in California ................................................................. 14

        2.    Defendants' Irregular Participation In California-Related Activities Do Not Constitute Sufficient Contacts With California To Create General Personal Jurisdiction........................................................... 14

VI.  CONCLUSION............................................................................................ 15

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- i -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

# TABLE OF AUTHORITIES

**Page**

## Cases

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*
   1 F.3d 848 (9th Cir. 1993)................................................................ 14

*Boone v. Kurtz*
   617 F.2d 435, 436 (5th Cir. 1980)..................................................... 6

*Burger King v. Rudzewicz*
   471 U.S. 462, 475 (1985)................................................................ 13

*Calder v. Jones*
   465 U.S. 783, 790 (1984)................................................................ 13

*Doe v. American Nat. Red Cross*
   112 F.3d 1048, 1050-51 (9th Cir. 1997) ........................................... 11

*Edmonds v. Superior Court (Ronson)*
   24 Cal.App.4th 221, 234 (1994) ...................................................... 12

*Gray & Co. v. Firstenberg Machinery Co.,Inc.*
   913 F. 2d 758, 761 (9th Cir. 1990)................................................... 14

*Hollander v. Sandoz Pharm., Corp.*
   289 F.3d 1193, 1216-17 (11th Cir. 2002) ........................................... 5

*International Shoe Co. v. Washington*
   326 U.S. 310, 316 (1945)................................................................ 10

*Kendall v. Oversees Development Corp.*
   700 F.2d 536 (9th Cir. 1983)............................................................ 9

*Lake v. Lake*
   817 F.2d 1416, 1421 (9th Cir. 1987)................................................. 10

*Pennoyer v. Neff*
   95 U.S. 714, 722 (1877)................................................................. 10

*Posner v. Essex Ins. Co., Ltd.*
   178 F.3d 1209, 1222 (11th Cir. 1999)................................................ 5

*Ruhrgas AG v. Marathon Oil Co.*
   526 U.S. 574, 584 (1999)................................................................ 9

*Shaw v. Merritt-Chapman & Scott Corp.*
   554 F.2d 786, 789 (6th Cir. 1977)..................................................... 6

*Sher v. Johnson*
   911 F.2d 1357 (9th Cir. 1990)................................................ 10, 11, 12

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

# TABLE OF AUTHORITIES
## (continued)

Page

*Sibley v. Superior Court*
    16 Cal.3d 442, 446 (1976) ................................................................................... 11

*Terracom v. Valley Nat. Bank*
    49 F.3d 555, 559 (9th Cir. 1995)............................................................................ 9

*World-Wide Volkswagen Corp. v. Woodson*
    444 U.S. 286, 292 (1980)..................................................................................... 11

*Ziegler v. Indian River County*
    64 F.3d 470, 473 (9th Cir. 1995)............................................................................ 9

**Statutes**

California Code of Civil Procedure
    section 410.10 ...................................................................................................... 9

**Rules**

Federal Rule of Civil Procedure
    section 12(b)(2) ............................................................................................ 2, 9, i

Federal Rule of Evidence
    section 201 ........................................................................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- iii -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

### NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 8, 2013 at 10:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Howard R. Lloyd, Courtroom 2 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California, Defendants Gile R. Downes ("Downes") and Schulte, Anderson, Downes, Aronson & Bittner, P.C. ("Schulte Anderson" and collectively with Downes, the "Defendants") will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing this action on the grounds that the Court lacks personal jurisdiction over Defendants and that the Court has already adjudicated the question of whether personal jurisdiction over the Defendants exists.

This motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Downes filed and served concurrently herewith, as well as the papers, records and pleadings on file herein and such further evidence as may be presented at the hearing on the Motion.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 2 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1                 **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3          The First Amended Complaint ("FAC") filed by plaintiff William Rupert ("Plaintiff") is

4  the third complaint filed against defendants Gile R. Downes ("Downes") and Schulte, Anderson,

5  Downes, Aronson & Bittner, P.C. ("Schulte Anderson" and collectively with Downes, the

6  "Defendants") and that arises out of the same underlying facts and allegations concerning the

7  administration of the Samuel J. Rupert Trust and the estate of Irene Rupert.  Plaintiff's first

8  complaint was filed in this very court in June of 2009 and contained nearly identical allegations

9  against the Defendants.  That action was dismissed because no basis for personal jurisdiction

10  exists as against Defendants Downes and Schulte Anderson.  By his FAC, Plaintiff again seeks to

11  hold Defendants liable for the consequences of legal services rendered to Mrs. Rupert in Oregon.

12  But, just as with his first complaint, Plaintiff fails to adequately plead facts demonstrating any

13  basis for personal jurisdiction over Defendants in California.  For this reason, Defendants

14  respectfully request that the Court grant this Motion and dismiss the FAC as to Defendants.

15  **II.    RELEVANT BACKGROUND AND FACTS**[1]

16          Plaintiff's allegations against Defendants arise from Downes' representation of Plaintiff's

17  mother, Irene Rupert, beginning in May 2009 and through Mrs. Rupert's death in March of 2010.

18  (FAC, ¶¶4, 7.)  Downes, a lawyer in defendant law firm Schulte Anderson, represented Mrs.

19  Rupert with respect to the preparation of estate planning documents and in her capacity as the

20  trustee of her late husband's trust – the Samuel J. Rupert Trust.  (FAC, ¶7.)  Plaintiff's allegations

21  against Defendants stem from his apparent disappointment with the results of his mother's

22  administration of Mr. Rupert's trust as well as her decision to disinherit Plaintiff after he sued her

23  in 2009.  (FAC, ¶¶52-66.)

24          Plaintiff acknowledges that Downes is an Oregon resident and a licensed Oregon attorney

25  working at Schulte Anderson, an Oregon-based law firm.  (FAC, ¶7, 12.)  Plaintiff also

26  acknowledges that the trust and estate plans at issue were originally drafted in Michigan and that

27

28  _____
[1] Defendants do not admit any of the allegations set forth in the complaint.  The recitation of Plaintiff's allegations is intended solely to demonstrate that Plaintiff fails to allege facts supporting personal jurisdiction against Defendants.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 3 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1   Mr. and Mrs. Rupert (his parents) thereafter moved to Oregon, where they lived until their deaths

2   in 2008 and 2010, respectively.  (FAC, ¶¶23-27, 29, 31, 76.)  Thus, Defendants represented Mrs.

3   Rupert solely in her capacity as trustee of a Michigan/Oregon trust and in revising her own

4   Oregon estate plan.  (FAC, ¶¶52, 56.)  Plaintiff does not allege that Defendants offered any advice

5   or legal services to California residents, that they provided legal services in California, or that

6   they offered legal advice concerning California law.

7   **A.    The Prior California Litigation of Plaintiff's Claims**

8           After the October 2008 death of Samuel Rupert, there were discussions between Plaintiff

9   and his sister, Susan, regarding the administration of their father's estate.  (FAC, ¶¶34-35, 48-51.)

10  By early 2009, Plaintiff began making demands of Susan and his mother regarding his parents'

11  estates.  (FAC, ¶50.)  Shortly thereafter, in May of 2009, Mrs. Rupert retained Defendants to

12  assist her in the administration of the Samuel J. Rupert Trust and her own estate.  (FAC, ¶7.)

13  Defendants ultimately assisted Mrs. Rupert in executing a modified Oregon trust agreement for

14  her own estate in 2009.  (FAC, ¶55.)  Thereafter, Plaintiff alleges that Downes communicated

15  with Plaintiff by mail regarding the modified trust.  (FAC, ¶¶59, 71-72.)

16          In June of 2009, while Defendants were still representing Mrs. Rupert regarding her late

17  husband's trust and her own estate, Plaintiff filed his first lawsuit against Defendants, Susan, and

18  Mrs. Rupert alleging interference with economic relations and conspiracy to deprive him of his

19  rights with respect to his father's trust.  (FAC, ¶¶66, 73.)  The lawsuit was filed here in the

20  Northern District of California, Case No. 09-02758; however, Judge Fogel dismissed the case in

21  September of 2010 after concluding that there was no personal jurisdiction over any of the

22  defendants, including Downes and Schulte Anderson.  True and correct copies of the operative

23  complaint in the prior California action as well as Judge Fogel's order dismissing that action (the

24  "Order") are attached hereto as Exhibits 1 and 2.[2]

25  **B.    The Oregon Litigation**

26          While Plaintiff's first complaint was still pending in California, Susan initiated

27

28  [2] These prior pleadings are the proper subject of judicial notice under Federal Rule of Evidence 201.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 4 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1   proceedings concerning Mr. and Mrs. Rupert's trusts in the Circuit Court for the State of Oregon,

2   County of Clackamas.  (FAC, ¶77.)  With respect to the Oregon proceeding involving the Samuel

3   Rupert Trust, Susan petitioned to compel distribution of the trust assets, and on July 24, 2010

4   Plaintiff filed and served objections to the proposed distribution and counterclaims against Susan

5   and third party claims against Downes and defendant Matthew Whitman.[3]  As in his first

6   California action, Plaintiff again alleged that Downes was liable for conspiring with Susan to

7   interfere with his rights as the proper trustee of the Samuel J. Rupert Trust.  (*Id.*)  Plaintiff's

8   claims were ultimately dismissed as to Downes and Whitman and judgment was entered against

9   Plaintiff as to Susan.  (FAC, ¶81.)

10   **III.   THIS COURT'S PRIOR DISMISSAL ACTS TO BAR THE COMPLAINT UNDER
            THE DOCTRINE OF RES JUDICATA**

11
            Despite this Court's prior ruling in 2010 that there is no personal jurisdiction in California

12   over Defendants, Plaintiff re-alleges that this Court has personal jurisdiction on the basis that

13   Defendants' actions allegedly "had significant effects in California, and because some of the

14   wrongful actions that damaged plaintiff took place within California."  (FAC, ¶¶7. 12.)  However,

15   this Court has already ruled based on the same facts and evidence that Defendants are not subject

16   to personal jurisdiction in California because they have not "purposefully availed" themselves of

17   the privilege of doing business in this State.  (Order at p.5.)

18
            A dismissal on the basis that no personal jurisdiction exists does not normally bar a

19   plaintiff from re-filing his case in an alternate venue where jurisdiction might otherwise be

20   proper.  *See, e.g., Hollander v. Sandoz Pharm., Corp.*, 289 F.3d 1193, 1216-17 (11th Cir. 2002).

21   However, a "dismissal due to lack of personal jurisdiction acts as res judicata for the

22   jurisdictional issue" and will "preclude that litigation from occurring" in the same State where the

23   case has previously been dismissed.  *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th

24   Cir. 1999).  Therefore, "[a]lthough the dismissal of a complaint for lack of jurisdiction does not

25   adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, it

26

27   [3] *See* FAC, ¶81; *see also* Response to Susan Bond's Petition for Instructions and to Compel Distribution; (1)
     Answer/Objections; (2) Affirmative Defenses; (3) Counterclaims, filed by William Rupert in the Circuit Court for the

28   State of Oregon, County of Clackamas, Probate Dept., Case No. CV10030498, p. 14 *et seq.*  A true and correct copy
     of the Oregon pleading is attached hereto as Exhibit 3 and is the proper subject of judicial notice under FRE 201.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 5 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1   does adjudicate the court's jurisdiction, and a second complaint cannot command a second

2   consideration of the same jurisdictional claims." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir.

3   1980); *see also Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977), cert.

4   denied, 434 U.S. 852 (1977) ("a dismissal for lack of jurisdiction . . . does constitute a binding

5   determination on the jurisdictional question, which is not subject to collateral attack").

6         In Judge Fogel's 2010 ruling, he expressly found that personal jurisdiction could not exist

7   against Defendants on the basis that Plaintiff is a California resident who has alleged he was

8   harmed in this state. (Order at p.4.) Judge Fogel also ruled that the Defendants' communications

9   to Plaintiff in California concerning his parents' estates were not sufficient to form a basis for

10  personal jurisdiction because those communications related solely to estate and trust

11  administration for an Oregon client and based on Oregon law. (*Id.*, p.5.) While Judge Fogel's

12  2010 ruling would not have precluded Plaintiff from re-filing his action against Defendants in

13  another jurisdiction (such as Oregon), it is a final judgment and does preclude Plaintiff from re-

14  filing against Defendants in this Court.

15  **IV.     THERE IS STILL NO PERSONAL JURISDICTION OVER DEFENDANTS**

16        In an effort to avoid the consequence of this Court's prior ruling, Plaintiff now makes the

17  additional argument that personal jurisdiction is proper because he claims that assets from his

18  parents' estates are located in brokerage accounts with Charles Schwab & Co., Inc., a national

19  financial firm headquartered in San Francisco, California. (FAC, ¶74.)[4] Plaintiff admits that the

20  assets have been located in the Schwab accounts since at least February 2009 (*i.e.*, during his

21  prior 2009-2010 Northern District of California action). (*Id.*) However, Plaintiff did not assert

22  personal jurisdiction over any of the defendants during the prior action on the basis of the

23  accounts or the location of his parents' assets.

24        Plaintiff admits that he did not raise these arguments during the prior California litigation,

25  and instead seeks to re-argue an issue that has already been squarely addressed by the Court.

26

27  [4] While not a necessary fact for purposes of concluding that no personal jurisdiction exists over the Defendants, it is
    worth noting that there is a Schwab branch located in Portland, Oregon at 222 SW Columbia Street, #100. It is far

28  more likely that Mr. and Mrs. Rupert's funds were deposited with that branch.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 6 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1   Plaintiff should not be permitted to challenge this Court's prior Order, however, on the basis of

2   facts that could have been discovered in 2009.

3        Regardless of the propriety of Plaintiff's new argument, however, Plaintiff's new

4   allegations concerning the location of the Schwab accounts do not confer personal jurisdiction

5   over Defendants because the funds in those accounts do not belong to and are not managed by

6   Defendants.  Simply put, the fact that funds belonging to Mr. and Mrs. Rupert may have been

7   deposited into an account with a national brokerage firm headquartered in San Francisco does not

8   impute personal jurisdiction to Mrs. Rupert's former lawyers.  Thus, Plaintiffs allegations remain

9   insufficient to demonstrate a proper ground for personal jurisdiction over Defendants.

10       **A.    No New Facts Exist to Support Personal Jurisdiction Over Defendants**

11       Plaintiff does not allege that Defendants have any new or expanded connections with

12   California that did not exist in 2009 such that personal jurisdiction might now be proper in this

13   case.  For example, Defendant Downes is still the only Schulte Anderson attorney who

14   represented Irene Rupert.  (Downes Decl., ¶20.)[5]  And, as was previously explained to Plaintiff,

15   Downes' correspondence to Plaintiff in California related solely to the rights and obligations of

16   his Oregon client (Mrs. Rupert) under Oregon law.  (*Id.*, ¶22.)  Downes did not travel to

17   California for a deposition, interview or for any other purpose in connection with the prior case.

18   (*Id.*)

19       Defendants similarly do not have any connections with California that would warrant the

20   imposition of general jurisdiction over them in this state.  Defendants were served on November

21   8, 2012 with Notice of this lawsuit and a Request to Waive Service of Summons.  (Downes Decl.,

22   ¶2, Ex. 1.)  Thus, Defendants were not served with this lawsuit in California nor have they

23   consented to jurisdiction in California.

24       **1.    Downes Has No Substantial Connections to California**

25       Downes has been a resident of Oregon since 1969, the year he moved to Oregon after

26   _____

27   [5] A comparison of Downes' current declaration with the declaration submitted to this Court in 2009 in support of the
     prior motion to dismiss further demonstrates how little has changed in the last three years.  *See* 2009 Declaration of

28   Downes, a true and correct copy of which is attached hereto as Exhibit 4.  There is no new basis upon which personal
     jurisdiction might now exist.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 7 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1   graduating from law school. (*Id.*, ¶5.) The same year, Downes joined the Oregon State Bar

2   Association and began his practice of law. (*Id.*) In 1974, Downes joined Schulte Anderson's

3   predecessor law firm as an attorney, and became a partner or shareholder with the firm in 1977.

4   (*Id.*, ¶6.) Downes has never been admitted to the State Bar of California, nor has he ever

5   practiced law in California. (*Id.*, ¶7.) Downes practice is limited to representing clients in

6   Oregon and is focused on real estate, business and estate planning. (*Id.*, ¶8.) Downes does not

7   and has not solicited or advertised for business in California. (*Id.*, ¶9.) Other than in this case

8   and in Plaintiff's prior 2009 action, Downes has never been a plaintiff or defendant in litigation

9   pending in any court in California, has never appeared before a California court on behalf of a

10   client, or ever opined on or counseled a client concerning California law. (*Id.*, ¶10.)

11   **2.   Schulte Anderson Has No Substantial Connections to California**

12   Similarly, Schulte Anderson is an Oregon professional corporation with its principal place

13   of business located at 811 SW Natio Parkway, Suite 500 in Portland, Oregon. (*Id.*, ¶11.) The

14   firm was founded in Portland in 1909 and has maintained its office in that city ever since. (*Id.*,

15   ¶12.) Schulte Anderson does not and has never maintained an office outside of Portland. (*Id.*,

16   ¶13.) Each of Schulte Anderson's nine attorneys is a resident of and licensed to practice law in

17   Oregon. (*Id.*, ¶14.) While one is also licensed to practice in Illinois and three are licensed to

18   practice in Washington, none of the nine attorneys is licensed to practice in California. (*Id.*)

19   Schulte Anderson's practice relates primarily to advising clients regarding Oregon and

20   Washington law, and it does not solicit or advertise for business in California, nor has it done so

21   in the past. (*Id.*, ¶¶15-16.)

22   Any Schulte Anderson contact with California relating to legal matters had been

23   extremely limited and sporadic. (*Id.*, ¶¶16-17.) The minimal contacts Schulte Anderson

24   attorneys have had with California have been limited to irregular representation of a California

25   client with respect to cases pending in Oregon courts, irregular referral of an existing client to

26   counsel in California to deal with California legal issues, or irregular contacts with witnesses in

27   California regarding matters relevant to Oregon law and/or before courts in Oregon. (*Id.*, ¶¶14,

28   16-17.) Such representations or contacts have not involved the interpretation or application of

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 8 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1    California law. (*Id.*, ¶¶15, 17.)  In regard to these limited contacts, no Schulte Anderson attorney

2    has appeared in any California courts on behalf of any of its clients.  (*Id.*, ¶17.)

### B. None of the Witnesses With Respect to Plaintiffs' Claims Against Defendants Are Located in California

Although Plaintiff's FAC contains an abundance of new claims aimed at his mother and

sister's California lawyers from the first California action, Plaintiff's allegations against

Defendants remain – at least in substance – unchanged from the original 2009 complaint.  As in

that case, any witnesses (other than Plaintiff) are also located outside of California.  Such

witnesses include Oregon residents Susan Bond (Plaintiff's sister) and lawyers associated with

Schulte Anderson as well as Michigan residents James Rupert (Plaintiff's brother) and Alan

Pierce, the attorney who original prepared the estate plan for Plaintiff's parents.  (Downes Decl.,

¶23.)  Thus, there is no basis for concluding that California is a reasonable locale for Plaintiff to

prosecute any claims against Defendants.

### V. THIS COURT SHOULD DISMISS THE COMPLAINT AGAINST DEFENDANTS UNDER 12(B)(2)

Although Plaintiff's complaint is subject to dismissal under the theory of res judicata, it

would also be proper for the Court to dismiss the Complaint on the independent basis that it fails

to demonstrate personal jurisdiction over Defendants.

### A. Standard for Dismissal Under 12(b)(2)

Plaintiff bears the burden of establishing personal jurisdiction over Downes and Schulte

Anderson. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).  "Personal

jurisdiction . . . is an essential element of the jurisdiction of a district . . . court, without which the

court is powerless to proceed to an adjudication."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 584 (1999).  Personal jurisdiction in diversity cases is based upon the "long arm" statute of

the state in which the court sits.  *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 559 (9th Cir. 1995).

Accordingly, federal courts interpreting state "long arm" statutes must follow the decisions of the

state's highest court.  *See Kendall v. Oversees Development Corp.*, 700 F.2d 536 (9th Cir. 1983).

California's long arm statute provides jurisdiction "on any basis not inconsistent with the

Constitution of this state or of the United States."  Cal. Code Civ. Proc., § 410.10.  "Due process

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 9 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1    requires that nonresident defendants have certain minimum contacts with the forum state, so that

2    exercise of personal jurisdiction does not offend traditional notions of fair play and substantial

3    justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

4      Plaintiff cannot establish personal jurisdiction over Downes or Schulte Anderson.  The

5    traditional bases for personal jurisdiction are not present.  Moreover, neither Downes nor Schulte

6    Anderson has sufficient contacts with California for the Court to impose general or specific

7    personal jurisdiction.

8      **B.**  <u>None of the Three Traditional Bases for Jurisdiction Is Present in This Case</u>

9      Under *Pennoyer v. Neff*, there are three traditional bases for personal jurisdiction: service

10   of process within the forum state; domicile within the forum state; and, consent to jurisdiction.

11   95 U.S. 714, 722 (1877).  None of these three traditional bases is present in this case.  Defendants

12   were served with the FAC in Oregon, not California.  Downes resides in Oregon and intends to

13   remain there permanently; he is domiciled in Oregon.  Schulte Anderson is incorporated in

14   Oregon and has its principal place of business there.  Neither consents to jurisdiction in

15   California, and neither has done so in the past.

16     The traditional bases for personal jurisdiction are therefore lacking in this case. Unless

17   another basis for jurisdiction is present, the Court must dismiss this action.

18     **C.**  <u>Defendants Lack Sufficient Minimum Contacts With California To Permit</u>
19       <u>The Exercise Of General Or Specific Personal Jurisdiction In The State</u>

  Absent one of the three traditional bases for personal jurisdiction, the Court may consider

20   whether a defendant has sufficient minimum contacts with the forum state to permit the exercise

21   of specific or general personal jurisdiction.  *International Shoe Co. v. Washington*, 326 US 310,

22   316 (1945).  The propriety of asserting specific jurisdiction "depend[s] on the quality and nature

23   of the defendant's contacts with the forum state in relation to the cause of action." *Lake v. Lake*,

24   817 F.2d 1416, 1421 (9th Cir. 1987).  "General jurisdiction applies where a defendant's activities

25   in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is

26   unrelated to those activities." *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990).  The defendant's

27   contacts with the forum State must be such that maintenance of the suit does not offend

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 10 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1   traditional notions of fair play and substantial justice and the relationship between the defendant

2   and the forum must be such that it is reasonable to require the defendant to defend the particular

3   suit which is brought there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292

4   (1980).

### 1.   Defendants Do Not Have Sufficient Connections to California to Justify Specific Personal Jurisdiction

The Ninth Circuit applies the following three-part test to determine whether it may assert

specific jurisdiction over non-resident defendants:

> (1) The nonresident defendant must do some act or consummate
> some transaction with the forum or perform some act by which he
> purposefully avails himself of the privilege of conducting activities
> in the forum, thereby invoking the benefits and protections of its
> laws[;] (2) [t]he claim must be one which arises out of or results
> from the defendant's forum-related activities [; and] (3) [e]xercise
> of jurisdiction must be reasonable.

*Doe v. American Nat. Red Cross*, 112 F.3d 1048, 1050-51 (9th Cir. 1997) (citation omitted).

Considering what types of contact with the state give rise to specific personal jurisdiction,

the California Supreme Court in *Sibley v. Superior Court* stated: "The mere causing of 'effect' in

California . . . is not necessarily sufficient to afford a constitutional basis for jurisdiction;

notwithstanding this 'effect' the imposition of jurisdiction may be 'unreasonable.'" 16 Cal.3d

442, 446 (1976). It went on: "There must be some act by which the defendant has purposefully

availed itself of the privilege of conducting activities within the forum state, and thus has invoked

the benefits and protections of its laws." *Id.* at 446.

### a.   Defendants' Communications With Plaintiff Are Not Sufficient to Demonstrate Purposeful Availment

An attorney who does nothing more than communicate with an out-of-state, non-client has

not purposefully availed himself of the privilege of conducting activities in California. Rather,

courts in this Circuit and elsewhere have consistently held that an attorney's contacts with the

state must be significantly more substantial to warrant the imposition of personal jurisdiction. In

*Sher v. Johnson*, for example, California residents contacted and retained Florida attorneys to

represent them in a Florida criminal matter. 911 F.2d 1357 (9th Cir. 1990). The Florida attorneys

called their clients in California, wrote to them in California, accepted payments from them in the

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 11 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1    form of checks drawn on California banks, and traveled to California to meet with their clients.

2    Nevertheless, the *Sher* court found that these types of contacts did not give rise to personal

3    jurisdiction in California.

> Here, it is undisputed that a Florida law firm represented a
> California client in a criminal proceeding in Florida.  As normal
> incidents of this representation the partnership accepted payment
> from a California bank, made phone calls and sent letters to
> California.  These contacts, by themselves, do not establish
> purposeful availment; this is not the deliberate creation of a
> "substantial connection" with California [citation omitted] nor is it
> the promotion of business within California.  For one thing, the
> business that the partnership promoted was legal representation in
> Florida, not California.  Moreover, the partnership did not solicit
> Sher's business in California; Sher came to the firm in Florida.
> There is no "substantial connection" with California because
> neither the partnership nor any of its partners undertook any
> affirmative action to promote business within California.

12   Similarly, in *Edmonds v. Superior Court (Ronson)*, a California Court found that the

13   actions of a nonresident attorney representing a California resident in an out-of-state action, did

14   not establish purposeful availment of California law. 24 Cal.App.4th 221, 234 (1994).  In

15   *Edmonds*, a California resident hired a Hawaii attorney to represent him in a Hawaii action. *Id.* at

16   234. The Hawaii attorney participated in telephone calls to and from California, wrote letters to

17   California, accepted payment from California and even attended his client's deposition in

18   California. *Id.* The court found that this activity did not establish purposeful availment of the

19   benefits and protections of California law. *Id.*

20   Here, Defendants have not purposefully availed themselves of California law.  Downes

21   and Schulte Anderson's extremely limited contacts with the State of California are even more

22   attenuated than those of the attorneys in *Sher* and *Edmonds*.  Downes, an Oregon attorney and

23   resident, legally represented Irene Rupert, another Oregon resident, in regard to her Oregon estate

24   and the trust of her late husband.  None of these persons, trust or estate pertains to California.

25   Downes and Schulte Anderson's sole "contact" with California in the instant matter is the

26   exchange of written correspondence with Plaintiff, regarding Downes' legal representation of

27   Mrs. Rupert in Oregon affairs.  Plaintiff is not a client of Downes or any other attorney at Schulte

28   Anderson. No attorney from Schulte Anderson has traveled to California for any reason in

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 12 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1    connection with the work being done for Mrs. Rupert. Downes provided no legal service to

2    Plaintiff or anyone in California in relation to this matter. Other than Downes, no lawyer at

3    Schulte Anderson performed any work for on behalf of Mrs. Rupert.

4          **b.**      **Plaintiff's Claims Do Not Arise Out of Defendants' Forum-Related Activities**

5

6        Plaintiff also fails to allege facts that would satisfy the second prong of the purposeful

   availment test. Simply put, Plaintiff does not allege that Defendants engaged in any forum-

7

   related activities. The gist of Plaintiff's FAC is that Defendants exploited Mrs. Rupert by

8

   engaging in an illegal conspiracy with Susan to make Mrs. Rupert execute new and drastically

9

   different estate planning documents against her best interests. In other words, the allegation is

10

   that Plaintiff, a California resident, was damaged because an Oregon attorney conspired with an

11

   Oregon resident to exploit another Oregon resident regarding her estate. This alleged activity

12

   relates to purposeful availment of Oregon law, not California.

13

       Similarly, Plaintiff's new allegation that several of Mr. and Mrs. Rupert's accounts were

14

   held with Schwab, a California-based company, does nothing to support Plaintiff's claims against

15

   Defendants. Rather, for purposes of establishing personal jurisdiction, "[e]ach defendant's

16

   contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790

17

   (1984). Thus, a defendant will not be held to have purposefully availed himself of the state's

18

   protections unless the "actions [of] the defendant *himself* create a 'substantial connection' with

19

   the forum state." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

20

       Here, Plaintiff claims that the existence of three Schwab accounts sufficiently connects his

21

   claims to California. However, the Schwab accounts are alleged to belong to Mr. and Mrs.

22

   Rupert and were allegedly moved to California by defendant Susan and third-party Kenneth

23

   Dillon in February and March of 2009 – months before Defendants were hired by Mrs. Rupert.

24

   (FAC, ¶47.) Therefore, even to the extent that those accounts might form a basis for connecting

25

   Plaintiff's claims to California, Defendants themselves are not alleged to have opened,

26

   maintained, or had access to the accounts. Defendants have therefore have not undertaken any

27

   actions whatsoever so as to create a "substantial connection" between themselves and this State.

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 13 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

### c.   It Would Not Be Reasonable To Exercise Jurisdiction Over Defendants in California

Finally, exercise of jurisdiction in California would be unreasonable and unduly burdensome for Downes and Schulte Anderson. *Gray & Co. v. Firstenberg Machinery Co., Inc.*, 913 F. 2d 758, 761 (9th Cir. 1990) (reasonableness determined by several factors including the plaintiff's interests in the forum, the burden on the defendant to defend the suit in the chosen forum, the forum state's interest in the dispute, and the location of the witnesses who would testify). California has no interest in the litigation; the events that allegedly give rise to Plaintiff's complaints did not occur in California; they occurred in Oregon and Michigan. None of the potential witnesses or evidence relating to the case against Defendants, except for Plaintiff, is located in California. It would be an undue burden for Downes and Schulte Anderson to litigate in California, a state in which they do not reside or work.

Because Downes and Schulte Anderson did not purposefully avail themselves of the privileges of California legal system, this claim does not arise from any activity based in California, and exercise of jurisdiction would be unreasonable, this Court lacks specific personal jurisdiction over Defendants.

### 2.   Defendants' Irregular Participation In California-Related Activities Do Not Constitute Sufficient Contacts With California To Create General Personal Jurisdiction

General personal jurisdiction arises when a defendant participates in activities in the forum state that are "substantial," or "continuous and systematic." Typically, general jurisdiction is limited to large companies doing a large amount of local business on a regular basis. *See Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848 (9th Cir. 1993).

Here, Downes is an Oregon attorney associated with a nine-person Oregon law firm. Schulte Anderson is an Oregon corporation with its principal place of business in Oregon. No Schulte Anderson attorney, including Downes, has ever represented clients regarding California law or in California courts. No Schulte Anderson attorney has solicited or advertised for business in California. Downes and the other attorneys of Schulte Anderson have had minimal and fleeting contacts with California. These contacts have included no more than: (1) irregular

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 14 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL

1    referral of existing clients with California legal issues to counsel in California; (2) irregular

2    representation of California clients regarding Oregon law and before courts in Oregon; and (3)

3    irregular contacts with witnesses in California regarding matters before courts in Oregon. These

4    contacts are not substantial, nor are they continuous and systematic. Therefore, this Court lacks

5    general personal jurisdiction over Downes or Schulte Anderson.

6    **VI.**    **CONCLUSION**

7        Plaintiff's argument that there is personal jurisdiction over Defendants has been

8    adjudicated. Plaintiff is therefore precluded from re-alleging his claims against Defendants in this

9    Court. Nor are there any new facts that would support a finding of personal jurisdiction over

10    Defendants. Defendants were not served with process in California, are not domiciled in

11    California, and have not consented to jurisdiction in California. Defendants do not have

12    sufficient minimum contacts with California to permit the exercise of general or specific personal

13    jurisdiction. Exercise of jurisdiction in California would be unreasonable. Because this Court

14    lacks personal jurisdiction over Downes and Schulte Anderson, Defendants respectfully request

15    this Court dismiss them from this action.

16

17    Dated: November 21, 2012        LONG & LEVIT LLP

18

19        By: _____

20        JESSICA R. MACGREGOR
          KATE KIMBERLIN

21        Specially Appearing for Defendants
          GILE R. DOWNES and SCHULTE,

22        ANDERSON, DOWNES, ARONSON &
          BITTNER, P.C.

23

24    DOCS\S5070-526\624383.1

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 15 -

MOTION TO DISMISS UNDER 12(B)(2)
CV-12-05292 HRL