1  **WILLIAM RUPERT**
   P.O. Box 66403
2  Scotts Valley, CA 95067-6403
   Phone:  (831) 336-9520
3  Fax:      (831) 336-9528
   Email:  emfwtr@comcast.net
4
   Plaintiff
5  Pro Se

 **FILED**

DEC - 6 2012

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11 WILLIAM RUPERT,                          ) Case No.: **5:12-cv-05292 LHK (HRL)**
                                            )
12              Plaintiff,                   ) ——————————————
                                            )
13     vs.                                   ) **DECLARATION OF WILLIAM**
                                            ) **RUPERT IN OPPOSITION TO**
14 SUSAN BOND; GILE R. DOWNES;              ) **MOTION TO DISMISS FOR LACK OF**
   EDWARD S. ZUSMAN; MATTHEW               ) **PERSONAL JURISDICTION (FRCP**
15 WHITMAN; MICHELLE JOHANSSON;             ) **12(b)(2)), BY DEFENDANT DOWNES**
   JAMES RUPERT; SCHULTE, ANDERSON,        ) **AND DEFENDANT SCHULTE,**
16 DOWNES, ARONSON & BITTNER, P.C.,        ) **ANDERSON, DOWNES, ARONSON &**
   an Oregon Professional Corporation;      ) **BITTNER, P.C.**
17 MARKUN ZUSMAN & COMPTON, LLP,           )
   a Limited Liability Partnership Headquartered )
18 in California; CARTWRIGHT WHITMAN        ) Date:   April 4, 2013
   BAER PC, an Oregon Professional          ) Time:   1:30 p.m.
19 Corporation; and DOES 1 to 20,           ) Dept:   Courtroom 8
                                            ) Judge:  Hon. Lucy H. Koh
20              Defendants.                  )
                                            ) Action Filed:  October 12, 2012
21                                          )
                                            )
22 ——————————————————————                  )

**ORIGINAL**

23      I, William Rupert, hereby declare as follows:

24      1.      I am a party, the plaintiff, in the above entitled action, and I submit this

25 declaration in opposition to the FRCP 12(b)(2) Motion to Dismiss which has been filed and

                                         1

served by defendant Gile R. Downes ("Downes"), and by defendant Schulte, Anderson,

Downes, Aronson & Bittner, P.C. ("Schulte").

2.     Exhibit #1, attached hereto, is a true and correct copy of the letter, dated June

10, 2009, from defendants Downes and Schulte, which was mailed and wired to me in

California, wherein I was threatened with eventual disinheritance from the newly amended

Irene E. Rupert Trust, under an Oregon trust instrument defendants Downes and Schulte

alleged they had prepared, unless I took the following actions: (1) signed the proposed

Modification of Trust document, for the irrevocable Samuel J. Rupert Trust, which was

enclosed; (2) had my signature notarized (in California); and, (3) returned the signed,

notarized Modification of Trust document to defendants Downes and Schulte by no later than

June 19, 2009.   The face of the Modification of Trust document shows that its purpose was to

convert the Michigan  Samuel J. Rupert Trust (which named plaintiff William as successor

trustee ahead of defendant Susan Bond ("Susan"), into an Oregon Trust with defendant Susan

as the successor trustee, and to waive any and all objections to the Modification of Trust

document. This letter also purports to inform me that only 10% of Samuel and Irene Rupert's

assets were being restored and allocated to the Samuel J. Rupert Trust; the late Irene E.

Rupert was replacing defendant Susan as the successor trustee of the Samuel J. Rupert Trust;

and the Amendment to Trust document I prepared for defendant Susan, in January 2009, to

unilaterally make her the successor trustee of the Irene E. Rupert Trust, u/a/d November 1,

1995 (based upon a Power of Attorney document dated November 13, 2008), had been an

amendment affecting the Samuel J. Rupert Trust.  This letter has a notation on the bottom of

the last page indicating is was also provided to the late Irene E. Rupert.

3.     Exhibit #2, attached hereto, is a true and correct copy of the letter, dated June

Declaration Of William Rupert In Opposition To FRCP 12(b)(2) Motion To Dismiss, By
Defendants Downes And Schulte  [Case No. 5:12-cv-05292 LHK (HRL)]

19, 2009, from defendants Downes and Schulte, which was mailed and wired to me in California, on June 16, 2009, wherein I was reminded that I had a lot to lose (presumably through disinheritance), unless I returned the signed and notarized Modification of Trust document by no later than June 19, 2009.

4.      Exhibit #3, attached hereto, is a true and correct copy of the Declaration of Irene E. Rupert In Support Of Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction (FRCP 12(b)(2)), which was served and electronically filed in USDC NDCA Case No. 5:09-cv-02758 JF (RS), on November 4, 2009.

5.      Exhibit #4, attached hereto, is a true and correct copy of the Declaration of Susan Bond In Support Of Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction (FRCP 12(b)(2)), which was served and electronically filed in USDC NDCA Case No. 5:09-cv-02758 JF (RS), on November 4, 2009.

6.      Exhibit #5, attached hereto, is a true and correct copy of the  pertinent pages 1 & 5, of the Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction (FRCP 12(b)(2)), which was served and electronically filed in USDC NDCA Case No. 5:09-cv-02758 JF (RS), on November 4, 2009.  The face of these documents show the joint motion was prepared upon the stationary for the law firm of Long & Levit, LLP, and the joint motion relied upon the declarations of the late Irene E. Rupert and defendant Susan Bond.

7.      Exhibit #6, attached hereto, is a true and correct copy of the letter, dated January 21, 2009, from non-party co-conspirator Kenneth Dillon to defendant Susan Bond, discussing plans to transfer brokerage accounts representing investments of the late Irene E. Rupert, to "Schwab", before making anticipated portfolio changes, in the future.  The letter is on the stationary of Dillon & Associates, Inc., *Investment Counsel,* P.O. Box 1347, Jackson,

3

MI 49204.

8.      Exhibit #7, attached hereto, is a collective exhibit, consisting of true and

correct copies of the 3 Tender Offer Notices, dated May 18, 2009, which Charles Schwab

Institutional mailed to the late Irene E. Rupert, in care of defendant Susan Bond, at 2430 SW

Montgomery Drive, Portland, OR 97201, with regards to brokerage accounts for the benefit

of: (1) The Samuel J. Rupert Trust; (2) The Irene E. Rupert Trust; and, (3) The Irene E.

Rupert Rollover IRA.  These Tender Offer Notices list the address of Charles Schwab to be,

211 Main Street, 1st Floor, M.S. 215FMT-03-375, San Francisco, CA 94105.

9.      Exhibit #8, attached hereto, is a true and correct copy of the November 2009

monthly statement, from Charles Schwab Institutional, for the Schwab One Trust Account, for

the benefit of the Samuel J. Rupert Trust, showing a month ending balance of $94,380.66.

The monthly statement shows it was mailed to Irene E. Rupert, in care of defendant Susan

Bond, at 2430 SW Montgomery Drive, Portland, OR 97201.  The monthly statement further

lists the Independent Investment Manager and/or Advisor to be Dillon & Associates, 2855

Spring Arbor Rd., Jackson, MI 49203.

10.     Exhibit #9, attached hereto, is a true and correct copy of the November 2009

monthly statement, from Charles Schwab Institutional, for the Schwab One Trust Account, for

the benefit of the Irene E. Rupert Trust, showing a month ending balance of $164,034.48.

The monthly statement shows it was mailed to Irene E. Rupert, in care of defendant Susan

Bond, at 2430 SW Montgomery Drive, Portland, OR 97201.  The monthly statement further

lists the Independent Investment Manager and/or Advisor to be Dillon & Associates, 2855

Spring Arbor Rd., Jackson, MI 49203.

11.     Exhibit #10, attached hereto, is a true and correct copy of the November 2009

Declaration Of William Rupert In Opposition To FRCP 12(b)(2) Motion To Dismiss, By
Defendants Downes And Schulte  [Case No. 5:12-cv-05292 LHK (HRL)]

monthly statement, from Charles Schwab Institutional, for the Rollover IRA of Irene E.

Rupert, showing a month ending balance of $247,174.16.  The monthly statement shows it

was mailed to Irene E. Rupert, in care of defendant Susan Bond, at 2430 SW Montgomery

Drive, Portland, OR 97201.  The monthly statement further lists the Independent Investment

Manager and/or Advisor to be Dillon & Associates, 2855 Spring Arbor Rd., Jackson, MI

49203.

12.     Exhibit #11, attached hereto, is a true and correct copy of the Quarterly Billing

Statement, dated January 8, 2010, from Dillon & Associates, for "Counseling service for the

quarter ending December 31, 2009", showing a market value of $509,137, for the accounts

listed as: (1) Irene IRA R/O; (2) Irene Trust; and, (3) Samuel Trust.  The Quarterly Billing

Statement is on the stationary of Dillon & Associates, Inc., *Investment Counsel,* P.O. Box

1347, Jackson, MI 49204.

13.     Exhibit #12, attached hereto, is a true and correct copy of the letter from Court

Clerk Robin Huntting, on behalf of the Clackamas County Circuit Court, State of Oregon,

dated August 23, 2010, wherein she informed me that my proposed responsive pleading

(Answer, Affirmative Defenses and Counterclaims), in Case No. CV10030498, regarding The

Samuel J. Rupert Trust had been rejected, for perceived errors pertaining to both the form and

substance of the pleading, and for insufficient filing fees.  This rejection letter informed me I

needed to prepare an amended pleading (which was to be amended according to her specific

directions), and resubmit it along with additional filing fees, if I wanted to have my

counterclaims adjudicated in the Clackamas County Circuit Court.

14.     I elected not to adjudicate my counterclaims, in the Clackamas County Circuit

Court case regarding the Samuel J. Rupert Trust, and subsequently limited my appearances in

5

Declaration Of William Rupert In Opposition To FRCP 12(b)(2) Motion To Dismiss, By
Defendants Downes And Schulte  [Case No. 5:12-cv-05292 LHK (HRL)]

1  that case to contesting fundamental (subject matter and personal) jurisdiction, over the

2  Michigan trust and the non-Oregon assets I was administering in California.  This decision

3  was influenced by the fact that similar affirmative defenses and counterclaims (alleging

4  defendant Susan Bond had "unclean hands" and had misappropriated property), had already

5  been filed and served, by me, in separate Case No. CV10030497, with regards to the Irene E.

6  Rupert Trust, u/a/d July 23, 2009.  I reasoned that the same issues regarding defendant Susan

7  Bond's "unclean hands", and misappropriations, did not need to be litigated in both cases.

8

9        15.    Exhibit #13, attached hereto, is a true and correct copy of the "Petitioner's

10  Response To Respondent's Counterclaims", dated July 22, 2009, which was filed and served

11  in Case No. CV10030497, with regards to the Irene E. Rupert Trust, u/a/d July 23, 2009.

12  Instead of addressing the merits of the various counterclaims, the Response repeatedly argues

13  that the counterclaims must be dismissed for a lack of standing, as the Response states:

14            "Respondent has triggered the no-contest clause of the Irene Rupert Trust
             therefore has no rights as to that Trust.  To the extent that this counterclaim
15            relies in whole or in part on Respondent's status as a qualified beneficiary or
             purported Trustee of the Irene Rupert Trust, it must be dismissed."
16            (Exhibit #13, 3:2-5, 3:12-15, 4:2-5, 4:19-22, 5:11-14)

17        16.    The ultimate adjudication of Case No. CV10030497, with regards to the Irene

18  E. Rupert Trust, did not result in a ruling upon the merits of my counterclaims.  Defendant

19  Whitman argued in his closing arguments that the declaration of plaintiff William's civil

20  death resulted in a complete loss of all rights, and destroyed all standing to maintain the

21  counterclaims, and they had to be dismissed (just as he argued throughout the Response (See

22  Exhibit #13, above), which was filed in the case).  Senior Judge Welch adopted defendant

23  Whitman's closing argument as the Court's findings of fact and conclusions of law in the

24  case, and the merits of my counterclaims were not reached, in the Oregon litigation.

25

Declaration Of William Rupert In Opposition To FRCP 12(b)(2) Motion To Dismiss, By
Defendants Downes And Schulte  [Case No. 5:12-cv-05292 LHK (HRL)]

17.    Exhibit #14, attached hereto, is a true and correct copy of the 9 page Attachment A that defendant Matthew Whitman ("Whitman") submitted to the Clackamas County Circuit Court, with regards to the attorney fees which defendant Susan Bond sought and obtained in Case No. CV10030497, for the Irene E. Rupert Trust, u/a/d July 23, 2009. The 9 page Attachment A lists the repeated contacts among, and between, defendant Whitman, defendant Downes, defendant Susan, defendant Zusman, and defendant James, throughout the litigation.  Defendant Downes, in particular, is shown to have been involved intensively, with a total of 22 contacts, from the first meeting with defendant Whitman and defendant Susan, throughout the case, to the very end of the trial court litigation.

18.    I have read the contemporaneously served and filed Plaintiff William Rupert's Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack Of Personal Jurisdiction (FRCP 12 (b)(2)), by Defendant Downes and Defendant Schulte, Anderson, Downes, Aronson & Bittner, P.C., and know the contents to be true and correct of my own personal knowledge, to which I could competently testify if called as a witness.  Each and every averment stated therein, is hereby incorporated by this reference, as though fully set forth at length herein.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Dated:  December 4, 2012

By:   *William Rupert*

William Rupert
Plaintiff
Pro Se

Declaration Of William Rupert In Opposition To FRCP 12(b)(2) Motion To Dismiss, By
Defendants Downes And Schulte  [Case No. 5:12-cv-05292 LHK (HRL)]

# EXHIBIT 1

## SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.

LEE ARONSON*
THOMAS A. BITTNER
GILE R. DOWNES
SIMON J. HARDING*
WILLIAM F. SCHULTE

MICHAEL J. FEARL
GUY E. KEATING**
ROBERT P. SCHULHOF, JR***

**ATTORNEYS AT LAW**
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

E-Mail: gdownes@schulte-law.com

RONALD P. ANDERSON
DONALD J. DeFRANCQ

RETIRED

*ALSO ADMITTED IN WASHINGTON
**ALSO ADMITTED IN ILLINOIS
***ALSO ADMITTED IN WASHINGTON
& ILLINOIS

June 10, 2009

**<u>VIA EMAIL AND US POSTAL SERVICE</u>**
William Rupert
632 Crest Drive
Ben Lomond, CA 95005

     Re:    Irene E. Rupert
              Samuel R. Rupert Trust

Dear Mr. Rupert:

     I represent your mother Irene E. Rupert. She has asked me to respond in her behalf to your recent letters to her or to your sister, Susan Bond.

     I am not going to go through your many letters point by point and address your allegations, accusations and demands, or engage in a debate with you. Your mother does not agree with your allegations, accusations and demands, and is very upset with you for making them.

     To the extent they ever had any merit, a lot of your contentions are moot. Your mother is the trustee of the trust created by your father, as well as trustee of the trust she created. She has ratified and approved, in writing, all action taken with respect to either trust, either by her or by your sister. Your mother has no complaints regarding the recommendations of Ken Dillon & Associates, Inc., or regarding the changes made in trust investments since your father died.

     Your mother wants you to stop attacking your sister Susan Bond, and she wants to encourage you not to attack your brother. She wants you to stop making your allegations, accusations and demands. She wants your sister to take over as trustee of your mother's trust and, in the event your sister is unable or unwilling to perform that function in the future, she wants your brother James in Michigan to perform that function. Your mother's trust will have substantially all the family assets in it, except for less than $100,000, which is in your father's trust.

     To accomplish your mother's objectives and to encourage you to terminate your demands and attacks, your mother has done the following, among other things:

     1.     She has amended her trust to name your sister Susan Bond as trustee of her trust, and your brother James Rupert as successor trustee.

     2.     She has amended her trust to reduce your share of it by the legal and other expenses incurred in dealing with your past allegations, accusations and demands

June 10, 2009
Page 2

and in revising her estate plan, and to reduce your share further by the amount of any expenses incurred in dealing with any future demands and accusations you make.

3.      She has amended her trust so that if, in the future, you attack or accuse your mother, your sister or your brother, or your mother's plan, you will be disinherited entirely as a beneficiary of your mother's estate and trust.

The foregoing is not a promise to you of anything by way of an inheritance from your mother. Nor is it a representation of her estate plan. Rather, I am telling you in her behalf that she has made some changes that reduce your otherwise share of her estate and trust, and that if you do not stop attacking her and her children, it is likely that you will not receive anything from her.

Our client declines to provide you with the information you have demanded regarding her affairs, or any information regarding her affairs. She does not want you involved in any way in her financial affairs. She welcomes the respectful and loving communication from you a mother should get from her son.

I will turn now to the trust created by your father, Samuel J. Rupert. Despite the document you prepared to facilitate your sister being substituted for your mother as trustee of this trust, in my opinion your mother remains the trustee of that trust. Your mother would prefer that your sister Susan Bond assume the duties of trustee of your father's trust and, in the event she becomes unable or unwilling to do so, that your brother James Rupert assume those duties. That can be arranged for by written agreement among your mother, your brother, your sister, you and other living contingent beneficiaries. I am enclosing such an agreement with a postage paid, self-addressed return envelope. Your mother has requested that I solicit your consent to this. I request that you send me this document signed and acknowledged by you so that I have it no later than Friday, June 19, 2009. If I do not have this document signed and acknowledged before a notary by you by that date, I expect that your mother will be asking me about two things: (a) additional documents for her to eliminate whatever inheritance rights from her you might otherwise have; and (b) pursuing her objectives with respect to your father's trust, in court.

Sincerely,

SCHULTE, ANDERSON, DOWNES,
ARONSON & BITTNER P.C.

*Gile R. Downes*

Gile R. Downes

GRD:pm
Enclosures
cc: w/enc      Irene E. Rupert w/encl.
               Susan R. Bond w/encl. (via email)
               James Rupert w/encl. (via email)

## MODIFICATION OF TRUST
ORS 130.200(2)

EFFECTIVE DATE:        June 9, 2009

TRUST:              Samuel J. Rupert Trust u/a/d November 1, 1995 as amended by Amendment to Trust Agreement dated January 26, 2004

### RECITALS

The Trust was created under Michigan law when the trustor, Samuel J. Rupert was a resident of Michigan. Thereafter, the trustor became a resident of the state of Oregon.

Samuel J. Rupert died October 12, 2008 in and a resident of, the state of Oregon. The trustee of the Trust is currently the trustor's surviving spouse, Irene E. Rupert, who is a resident of the state of Oregon and the primary beneficiary of the Trust. The assets of the Trust consist of one or more investment accounts with Beacon Investment Company or Dillon and Associates, Inc. in the state of Michigan.

### AGREEMENT

The undersigned, being all of the beneficiaries of the Trust, pursuant to the laws of the state of Oregon and, if applicable, the laws of the state of Michigan, hereby amend the Trust as follows.

1. **Primary Beneficiary.** The primary beneficiary of the Trust during the lifetime of Irene E. Rupert, shall be Irene E. Rupert. The Trustee may in the trustee's sole discretion make discretionary principal disbursements to or for the benefit of one or more of the children of Samuel J. Rupert, but all such disbursements shall be advancements against the trust share of the child to or for whom the disbursement is made.

2. **Trustee.** Commencing the above Effective Date, the trustor's daughter, Susan R. Bond, presently of Portland, Oregon, shall be the trustee. If Susan R. Bond is unable or unwilling for any reason to act in that capacity, then the trustee of the Trust shall be the trustor's son, James Rupert, presently of Lake Leelanau, Michigan. If for any reason James Rupert is unable or unwilling to act in that capacity, then the trustor's daughter Susan R. Bond may appoint the trustee or, if she is unable or unwilling to do so, then her children, Christopher Bond and Patrick Bond, acting together, shall appoint the trustee, which may be one or both of them, or another individual or a corporate

1

trustee. Under no circumstances shall William Rupert be trustee. If Susan R. Bond is not the trustee then by notice to the trustee, Susan R. Bond may remove the trustee and appoint another individual or corporate trustee as trustee. Irene E. Rupert shall have the right, which is exercisable only by her or by Susan R. Bond as her attorney-in-fact, to remove a trustee and name herself as trustee.

3. **Estoppel.** Any individual who executes this agreement shall be estopped from asserting for any reason, that it is not enforceable in accordance with its terms.

This agreement may be executed in one or more counterparts, but shall be one and the same agreement.

EXECUTED as of the above Effective Date by the following beneficiaries:


_____          _____
Irene E. Rupert                          Susan R. Bond


_____          _____
James Rupert                             William Rupert


_____          _____
Christopher Bond, for himself and his    Patrick Bond
children Cooper Bond and Jackson Bond


_____          _____
Benjamin Rupert                          Sarah Johnson, for herself and for her
                                         children Ian Johnson, Dylan Johnson and
                                         Kyle Johnson


(Notary Blocks Begin Next Page)

2

STATE OF OREGON, County of Multnomah    )ss.

This instrument was acknowledged before me on _____, 2009 by
Susan R. Bond.

_____
NOTARY PUBLIC FOR OREGON

STATE OF OREGON, County of Multnomah    )ss.

This instrument was acknowledged before me on _____, 2009 by Irene
E. Rupert.

_____
NOTARY PUBLIC FOR OREGON

STATE OF CALIFORNIA, County of _____    )ss.

Subscribed and sworn to (or affirmed) before me on this _____ day of June, 2009, by
William Rupert, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

_____
Notary Public for California

STATE OF MICHIGAN, County of _____)ss.

Acknowledged by James Rupert before me on the _____ day of _____, 2009.

_____
Printed Name _____
Notary public for Michigan, County of _____
My commission expires _____

STATE OF OREGON, County of Multnomah    )ss.

This instrument was acknowledged before me on _____, 2009
by Christopher Bond.

_____
NOTARY PUBLIC FOR OREGON

3

STATE OF OREGON, County of Multnomah    )ss.

This instrument was acknowledged before me on _____, 2009 by Patrick Bond.

_____
NOTARY PUBLIC FOR OREGON

STATE OF WASHINGTON          )
                             ) §
County of _____)

Signed and sworn to (or affirmed) before me this _____ day of _____, 2009 by Benjamin Rupert.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF WASHINGTON
My Appointment expires_____

STATE OF MICHIGAN     )
                      )ss.
County of _____

Acknowledged by Sarah Johnson before me on the _____ day of _____, 2009.

_____
Printed Name _____
Notary public for Michigan, County of _____
My commission expires _____

4

# EXHIBIT 2

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.

LEE ARONSON*
THOMAS A. BITTNER
GILE R. DOWNES
SIMON J. HARDING*
WILLIAM F. SCHULTE

MICHAEL J. PEARL
GUY E. KEATING**
ROBERT P. SCHULHOF, JR***

ATTORNEYS AT LAW
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

E-Mail: gdownes@schulte-law.com

RONALD P. ANDERSON
DONALD J. DeFRANCQ

RETIRED

*ALSO ADMITTED IN WASHINGTON
**ALSO ADMITTED IN ILLINOIS
***ALSO ADMITTED IN WASHINGTON
& ILLINOIS

June 19, 2009

**VIA EMAIL AND US POSTAL SERVICE**
William Rupert
632 Crest Drive
Ben Lomond, CA 95005

> Re:  Irene E. Rupert
>       Samuel Rupert Trust

Dear Mr. Rupert:

I have a copy of your June 11, 2009 letter to Mr. Price in Ann Arbor, Michigan. I am transmitting with this letter, a copy of my letter of this date to Mr. Price.

Contrary to your statements in your letter to Mr. Price, your mother is trustee of the trust your father created. She is obtaining whatever assistance she determines she needs, from your sister, financial advisers and others. As I told you in my June 10 letter, your mother has amended her trust to appoint your sister as trustee of that trust. The accounting provision you refer to in your letter to Mr. Price only relates to your father's trust, and in any case does not entitle you to any accounting from my client the trustee, because you are not an income beneficiary.

You seem to be ignoring the fact that your mother wants you to stop this. In my view, you don't have any right at this time to any of your father's estate planning paperwork (although I have asked your sister to send copies of it to you). The estate plan your mother made in 1995 and modified in 2004 is irrelevant because she has made a new one, as I told you in my June 10 letter to you.

Again, your mother wants you to stop asking questions and making accusations. You can certainly have your own opinions regarding these matters, but she wants you to keep them to yourself, and she is hoping that you will recognize that there is nothing

June 16, 2009
Page 2

to be gained and a lot to be lost by you both financially and probably more important, in terms of your family relationships, if you continue to pursue these matters.

I respectfully suggest that you get your own independent legal counsel, stop trying to be your own lawyer, sign and return the document I sent you, and consider calling your mother and discussing with her something pleasant, but not her financial affairs or matters relating to the trust your father created.

Sincerely,

SCHULTE, ANDERSON, DOWNES,
ARONSON & BITTNER P.C.

Gile R. Downes

GRD:pm

cc: w/enc    Irene E. Rupert
             Susan R. Bond (via email)
             James Rupert (via email)

# EXHIBIT 3

1 | Edward S. Zusman (SBN 154366)
ezusman@mzclaw.com
2 | Kevin K. Eng (SBN 209036)
keng@mzclaw.com
3 | MARKUN ZUSMAN & COMPTON, LLP
465 California Street, Suite 500
4 | San Francisco, CA 94104
Telephone: (415) 438-4515
5 | Facsimile: (415) 434-4505

6 | Specially Appearing for Defendants SUSAN
BOND and IRENE E. RUPERT
7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN JOSE DIVISION

11 | WILLIAM T. RUPERT, an individual,  CASE No. 5:09-cv-02758 JF (RS)

12 |              Plaintiff,  **DECLARATION OF IRENE E. RUPERT
IN SUPPORT OF DEFENDANTS'**
13 | vs.  **MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION (FRCP**
14 | SUSAN BOND, an individual; GILE R.  **12(b)(2))**
DOWNES, ESQ., an individual; IRENE
15 | E. RUPERT, an individual; SCHULTE,  Date:  January 8, 2010
ANDERSON, DOWNES, ARONSON &  Time:  9:00 a.m.
16 | BITTNER, P.C., a Professional  Dept:  Courtroom 3, 5th Floor
Corporation and DOES 1 to 20,  Judge: Hon. Jeremy Fogel
17 |
              Defendants.  Action Filed:  July 22, 2009
18 |

19 |

20 |      I, Irene E. Rupert, declare:

21 |      1.  I am submitting this declaration in support of the Defendants' Motion to Dismiss

22 | for Lack of Personal Jurisdiction. I have personal knowledge of all facts set forth in this

23 | declaration and, if called upon to testify as a witness, could and would competently testify

24 | thereto.

25 |      2.  I was served with the First Amended Complaint in this action in Oregon. I have

26 | not consented to jurisdiction in California.

27 | ///

28 | ///

3.    I have been a resident of Oregon since April of 2006. Before moving to Oregon, I was a resident of Michigan. I lived in Michigan since 1942, along with my late husband, Samuel J. Rupert. During that time, I worked as a nurse part time until I finally retired in 1982.

4.    My husband and I moved to Oregon after we retired, so we could live closer to my daughter, Susan Bond.

5.    I have never been a resident of California. I have never lived in California, have never owned any property located in California, and have never worked or done any business in California.

6.    The only times I have been to California is while on vacation. The last time I was present in California was over 10 years ago, when I was visiting my son, William T. Rupert, the Plaintiff in this lawsuit.

7.    In May 2009, I retained Gile Downes as my attorney for advice on my estate planning and to advise me of my duties as administrator of my late husband's trust. All the property in my late husband's estate is located in Oregon. No estate property is located in California.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Dated: November 3, 2009        By    /s/ Irene E. Rupert
                                    Irene E. Rupert

CASE NO. 5:09-cv-02758 JF (RS)

DECLARATION OF IRENE E. RUPERT ISO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# EXHIBIT 4

1   Edward S. Zusman (SBN 154366)
    ezusman@mzclaw.com
2   Kevin K. Eng (SBN 209036)
    keng@mzclaw.com
3   MARKUN ZUSMAN & COMPTON, LLP
    465 California Street, Suite 500
4   San Francisco, CA 94104
    Telephone: (415) 438-4515
5   Facsimile: (415) 434-4505

6   Specially Appearing for Defendants SUSAN BOND
    and IRENE E. RUPERT
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11   WILLIAM T. RUPERT, an individual,      CASE No. 5:09-cv-02758 JF (RS)

12                          Plaintiff,      **DECLARATION OF SUSAN BOND IN
                                            SUPPORT OF DEFENDANTS' MOTION
13        vs.                               TO DISMISS FOR LACK OF
                                            PERSONAL JURISDICTION (FRCP
14   SUSAN BOND, an individual; GILE R.     12(b)(2))**
     DOWNES, ESQ., an individual; IRENE
15   E. RUPERT, an individual; SCHULTE,     Date:   January 8, 2010
     ANDERSON, DOWNES, ARONSON &            Time:   9:00 a.m.
16   BITTNER, P.C., a Professional          Dept:   Courtroom 3, 5th Floor
     Corporation and DOES 1 to 20,          Judge: Hon. Jeremy Fogel
17
                         Defendants.        Action Filed:     July 22, 2009
18

19

20        I, Susan Bond, declare:

21        1.     I am submitting this declaration in support of the Defendants' Motion to Dismiss

22   for Lack of Personal Jurisdiction. I have personal knowledge of all facts set forth in this

23   declaration and, if called upon to testify as a witness, could and would competently testify

24   thereto.

25        2.     I was served with the First Amended Complaint in this action in Oregon and have

26   not consented to jurisdiction in California.

27        3.     I moved to Oregon in 2001. Before that time, I was a resident of Illinois.

28   ///

                                            1                    CASE NO. 5:09-cv-02758 JF (RS)

1       4.     I have been an Oregon resident since October of 2001, and I am currently an

2  Oregon resident.  I work part time in Oregon as a design consultant. I have no plans to move out

3  of Oregon.

4       5.     I have never been a California resident.  I have never lived in California, have

5  never owned any property located in California, and have never worked or done business in

6  California.

7       6.     I have never sued anyone in California, and other than this lawsuit, have never

8  been a party to any lawsuit in California.

9       7.     I have only visited California while on vacation.  The last time I was in California

10  was during a vacation I took within the last year, when I traveled with my grandson to San Diego.

11

12       I declare under penalty of perjury, under the laws of the United States, that the foregoing

13  is true and correct.

14  Dated:  November 3, 2009         By       /s/ Susan Bond

15                                                Susan Bond

16

17

18

19

20

21

22

23

24

25

26

27

28
          CASE NO. 5:09-cv-02758 JF (RS)

DECLARATION OF SUSAN BOND ISO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# EXHIBIT 5

1   JOSEPH P. MCMONIGLE  State Bar #66811
    JESSICA R. MACGREGOR State Bar #168777
2   JOHN S. HONG  State Bar #255150
    LONG & LEVIT LLP
3   465 California Street, Suite 500
    San Francisco, CA  94104
4   TEL: (415) 397-2222
    FAX: (415) 397-6392
5   Email:       jmcmonigle@longlevit.com
                 jmacgregor@longlevit.com
6                jhong@longlevit.com

7   Specially Appearing for Defendants
    GILE R. DOWNES, ESQ. and SCHULTE,
8   ANDERSON, DOWNES, ARONSON & BITTNER,
    P.C.
9
    Edward S. Zusman (SBN 154366)
10  ezusman@mzclaw.com
    Kevin K. Eng (SBN 209036)
11  keng@mzclaw.com
    MARKUN ZUSMAN & COMPTON, LLP
12  465 California Street, Suite 500
    San Francisco, CA 94104
13  Telephone: (415) 438-4515
    Facsimile: (415) 434-4505
14
    Specially Appearing for Defendants SUSAN BOND
15  and IRENE E. RUPERT

16                  UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18                       SAN JOSE DIVISION

19  WILLIAM T. RUPERT, an individual,        CASE No. 5:09-cv-02758 JF (RS)

20                          Plaintiff,       **DEFENDANTS' NOTICE OF MOTION
                                             AND JOINT MOTION TO DISMISS FOR
21          vs.                              LACK OF PERSONAL JURISDICTION;
                                             MEMORANDUM OF POINTS AND
22  SUSAN BOND, an individual; GILE R.       AUTHORITIES IN SUPPORT THEREOF
    DOWNES, ESQ., an individual; IRENE       (FRCP 12(b)(2))**
23  E. RUPERT, an individual; SCHULTE,
    ANDERSON, DOWNES, ARONSON &              Date:   January 8, 2010
24  BITTNER, P.C., a Professional            Time:   9:00 a.m.
    Corporation and DOES 1 to 20,            Dept:   Courtroom 3, 5th Floor
25                                           Judge:  Hon. Jeremy Fogel
                            Defendants.
26                                           Action Filed:     July 22, 2009

27  ///

28  ///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO                                        CASE NO. 5:09-cv-02758 JF (RS)
CALIFORNIA 94104
(415) 397-2222
─────────────────────────────────────────────────────────────────────
          DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2010 at 9:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Jeremy Fogel, Courtroom 5 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California, Defendants GILE R. DOWNES, ESQ., SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C. ("Schulte Anderson"), SUSAN BOND, and IRENE E. RUPERT (collectively "Defendants") will and hereby do move, pursuant to Federal Rule of Civil Procedure 12(b)(2), for an order dismissing this action on the ground that the Court lacks personal jurisdiction over Defendants. Defendants' motion is based on this Notice of Motion and Joint Motion, the Memorandum of Points and Authorities, and the Declarations of Gile Downes, Susan Bond, and Irene E. Rupert, filed and served herewith, as well as the papers, records and pleadings on file herein and such further evidence as may be presented at the hearing of said motion.

**STATEMENT OF COURT ACTION REQUESTED**

Plaintiff WILLIAM T. RUPERT ("Plaintiff") is attempting to hale the Defendants, all of them non-California residents, into this jurisdiction. However, personal jurisdiction is lacking as to each Defendant, and Plaintiff has not, and cannot, establish that personal jurisdiction exists. No traditional bases for personal jurisdiction exist. None of the Defendants was personally served in California, is domiciled in California, or consents to service in this State. None of the Defendants maintains any jurisdictional contacts with California. Downes is an Oregon resident, licensed to practice law only in Oregon, and a partner of Schulte Anderson, a small law firm incorporated in and with its principal place of business in Oregon. No Schulte Anderson attorney, including Downes, has ever solicited or advertised for business in California or represents clients regarding California law in any jurisdiction, including in California. Ms. Bond and Mrs. Rupert likewise have no contacts with the forum. They are both Oregon residents, and do not live, work, or transact any business in California. The only connection they have is the fact that Plaintiff (Ms. Bond's brother and Ms. Rupert's son) has chosen to live here and decided to sue them in California.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1    CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# EXHIBIT 6

**DILLON & ASSOCIATES, INC.,** *Investment Counsel*

P. O. BOX 1347 • JACKSON, MICHIGAN 49204 • (517) 796-7090

January 21, 2009

Mrs. Sue Bond
2430 S. W. Montgomery Dr.
Portland, OR 97201

Dear Sue,

Enclosed is a brief review of the investments held in your
mother's investment portfolios.  It will give you a basis for
understanding how her assets are invested and diversified.  It
will also give you the major issues that need to be address over
the coming months to improve the overall quality of her
investments.

We are, and will be, making a number changes to her financial
position over the months ahead.  As questions arise, give me a
call.  I will review each change with you.

As soon as we get the assets transferred over to Schwab, I will
be in touch with specific recommendations.

Sincerely,

Kenneth A. Dillon

**BOND 00513**

# EXHIBIT 7

TIME CRITICAL - MUST RESPOND
IMPORTANT INFORMATION PERTAINING TO ONE OF YOUR SECURITIES

*charles* SCHWAB

05/18/09

211 MAIN STREET
1ST FLOOR IMS, #11SFMT-QT-375
SAN FRANCISCO, CA 94105

A TENDER OFFER
SECURITY DESCRIPTION: OWENS-ILLINOIS INC-7.50% DUE 2010

********AUTO**MIXED ADC 117
IRENE E RUPERT TTEE
SAMUEL J RUPERT TRUST
U/A DTD 11/01/1995
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR       97201

CUSIP#:        690768807
ACCOUNT#:                  804C
QUANTITY:              3,000
OFFER EXPIRES:   MAY 27, 2009 05:00 PM ET
REPLY BY:        MAY 21, 2009 05:00 PM ET

Dear Valued Customer:

One of the services Schwab provides includes informing you of voluntary reorganizations of securities held in your
account. Enclosed you will find information regarding the above offer. Please review the enclosed material carefully.
You might have received or will receive a separate notification from us which will outline your participation
options and advise you of the deadline to reply to Schwab. Please note that Schwab's deadline to respond will be
earlier than the expiration date noted above.

As the holder of your securities, Schwab will forward your instructions should you choose to participate in the offer.
After receipt of your letter from Schwab, should you have any questions, please contact Schwab at 1-800-435-4000
between the hours of 9:00 AM to 7:00 PM (Eastern) Monday through Friday, or your appointed investment advisor.

Some of the materials may instruct you or your appointed investment advisor to respond to someone other than Schwab.
Unless you hold this security outside of Schwab, please disregard those instructions as they are intended
for individuals who hold their own stock certificates. IF YOU WISH TO PARTICIPATE BASED ON THE POSITION IN
YOUR ACCOUNT YOU OR YOUR APPOINTED INVESTMENT ADVISOR MUST RESPOND DIRECTLY TO SCHWAB.

Thank you for allowing us to serve your investment needs.

Sincerely,

Charles Schwab & Co., Inc
Member SIPC

FOR INFORMATION CALL:          SCHWAB AT (800) 435-4000
PLEASE REFER TO THE ENCLOSED MATERIAL FOR JURISDICTION
ELIGIBILITY RIGHTS.

JOB NUMBER: 046588 164          CONTROL#: 515610750535

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ―
** DO NOT MAIL - PLEASE FOLLOW THE INSTRUCTIONS STATED ABOVE - DO NOT MAIL **

*charles* SCHWAB

211 MAIN STREET
1ST FLOOR IMS, #11SFMT-QT-375
SAN FRANCISCO, CA 94105

000000654

7



IRENE E RUPERT TTEE
SAMUEL J RUPERT TRUST
U/A DTD 11/01/1995
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR       97201

# DO NOT MAIL

BOND 01946

**TIME CRITICAL - MUST RESPOND**
IMPORTANT INFORMATION PERTAINING TO ONE OF YOUR SECURITIES

*charles* SCHWAB

05/18/09

211 MAIN STREET
1ST FLOOR DEL-21SFMT-01-375
SAN FRANCISCO, CA 94105

A TENDER OFFER
SECURITY DESCRIPTION: OWENS-ILLINOIS INC-7.50X DUE 2010

**********AUTO**MIXED ADC 117
IRENE E RUPERT TTEE
IRENE E RUPERT TRUST
U/A DTD 11/01/2005
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR      97201

CUSIP#:        690768857
ACCOUNT#:              952C
QUANTITY:          5,000
OFFER EXPIRES: MAY 27, 2009 05:00 PM ET
REPLY BY:      MAY 21, 2009 05:00 PM ET

Dear Valued Customer:

One of the services Schwab provides includes informing you of voluntary reorganizations of securities held in your account. Enclosed you will find information regarding the above offer. Please review the enclosed material carefully. You might have received or will receive a separate notification from us which will outline your participation options and advise you of the deadline to reply to Schwab. Please note that Schwab's deadline to respond will be earlier than the expiration date noted above.

As the holder of your securities, Schwab will forward your instructions should you choose to participate in the offer. After receipt of your letter from Schwab, should you have any questions, please contact Schwab at 1-800-435-4000 between the hours of 9:00 AM to 7:00 PM (Eastern) Monday through Friday, or your appointed investment advisor.

Some of the materials may instruct you or your appointed investment advisor to respond to someone other than Schwab. Unless you hold this security outside of Schwab, please disregard those instructions as they are intended for individuals who hold their own stock certificates. IF YOU WISH TO PARTICIPATE BASED ON THE POSITION IN YOUR ACCOUNT YOU OR YOUR APPOINTED INVESTMENT ADVISOR MUST RESPOND DIRECTLY TO SCHWAB.

Thank you for allowing us to serve your investment needs.

Sincerely,

Charles Schwab & Co., Inc.
Member SIPC

FOR INFORMATION CALL:      SCHWAB AT (800) 435-4000
PLEASE REFER TO THE ENCLOSED MATERIAL FOR JURISDICTION
ELIGIBILITY RIGHTS.

JOB NUMBER: 546800 164      CONTROL#: 513610752791

** DO NOT MAIL - PLEASE FOLLOW THE INSTRUCTIONS STATED ABOVE - DO NOT MAIL **

*charles* SCHWAB

211 MAIN STREET
1ST FLOOR DEL-21SFMT-01-375
SAN FRANCISCO, CA 94105

000000653



**********AUTO**MIXED ADC 117
IRENE E RUPERT TTEE
IRENE E RUPERT TRUST
U/A DTD 11/01/2005
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR      97201

# DO NOT MAIL

BOND 01967

TIME CRITICAL - MUST RESPOND
IMPORTANT INFORMATION PERTAINING TO ONE OF YOUR SECURITIES

*charles* SCHWAB

05/18/09

211 MAIN STREET
1ST FLOOR, RES. 215 FMT-OS-37S
SAN FRANCISCO, CA 94105

************AUTO**MIXED ADC 117
IRENE E RUPERT
CHARLES SCHWAB & CO INC CUST
IRA ROLLOVER
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR          97201

A TENDER OFFER
SECURITY DESCRIPTION: OWENS-ILLINOIS INC-7.50% DUE 2010

CUSIP:                  690768887
ACCOUNT:                972C
QUANTITY:               18,000
OFFER EXPIRES:  MAY 27, 2009 05:08 PM ET
REPLY BY:       MAY 22, 2009 05:08 PM ET

Dear Valued Customer:

One of the services Schwab provides includes informing you of voluntary reorganizations of securities held in your account. Enclosed you will find information regarding the above offer. Please review the enclosed material carefully. You might have received or will receive a separate notification from us which will outline your participation options and advise you of the deadline to reply to Schwab. Please note that Schwab's deadline to respond will be earlier than the expiration date noted above.

As the holder of your securities, Schwab will forward your instructions should you choose to participate in the offer. After receipt of your letter from Schwab, should you have any questions, please contact Schwab at 1-800-435-4000 between the hours of 9:00 AM to 7:00 PM (Eastern) Monday through Friday, or your appointed investment advisor.

Some of the materials may instruct you or your appointed investment advisor to respond to someone other than Schwab. Unless you hold this security outside of Schwab, please disregard those instructions as they are intended for individuals who hold their own stock certificates. IF YOU WISH TO PARTICIPATE BASED ON THE POSITION IN YOUR ACCOUNT YOU OR YOUR APPOINTED INVESTMENT ADVISOR MUST RESPOND DIRECTLY TO SCHWAB.

Thank you for allowing us to serve your investment needs.

Sincerely,

Charles Schwab & Co., Inc.
Member SIPC

FOR INFORMATION CALL:          SCHWAB AT  (800) 435-4000
PLEASE REFER TO THE ENCLOSED MATERIAL FOR JURISDICTION
ELIGIBILITY RIGHTS.

JOB NUMBER: E46808 164          CONTROL#: 515610751668

** DO NOT MAIL - PLEASE FOLLOW THE INSTRUCTIONS STATED ABOVE - DO NOT MAIL **

*charles* SCHWAB

211 MAIN STREET
1ST FLOOR, RES. 215 FMT-OS-37S
SAN FRANCISCO, CA 94105

000000655

7



||.|||.|.||.|||.||.|||.|||.||.|||..|.||.||.|.||.||.|..|.||.||.|

************AUTO**MIXED ADC 117
IRENE E RUPERT
CHARLES SCHWAB & CO INC CUST
IRA ROLLOVER
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR          97201

# DO NOT MAIL

BOND 01988

# EXHIBIT 8

"000002907010AN"

Custodial and brokerage services provided by Charles Schwab & Co., Inc. Member SIPC.

Statement Period: November 1, 2009 through November 30, 2009

Schwab One® Trust Account of

IRENE E RUPERT TTEE
SAMUEL J RUPERT TRUST
U/A DTD 11/01/1995
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR          97201-1755

Account Number:
2724-5804

The custodian of your brokerage account is:
Charles Schwab & Co., Inc.

---

*charles* SCHWAB
INSTITUTIONAL

Schwab One® Trust Account

Need help reading this statement?
Visit www.schwab.com/Comprehensive Statement for more information.

Your Independent Investment Manager and/or Advisor

DILLON & ASSOCIATES INC
2585 SPRING ARBOR RD
JACKSON MI          49203

(517) 796-7090

002907

97201-1755

IRENE E RUPERT TTEE
SAMUEL J RUPERT TRUST
U/A DTD 11/01/1995
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR

BOND 01593

*G00002907020 4*

# charles SCHWAB
## INSTITUTIONAL

### Schwab One® Trust Account

Account of IRENE E RUPERT TTEE

Custodial and brokerage services provided by Charles Schwab & Co., Inc. Member SIPC.

Statement Period: November 1, 2009 through November 30, 2009

Account Number: 2724-5804

## Portfolio Composition

| | Amount | % |
|---|---|---|
| Cash & Money Market Funds (MMFs): | | |
| Money Market Fund (Sweep) | $3,763.15 | 4% |
| Fixed Income | 72,366.27 | 77% |
| Equities | 18,251.24 | 19% |
| **Total Account Value** | **$94,380.66** | **100%** |

## Portfolio Composition



- MMFs (Sweep) 4%
- Fixed Income 77%
- Equities 19%

## Change in Account Value

| | This Period | Year to Date |
|---|---|---|
| | 11/01/09 to 11/30/2009 | 02/03/09 to 11/30/09 |
| Starting Account Value | $93,706.06 | $0.00 |
| Deposits | $142.00 | $142.00 |
| Withdrawals | (586.00) | (7,654.35) |
| Investments Received-In | 0.00 | 74,518.14 |
| Investments Delivered-Out | 0.00 | 0.00 |
| Fees & Charges | 0.00 | (285.00) |
| Other Credits/Debits | 0.00 | 6,031.34 |
| Total Contributions/(Withdrawals) | $(444.00) | $72,752.13 |
| Dividends | $0.00 | $391.19 |
| Interest and Misc. Income | 384.38 | 3,826.16 |
| Capital Gain Distributions | 0.00 | 0.00 |
| Income Reinvested | 0.00 | (0.40) |
| Change in Value of Investments | $734.22 | $17,411.58 |
| Ending Account Value | $94,380.66 | $94,380.66 |

## Noted for Your Account

Income during this period was $384.38

Schwab Institutional® is a division of Charles Schwab & Co., Inc. ("Schwab") and provides back-office brokerage and related services to independent investment advisors and retirement plan providers. Trust, custody and deposit services are available through Schwab. Except as noted in this statement's Terms and Conditions, transactions, balances, or information shown in this statement are not insured, not FDIC insured, may lose value, and are not bank guaranteed.

BOND 01595

# EXHIBIT 9

*00000291001051*

Custodial and brokerage services provided by Charles Schwab & Co., Inc. Member SIPC.

Statement Period: November 1, 2009 through November 30, 2009

## Schwab One® Trust Account of

IRENE E RUPERT TTEE
IRENE E RUPERT TRUST
U/A DTD 11/01/2005
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR      97201-1755

Account Number:
6180-4950

The custodian of your brokerage account is:
Charles Schwab & Co., Inc.

---

*charles* SCHWAB
INSTITUTIONAL

Schwab One® Trust Account

Need help reading this statement?
Visit www.schwab.com/ComprehensiveStatement for more information.

## Your Independent Investment Manager and/or Advisor

DILLON & ASSOCIATES INC
2585 SPRING ARBOR RD
JACKSON MI      49203

(517) 796-7090

---

002910

97201-1755

PORTLAND OR
2430 SW MONTGOMERY DR
C/O SUSAN BOND
U/A DTD 11/01/2005
IRENE E RUPERT TRUST
IRENE E RUPERT TTEE

Schwab Institutional® is a division of Charles Schwab & Co., Inc. ("Schwab") and provides back-office brokerage and related services to investment advisors and retirement plan providers. The statement is furnished solely for your account at Schwab. "Excess are noted in this statement's Terms and Conditions. Investment advisors or retirement plan providers whose names appear in this statement are not affiliated with Schwab. Please see Terms and Conditions.

©2007 Charles Schwab & Co., Inc. All rights reserved  DTS 03045 (0803-0191)  STP10333ZR2-08 (03/07)

BOND 01601

*G00002910020SZ*

# charles SCHWAB
INSTITUTIONAL

Custodial and brokerage services provided by Charles Schwab & Co., Inc. Member SIPC.

Page 1 of 7

## Schwab One® Trust Account

Account of IRENE E RUPERT TTEE

Statement Period: November 1, 2009 through November 30, 2009

Account Number: 6180-4950

## Portfolio Composition

| | Amount | % |
|---|---|---|
| Cash & Money Market Funds (MMFs): | | |
| Cash (Credits) | $ 112.50 | <1% |
| Money Market Fund (Sweep) | 24,119.41 | 15% |
| Fixed Income | 73,486.84 | 45% |
| Equities | 66,315.73 | 40% |
| **Total Account Value** | **$ 164,034.48** | **100%** |

## Change in Account Value

| | This Period | Year to Date |
|---|---|---|
| | 11/01/09 to 11/30/09 | 02/03/09 to 11/30/09 |
| **Starting Account Value** | **$ 161,928.10** | **$ 0.00** |
| Deposits | $ 586.00 | $ 6,484.35 |
| Withdrawals | (142.00) | (142.00) |
| Investments Received-In | 0.00 | 106,110.66 |
| Investments Delivered-Out | 0.00 | 0.00 |
| Fees & Charges | 0.00 | (460.00) |
| Other Credits/Debits | 0.00 | 31,498.84 |
| **Total Contributions/(Withdrawals)** | **$ 444.00** | **$ 143,491.85** |
| Dividends | $ 148.82 | $ 2,345.92 |
| Interest and Misc. Income | 187.50 | 3,882.12 |
| Capital Gain Distributions | 0.00 | 0.00 |
| Income Reinvested | (0.32) | (6.97) |
| **Change in Value of Investments** | **$ 1,334.38** | **$ 14,321.56** |
| **Ending Account Value** | **$ 164,034.48** | **$ 164,034.48** |

## Noted for Your Account

Income during this period was $336.32

## Portfolio Composition



Fixed Income 45%

Cash <1%

Equities 40%

MMFs (Sweep) 15%

CRBC184-00210 22444

Schwab Institutional® is a division of Charles Schwab & Co., Inc. ("Schwab") and provides back-office brokerage and related services to investment advisors and retirement plan providers. This statement is furnished solely for your account at Schwab. Except as noted in this statement's Terms and Conditions, investment advisors or retirement plan providers whose names appear in this statement are not affiliated with Schwab. Please see Terms and Conditions.

©2007 Charles Schwab & Co, Inc. All rights reserved. Member SIPC. DTS 03045 (0003.0108)  STF10333CR2.08 (03/07)

BOND 01603

# EXHIBIT 10

*0000290901OSQ*

Custodial and brokerage services provided by Charles Schwab & Co., Inc. Member SIPC.

**Statement Period: November 1, 2009 through November 30, 2009**

### Rollover IRA of

IRENE E RUPERT
CHARLES SCHWAB & CO INC CUST
IRA ROLLOVER
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR      9201-1755

**Account Number:**
4646-8972

The custodian of your brokerage account is:
Charles Schwab & Co., Inc.

---

## charles SCHWAB
### INSTITUTIONAL

### Rollover IRA

**Need help reading this statement?**
Visit www.schwab.com/ComprehensiveStatement for more information.

### Your Independent Investment Manager and/or Advisor

DILLON & ASSOCIATES INC
2585 SPRING ARBOR RD
JACKSON MI        49203

(517) 796-7090

---

002909

9201-1755

IRENE E RUPERT
CHARLES SCHWAB & CO INC CUST
IRA ROLLOVER
C/O SUSAN BOND
2430 SW MONTGOMERY DR
PORTLAND OR

Schwab Institutional™ is a division of Charles Schwab & Co., Inc. ("Schwab") and provides back-office brokerage and related services to investment advisors and retirement plan providers. This statement is furnished solely for your account at Schwab. "Except as noted in this statement's Terms and Conditions, investment, advisors or retirement, plan providers whose names appear in this statement are not affiliated with Schwab. Please see Terms and Conditions.

©2007 Charles Schwab & Co., Inc.   All rights reserved. Member SIPC.   DTS 03045 (0603-0181)   STP103333CR (05-07)

BOND 01611

*G00002390092050*

*charles* SCHWAB
INSTITUTIONAL

Clearing and brokerage services provided by Charles Schwab & Co., Inc. Member SIPC.

Page 1 of 8

## Rollover IRA

Account of IRENE E RUPERT

Statement Period: November 1, 2009 through November 30, 2009
Account Number: 4646-8972

### Portfolio Composition

| | Amount | % |
|---|---|---|
| Cash & Money Market Funds (MMFs): | | |
| Cash (Credits) | $28.69 | <1% |
| Money Market Fund (Sweep) | 11,423.19 | 5% |
| Fixed Income | 133,295.48 | 54% |
| Bond Funds | 11,340.88 | 5% |
| Equities | 77,132.56 | 31% |
| Other | 13,953.36 | 6% |
| **Total Account Value** | **$247,174.16** | **100%** |

### Change in Account Value

| | This Period | Year to Date |
|---|---|---|
| | 11/01/09 to 11/30/09 | 02/03/09 to 11/30/09 |
| Starting Account Value | $243,129.36 | $0.00 |
| Deposits | $0.00 | $0.00 |
| Withdrawals | (2,000.00) | (16,000.00) |
| Investments Received-In | 0.00 | 198,320.44 |
| Investments Delivered-Out | 0.00 | 0.00 |
| Fees & Charges | 0.00 | (712.00) |
| Other Credits/Debits | 0.00 | 16,284.65 |
| Total Contributions/(Withdrawals) | $(2,000.00) | $197,893.09 |
| | | |
| Dividends | $446.49 | $3,057.16 |
| Interest and Misc. Income | 1,162.50 | 9,154.39 |
| Capital Gain Distributions | 0.00 | 0.00 |
| Income Reinvested | 0.00 | (99.92) |
| Change in Value of Investments | $4,435.31 | $37,129.44 |
| **Ending Account Value** | **$247,174.16** | **$247,174.16** |

### Noted for Your Account

Income during this period was $1,608.99

### Portfolio Composition



Fixed Income 54%

Cash <1%
Other 6%
Bond Funds 5%
Equities 31%
MMFs (Sweep) 5%

CHRETINE AC000 221344
Schwab Institutional® is a division of Charles Schwab & Co., Inc. ("Schwab") and provides back-office brokerage and related services to investment advisors and retirement plan providers. This statement is furnished solely for your services of Schwab. Funds are noted in this statement in that statement's Terms and Conditions. Investment advisors or retirement plan providers whose names render in this statement are not affiliated with Schwab. Please see Terms and Conditions.

©2007 Charles Schwab & Co., Inc. All rights reserved. Member SIPC    OTS 03045 (0603-0181)    STP.L03332R2.08 (03/07)

BOND 01613

# EXHIBIT 11

## DILLON & ASSOCIATES, INC.

*Investment Counsel*
P.O. BOX 1347 • JACKSON, MI 49204
(517) 796-7090 • (800) 839-2857
FAX (517) 796-7093

January 8, 2010

Irene Rupert
C/O Susan Bond
2430 SW Montgomery Dr.
Portland, OR 97201

Re:    Counseling service for the quarter ending
       December 31, 2009

Market Value:

| | |
|---|---:|
| Irene IRA R/O | $248,667 |
| Irene Trust | 165,896 |
| Samuel Trust | 94,574 |
| | $509,137 |

Fee Calculation:

|  |  |  |
|---|---|---:|
| $509,137 at $8 per $1000 | | $764 |
| Irene IRA R/O Allocation | 49% | |
| Irene Trust Allocation | 33% | |
| Samuel Trust Allocation | 19% | |

| | |
|---|---:|
| Amount Due Irene IRA R/O | $373 |
| Amount Due Irene Trust | $249 |
| Amount Due Samuel Trust | $142 |

**Retain this copy for your records.  Invoices have been sent to Schwab for payment.**

**BOND 00448**

# EXHIBIT 12

**PROBATE DEPARTMENT**
**CLACKAMAS COUNTY COURTHOUSE**
**807 MAIN STREET, ROOM 104**
**OREGON CITY, OR 97045**

August 23, 2010

William Rupert
PO Box 66403
Scotts Valley, CA 95067-6403

RE:    *In re: the Irene E. Rupert Trust (CV10030497)*
       *In re: the Samuel J. Rupert Trust (CV10030498)*

Dear Mr. Rupert:

The purpose of this letter is to review the need for an amended pleading and for additional fees per the court fee schedule, based upon pleadings you have recently filed.

**CV10030497:**  This matter was filed as a Petition for Instructions seeking declaratory relief pertaining to you individually.  On July 16, 2010 you filed a "Response to Susan Bond's Petition for Instructions: (1) Answer/Objections: (2) Affirmative Defenses; and (3) Counterclaims & Notice of Self-Representation."  You paid a $73.00 filing fee.  The correct fee for this appearance is $197.00 (see attached fee sheet, code CVL6).  Please forward your check for the **additional $124.00**, payable to the "State of Oregon," to the court within ten days.

**CV10030498:**

a)  This case names you as trustee of the Samuel J. Rupert Trust as a party.  On July 26, 2010 you filed a document entitled "Response to Susan Bond's Petition for Instructions and to Compel Distribution: (1) Answer/Objections; (2) Affirmative Defenses; (3) Counterclaims & Notice of Self-Representation".  For the reasons described above regarding CV10030497, the first appearance and counterclaim of the Trustee/party should have been a $197.00 fee, and only $73.00 was paid, so an additional fee of $124.00 is due for the counterclaim of the trustee.  Please forward your check for the **additional $124.00**, payable to the "State of Oregon," to the court within ten days.

b)  In addition, within the body of this pleading, beginning at page 14, you have included "counterclaims" against Gile R. Downes and Matthew Whitman.  Neither Mr. Downes nor Mr. Whitman are named parties in the original petition.  You have also indicated that you are bringing all counterclaims in your, "… dual capacities as a Qualified Beneficiary and also as the Successor Trustee."  The amount of damage sought appears to be a minimum of $166,666.66.

While the claim against Susan Bond is correctly denoted a "counterclaim," it would appear that the claims against Gile R. Downes and Matthew Whitman are actually intended to be third party complaint brought by two parties (individual and trustee), against two new parties.  Accordingly, we require that if you elect to proceed with these claims, the pleading be re-filed and correctly captioned as a third-party complaint.

We are unable to further process these claims unless we receive an amended pleading from you reflecting in the caption and the body of the pleading that all claims against Mr. Downes and Mr. Whitman comprise a new third-party complaint.  We must also receive the required filing fee (for 2 third-party plaintiffs and 2 third-party defendants) of **$1,150.00**, which is based upon what we understand to be a prayer of $166,666.66.

By describing the appropriate procedure to bring your allegations against Mr. Downes and Mr. Whitman

before the court, we do not intend to suggest whether or not the pleading is timely, nor do we intend to predict what rulings the court may make, or whether the claims will, or will not, be allowed by the court or ultimately successful on the merits.  You may wish to seek the advice of legal counsel.

On August 19, 2010, we received and filed pleadings on behalf of Mr. Whitman and Mr. Giles, responding to your "counterclaim."  By copy of this letter we are advising counsel that, if you file an amended pleading which includes a third-party complaint, they should re-file their responsive pleadings, and the correct filing fee will be **$399.00** for each third-party defendant (fee schedule code TPA4).  Also, along with the copy of this letter to Mr. Whitman and Mr. Giles we are also returning their respective checks for filing fees paid yesterday, which are not in the correct amount.

Thank you for your anticipated prompt cooperation.

Sincerely,

Robin Huntting
Probate Coordinator

Cc:     Kristen S. David (attorney for Matthew Whitman) – with check
        Nicholas E. Wheeler (attorney for Gile R. Downes) – with check
        Matthew Whitman (attorney for Susan Bond)

# EXHIBIT 13

1

2

3

4

5

6

7

8

9

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

Probate Department

| | |
|---|---|
| In the Matter of the IRENE E. RUPERT TRUST, u/a/d July 23, 2009. | ) ) ) | Case No. CV10030497 |

| | |
|---|---|
| SUSAN BOND, | ) ) | PETITIONER'S RESPONSE TO RESPONDENT'S COUNTERCLAIMS |
|       Petitioner, | ) ) | |
|    v. | ) ) | |
| WILLIAM RUPERT, | ) ) | |
|       Respondent. | ) ) ) | |

17    Petitioner answers and responds as follows to Respondent William Rupert's

18  counterclaims in this matter.

19  **ADMISSIONS AND DENIALS OF GENERAL ALLEGATIONS**

20                                          1.

21    Paragraphs 1-6 of Respondent's Response/Affirmative Defenses/Counterclaims constitute

22  his response to Petitioner's Petition and require no further response from Petitioner.  However,

23  Petitioner denies those allegations to the extent they are inconsistent with Petitioner's Petition

24  herein.

25

PAGE 1 - PETITIONER'S RESPONSE TO RESPONDENT'S COUNTERCLAIMS

Cartwright and Associates
1000 SW Broadway, Suite 1750
Portland, Oregon 97205
v.: 503.226.0111 f: 503.226.3022

2.

As to paragraphs 7-9 of the Response, alleges that the July 23, 2009 Trust was prepared by Irene Rupert's estate planning attorney Gile Downes. Except as expressly admitted, denies paragraphs 7-9.

3.

Denies paragraphs 10-20 of the Response.

**SPECIFIC RESPONSE TO FIRST COUNTERCLAIM**

**(Trust Contest)**

4.

Petitioner denies the allegations of this counterclaim and denies that Respondent is entitled to the relief he requests.

5.

To the extent that Respondent's filing and service of the federal lawsuit in California (as alleged at paras. 5-6 of Petitioner's initial Petition herein and admitted at paras. 4-5 of Respondent's Response) did not constitute a violation of the Trust's no-contest provisions, Respondent's counterclaims herein constitute such a violation. The Court should so declare, and declare that the Trust should be administered and distributed as if William Rupert had predeceased Irene Rupert.

**SPECIFIC RESPONSE TO SECOND COUNTERCLAIM**

**(Accounting)**

6.

Petitioner denies the allegations of this counterclaim and denies that Respondent is entitled to the relief he requests.

/// /// ///

PAGE 2 - PETITIONER'S RESPONSE TO RESPONDENT'S COUNTERCLAIMS

7.

Respondent has triggered the no-contest clause of the Irene Rupert Trust therefore has no rights as to that Trust.  To the extent that this counterclaim relies in whole or part on Respondent's status as a qualified beneficiary or purported Trustee of the Irene Rupert Trust, it must be dismissed.

## SPECIFIC RESPONSE TO THIRD COUNTERCLAIM

### (Conversion)

8.

Petitioner denies the allegations of this counterclaim and denies that Respondent is entitled to the relief he requests.

9.

Respondent has triggered the no-contest clause of the Irene Rupert Trust therefore has no rights as to that Trust.  To the extent that this counterclaim relies in whole or part on Respondent's status as a qualified beneficiary or purported Trustee of the Irene Rupert Trust, it must be dismissed.

10.

The allegations of this counterclaim fail to state a claim upon which relief may be granted.  This counterclaim should be dismissed.

## SPECIFIC RESPONSE TO FOURTH COUNTERCLAIM

### (Constructive Trust/Asset Tracing)

11.

Petitioner denies the allegations of this counterclaim and denies that Respondent is entitled to the relief he requests.

/// /// ///

PAGE 3 - PETITIONER'S RESPONSE TO RESPONDENT'S COUNTERCLAIMS

Cartwright and Associates
1000 SW Broadway, Suite 1750
Portland, Oregon 97205
v.: 503.226.0111 f: 503.226.3022

12.

Respondent has triggered the no-contest clause of the Irene Rupert Trust therefore has no rights as to that Trust. To the extent that this counterclaim relies in whole or part on Respondent's status as a qualified beneficiary or purported Trustee of the Irene Rupert Trust, it must be dismissed.

13.

The allegations of this counterclaim fail to state a claim upon which relief may be granted. This counterclaim should be dismissed.

14.

Another action is pending (*In re the Samuel Rupert Trust*, Clackamas County Circuit Court Case No. CV10030498) regarding the same issues. This counterclaim should be dismissed.

## SPECIFIC RESPONSE TO FIFTH COUNTERCLAIM

### (Breach of Fiduciary Duty/Miscellaneous Allegations of Bad Acts)

15.

Petitioner denies the allegations of this counterclaim and denies that Respondent is entitled to the relief he requests.

16.

Respondent has triggered the no-contest clause of the Irene Rupert Trust therefore has no rights as to that Trust. To the extent that this counterclaim relies in whole or part on Respondent's status as a qualified beneficiary or purported Trustee of the Irene Rupert Trust, it must be dismissed.

17.

The allegations of this counterclaim fail to state a claim upon which relief may be granted. This counterclaim should be dismissed.

PAGE 4 - PETITIONER'S RESPONSE TO RESPONDENT'S COUNTERCLAIMS

Cartwright and Associates
1000 SW Broadway, Suite 1750
Portland, Oregon 97205
v.: 503.226.0111 f: 503.226.3022

18.

Another action is pending (*In re the Samuel Rupert Trust*, Clackamas County Circuit Court Case No. CV10030498) regarding the same issues.  This counterclaim should be dismissed.

## SPECIFIC RESPONSE TO SIXTH COUNTERCLAIM

### (Attorney Fees)

19.

Petitioner denies the allegations of this counterclaim and denies that Respondent is entitled to the relief he requests.

20.

Respondent has triggered the no-contest clause of the Irene Rupert Trust therefore has no rights as to that Trust.  To the extent that this counterclaim relies in whole or part on Respondent's status as a qualified beneficiary or purported Trustee of the Irene Rupert Trust, it must be dismissed.

## SUPPLEMENTAL CLAIM

21.

Respondent's affirmative allegations are objectively unreasonable and Petitioner is entitled to an award of her attorney fees against Respondent.

WHEREFORE, having fully answered Respondent's counterclaims, Petitioner prays for this Court's General Judgment:

A.    Consistent with that prayer in her Petition herein;

B.    Dismissing Respondent's Counterclaims, and each of them, with prejudice;

C.    Awarding Petitioner her attorney fees, payable by Respondent; and

/// /// ///

PAGE 5 - PETITIONER'S RESPONSE TO RESPONDENT'S COUNTERCLAIMS

1    D.      Granting any other relief the Court deems appropriate.

2    Dated this 22nd day of July, 2010.

3

4

5                                        Matthew Whitman, OSB No. 98376
                                         Of Attorneys for Susan Bond
6

7    **ATTORNEY FOR PETITIONER**
     Matthew Whitman, OSB No. 98376
8    Cartwright & Associates
     1000 SW Broadway, Suite 1750
9    Portland, Oregon 97205
     Telephone: 503-226-0111
10   Facsimile: 503-226-3022
     mwhitman@cart-law.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PAGE 6 - PETITIONER'S RESPONSE TO RESPONDENT'S COUNTERCLAIMS

# EXHIBIT 14

Exhibit A

In Reference To: Irene Rupert Trust

Professional Services

| Date | | Description | | |
|---|---|---|---|---|
| 2/11/2010 | AP | Telephone call from Gile Downes and Sue Bond | 0.05 split 100.00/hr | 5.00 |
| | MW | Conf with PNC Sue Bon and Gile Downes | 0.70 split 300.00/hr | 210.00 |
| 2/12/2010 | MW | Phone conf with client; phone conf to/from Gile Downes; draft petition (dad trust) | 0.60 split 300.00/hr | 180.00 |
| 3/15/2010 | AP | Draft Notice of Filing and Affidavit of Mailing (x2); Prepare Caption for use as Exhibit; Mark Exhibits | 0.30 split 100.00/hr | 30.00 |
| | HS | Service: File petitions for instructions with Clackamas County Court | 0.40 split 100.00/hr | 40.00 |
| | MW | Email to Gile R. Downes; phone conf with Gile; phone conf with client; prepare petitions; instructions to staff | 1.70 split 300.00/hr | 510.00 |
| 3/16/2010 | AP | Check OJIN | 0.05 split 100.00/hr | 5.00 |
| | AP | Telephone call to Clackamas County Probate Department - Spoke | 0.05 split 100.00/hr | 5.00 |
| 3/17/2010 | AP | Check OJIN | 0.10 100.00/hr | 10.00 |
| | HS | Service: review OJIN for case numbers. Insert same into pleadings. | 0.05 split 100.00/hr | 5.00 |
| 3/22/2010 | MW | Phone conf with client; review insane screed from William Rupert | 0.30 300.00/hr | 90.00 |
| 3/24/2010 | AP | Email to Gile Downes | 0.10 100.00/hr | 10.00 |
| | MW | Phone conf with Gile Downes; phone conf with Client; phone conf (call) to Charles Schwab | 0.40 300.00/hr | 120.00 |
| 3/25/2010 | MW | Call from Ken Dillon; call to Schwab | 0.30 300.00/hr | 90.00 |
| 3/29/2010 | MW | Work on motions | 0.55 split 300.00/hr | 165.00 |
| | AP | Format Correspondence with Charles Schwab; Draft Notice of Filing & Affidavit of Mailing; Prepare Exhibits | 0.20 split 100.00/hr | 20.00 |

1

| Date | Initials | Description | Rate | Amount |
|---|---|---|---|---|
| 3/30/2010 | AP | Telephone call to Clackamas County Courthouse Probate Dept | 0.05 split 100.00/hr | 5.00 |
| 4/2/2010 | MW | Service response to motions; counters; review correspondence | 0.70 300.00/hr | 210.00 |
| 4/5/2010 | AP | Scan and email documents to Gile Downes | 0.05 split 100.00/hr | 5.00 |
| | AP | Check OJIN | 0.10 100.00/hr | 10.00 |
| | MW | Review motions for change of venue; Email to Susan Bond; phone call from Sue; email to Ed Zusman; email from Gile; letter to Bill; start response to motion | 0.85 split 300.00/hr | 255.00 |
| 4/6/2010 | MW | Work on response to motion' email to/from client | 0.40 split 300.00/hr | 120.00 |
| 4/8/2010 | AP | Email to client and Gile Downes | 0.05 split 100.00/hr | 5.00 |
| | AP | Draft Limited Judgment (x2) | 0.20 split 100.00/hr | 20.00 |
| | MW | Email to/from client, review correspondence | 0.30 split 300.00/hr | 90.00 |
| 4/12/2010 | MW | Prepare general judgments; letters to Tim Brittle; phone conf with client; review file; work on motion practice docs | 1.25 split | 375.00 |
| | AP | Confirmation Cards (x2) | 0.05 split 100.00/hr | 5.00 |
| | AP | Prepare Rupert Motions Notebook | 0.15 split 100.00/hr | 15.00 |
| 4/15/2010 | AP | Draft Notice & Affidavit of Mailing (x3) | 0.20 split 100.00/hr | 20.00 |
| | MW | Review motions for change of venue; Email to Susan Bond; phone call from Sue; email to Ed Zusman; email from Gile; letter to Bill; start response to motion | 0.85 split 300.00/hr | 255.00 |
| 4/16/2010 | AP | Letter to Probate Court | 0.05 split 100.00/hr | 5.00 |
| | MW | Emails from court scheduling hearings; phone conf with client; instructions to staff | 0.15 split 300.00/hr | 45.00 |
| 4/19/2010 | AP | Run OJINCase Register (x2) | 0.05 split 100.00/hr | 5.00 |

2

| Date | Initials | Description | Rate | Amount |
|---|---|---|---|---|
| 4/20/2010 | AP | Run OJIN Case Register (x2) | 0.05 split 100.00/hr | 5.00 |
| 4/29/2010 | MW | Phone conf with client | 0.10 split 300.00/hr | 30.00 |
| | AP | Review Letter from Life Insurance Company | 0.10 split 100.00/hr | 10.00 |
| 5/10/2010 | AP | Update Motions Notebook | 0.20 split 100.00/hr | 20.00 |
| 5/12/2010 | MW | Travel to and attend hearing; conversation with Bill Rupert; conf with Gile Downes; conf with Sue Bond | 1.30 split 300.00/hr | 390.00 |
| 5/14/2010 | AP | Telephone call to Pacific Legal; Meet with same | 0.10 split 100.00/hr | 10.00 |
| | MW | Meeting with client; instructions to staff re copying | 1.30 300.00/hr | 390.00 |
| 5/17/2010 | AP | Draft Small Estate Affidavit | 0.60 100.00/hr | 60.00 |
| | MW | Prepare Orders, letter to Bill; conf with staff re when Papers will be ready; work on small estate affidavit | 0.80 300.00/hr | 240.00 |
| 5/18/2010 | AP | Email to client | 0.05 split 100.00/hr | 5.00 |
| | AP | Scan discover documents, binderize; Create Document Production Log; Quick Review of Documents for Index | 1.90 100.00/hr | 190.00 |
| | MW | Revise letter to Bill Rupert | 0.60 300.00/hr | 180.00 |
| 5/19/2010 | AP | Complete quick review and indexing of binders; Add information to Small Estate Affidavit | 0.40 100.00/hr | 40.00 |
| | AP | Telephone call to Susan Bond - Spoke | 0.10 100.00/hr | 10.00 |
| 5/20/2010 | MW | Brief meeting with client; instructions to revise small estate affidavit | 0.10 300.00/hr | 30.00 |
| | AP | Letter to Clackamas County Probate Dept. | 0.10 100.00/hr | 10.00 |
| 5/24/2010 | AP | Draft Letter to Joyce Allmon; Telephone call from Tim Brittle | 0.20 100.00/hr | 20.00 |
| | AP | Telephone call to Susan Bond - spoke | 0.10 100.00/hr | 10.00 |

3

| Date | | Description | | |
|------|------|-------------|------|------|
| 5/26/2010 | AP | Letter to Tim Brittle | 0.10<br>100.00/hr | 10.00 |
| 5/28/2010 | MW | Phone conf with client; letter to Bill Rupert; finalize Orders, notices of intent to take default | 0.40 split<br>300.00/hr | 120.00 |
| | AP | Draft Notice of Intent to Take Default (x2); Draft Affidavit of Mailing (x2); Letters to Tim Brittle (2); Confirmation Cards | 0.25 split<br>100.00/hr | 25.00 |
| 6/2/2010 | MW | Review doc from client (statement showing origin of $35K CD) | 0.05 split<br>300.00/hr | 15.00 |
| 6/3/2010 | AP | Run OJIN Case Registers for both trust cases | 0.05 split<br>100.00/hr | 5.00 |
| | MW | Phone conf with Gile re distributions issues | 0.30<br>300.00/hr | 90.00 |
| 6/4/2010 | MW | Letter from Bill; letter to Bill | 0.40<br>300.00/hr | 120.00 |
| | AP | Draft Captions (x6) | 0.10 split<br>100.00/hr | 10.00 |
| 6/7/2010 | AP | Draft Declaration of Matthew Whitman; Prepare Exhibits; Draft Notice; Draft Affidavit of Mailing | 0.50 split<br>100.00/hr | 50.00 |
| | MW | Motion for default and declaration (both cases) | 0.55 split<br>300.00/hr | 165.00 |
| 6/9/2010 | AP | Scan and Bates Stamp Discovery Documents | 0.30<br>100.00/hr | 30.00 |
| | AP | Draft memo bullet-pointing William Rupert's 6-9-10 Letter | 0.20 split<br>100.00/hr | 20.00 |
| | MW | Letter from brother Bill; phone conf w client re demand for dad's postdeath taxes; conf with client And review taxes | 0.20 split<br>300.00/hr | 60.00 |
| 6/10/2010 | AP | Letter to client | 0.05 split<br>100.00/hr | 5.00 |
| | MW | Phone conf with Patti McIlhagga re tax issues; email From Patti re Gile's file re taxes | 0.05 split<br>300.00/hr | 15.00 |
| 7/6/2010 | MW | Phone conf with client; Email to Edward Zusman | 0.20 split<br>300.00/hr | 60.00 |
| 7/7/2010 | MW | Phone conf with Tim Brittle; email to client and Gile Downes | 0.10 split<br>300.00/hr | 30.00 |
| 7/9/2010 | MW | Letter to Bill Rupert | 0.35 split<br>300.00/hr | 105.00 |
| 7/16/2010 | MW | Phone conf with client; phone conf with Ed Zusman | 0.20 split | 60.00 |

4

| Date | Init | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| | | | 300.00/hr | |
| 7/19/2010 | MW | Review Bill's response on the merits | 0.05 split 300.00/hr | 15.00 |
| 7/20/2010 | AP | Draft/Edit Index to Discovery Documents | 0.05 split 100.00/hr | 5.00 |
| 7/21/2010 | AP | Cover Sheets for Mandamus Responses (2) | 0.05 split 100.00/hr | 5.00 |
| | MW | Work on response to mandamus petition | 0.80 300.00/hr | 240.00 |
| 7/22/2010 | MW | Work on MSJ, work on response to counterclaims, Phone conf with Sue; phone conf with Ed Zusman | 2.10 split 300.00/hr | 630.00 |
| 7/23/2010 | MW | Review docs at Downes' office; instructions to print service | 1.70 300.00/hr | 510.00 |
| 7/26/2010 | MW | Work on response to mandamus; withdraw motion In 098 case (Samuel Rupert Trust); letter to William Rupert; phone conf with client; phone conf with Patti McIlhagga; revise and finalize certificate of trust | 2.60 split 300.00/hr | 780.00 |
| 7/27/2010 | HS | Draft mandamus response covers, prepare documents | 0.45 split 100.00/hr | 45.00 |
| | MW | Phone conf with client; finalize and file responses to petitions for mandamus; phone conf with Gile Downes | 2.10 split 300.00/hr | 630.00 |
| 8/2/2010 | MW | Review letters to financial institutions; phone conf with client; phone conf with Jim Rupert | 0.55 split | 165.00 |
| | AP | Draft Declaration of Sarah Johnson | 0.20 split 100.00/hr | 20.00 |
| | AP | Telephone call to client - spoke re: Banks | 0.05 split 100.00/hr | 5.00 |
| 8/3/2010 | AP | Update Document Production Log; Binderize; Begin update of Chronology - Gile Downes Documents | 0.65 split 100.00/hr | 65.00 |
| 8/4/2010 | AP | Work on Chronology | 0.45 split 100.00/hr | 45.00 |
| | MW | Review letter from Bill Rupert; email to/from client | 0.15 split 300.00/hr | 45.00 |
| 8/5/2010 | AP | Work on Chronology | 1.60 split 100.00/hr | 160.00 |
| 8/6/2010 | AP | Work on Chronology | 1.05 split 100.00/hr | 105.00 |
| 8/9/2010 | AP | Work on Chronology, hyperlink documents for same | 0.25 split | 25.00 |

5

| Date | Initials | Description | Rate/Split | Amount |
|---|---|---|---|---|
| | | | 100.00/hr | |
| 8/10/2010 | AP | Hyperlink chronology | 0.15 split 100.00/hr | 15.00 |
| 8/11/2010 | MW | Phone conf with Bill Barber of Umpqua Bank | 0.25 split 300.00/hr | 75.00 |
| 8/12/2010 | AP | Draft forms for Declarations for Witnesses | 0.15 split 100.00/hr | 15.00 |
| 8/13/2010 | MW | Work on partial MSJ | 0.40 split 300.00/hr | 120.00 |
| 8/17/2010 | AP | Hyperlink documents to Chronology; Edit Chronology | 0.45 split 100.00/hr | 45.00 |
| 8/18/2010 | AP | Telephone call to American Title - spoke to 3 people, ordered Deed | 0.05 split 100.00/hr | 5.00 |
| 8/18/2010 | AP | Notice of Filing & Affidavit of Mailing; Telephone call to client | 0.10 split 100.00/hr | 10.00 |
| | MW | Finalize reply to counterclaims; brainstorm re MSJ issues | 0.70 split 300.00/hr | 210.00 |
| 8/23/2010 | AP | Work on Chronology | 0.75 split 100.00/hr | 75.00 |
| 9/2/2010 | MW | Meet with client re Requests for Admission | 0.65 split 300.00/hr | 195.00 |
| | AP | Type RFA text (Irene Rupert Case) | 0.50 100.00/hr | 50.00 |
| 9/7/2010 | MW | Phone conference with Gile Downes re hearing on 10.27; phone message to Jeff Thede; phone messages from/to Bill Barber at Umpqua | 0.30 300.00/hr | 90.00 |
| 9/8/2010 | JRC | Conference with MWW | 0.30 350.00/hr | 105.00 |
| | MW | Conf with JRC re hearing strategy; email to/from Dave Williams re coordinating Gile Downes testimony | 0.40 300.00/hr | 120.00 |
| 9/13/2010 | AP | Draft COS | 0.10 100.00/hr | 10.00 |
| | MW | Review correspondence from Bill Rupert; phone conf with client | 0.80 300.00/hr | 240.00 |
| 9/14/2010 | AP | Hearing Notebook | 0.20 100.00/hr | 20.00 |
| 9/20/2010 | AP | Telephone call from client - spoke; Update Chronology | 0.05 split 100.00/hr | 5.00 |

6

| Date | Initials | Description | Hours/Rate | Amount |
|------|----------|-------------|------------|--------|
| 9/29/2010 | AP | Prepare Hearing Notebook | 0.20 100.00/hr | 20.00 |
| 10/5/2010 | MW | Conf with client; conf with JRC re strategy | 2.10 300.00/hr | 630.00 |
| | JRC | Conference with MWW re trial management issue. | 0.20 350.00/hr | 70.00 |
| 10/7/2010 | AP | Draft Trial Subpoenas to Gile Downes and Jeff Thede; Draft Acceptance of Service for Gile Downes And Jeff Thede; Telephone call to Clackamas County Probate Dept - left message; Draft Motion for Default (partial) | 0.70 100.00/hr | 70.00 |
| 10/8/2010 | MW | Meet with Gile Downes re witness prep; Review Letter from Bill to Jim; review mandamus denial and Email to client | 0.40 300.00/hr | 120.00 |
| | AP | Telephone call from Robin L. Huntting - spoke | 0.10 100.00/hr | 10.00 |
| | AP | Telephone call to Robin L. Huntting - left message | 0.10 100.00/hr | 10.00 |
| 10/13/2010 | AP | Letter to Clackamas Probate Department | 0.10 100.00/hr | 10.00 |
| 10/18/2010 | MW | Letter to/from Bill Rupert re RFAs, letter from Kristin David; phone call to Dave Williams re prepping Gile Downes for hearing | 0.40 300.00/hr | 120.00 |
| 10/19/2010 | AP | Edit Trial Subpoena; Prepare Hearing Notebook; Hand delivery to Gile Downes | 1.00 100.00/hr | 100.00 |
| | MW | Phone conf with Tony Dal Ponte from Samuels firm; Email to/from Gile Downes and Dave Williams re Prep session | 0.80 300.00/hr | 240.00 |
| 10/20/2010 | AP | Prepare Subpoena for Carolyn Dickman; Prepare documents for enclosure with letter to Carolyn Dickman | 0.50 100.00/hr | 50.00 |
| 10/21/2010 | MW | Work on trial memo and pleadings | 0.40 300.00/hr | 120.00 |
| 10/22/2010 | MW | Work on trial memo; phone conf with client | 2.20 300.00/hr | 660.00 |
| 10/25/2010 | AP | Prepare exhibits; Prepare documents for MWW Meeting with Gile Downes; Prepare documents for MWW meeting with client; Make Hearing Notebook; Draft Exhibit List | 2.20 100.00/hr | 220.00 |
| | MW | Prep for hearing; vmail and fax from Bill Rupert and fax to Rupert; review new motions; meet with Gile Downes and attorney Williams; work on testimony | 7.60 300.00/hr | 2,280.00 |

7

| | | outlines; phone conf with court re scheduling; corr with witnesses re change of hearing to courthouse; Phone conf with Carolyn Dickman; meet with client; Revise hearing memo | | |
|---|---|---|---|---|
| 10/26/2010 | MW | Phone con with client; revise and finalize trial memo; work on response to motions; trial prep | 5.90 300.00/hr | 1,770.00 |
| | AP | Draft COS | 0.10 100.00/hr | 10.00 |
| | AP | Continue work on Exhibit List; Prepare Exhibit Binders; Telephone call to Carolyn Dickman - left message | 3.20 100.00/hr | 320.00 |
| 10/27/2010 | MW | Prep for hearing; hearing | 8.60 300.00/hr | 2,580.00 |
| | AP | Hearing Prep: Notebooks, exhibits | 2.00 100.00/hr | 200.00 |
| | AP | Travel to/from Hearing | 1.00 100.00/hr | 100.00 |
| | AP | Hearing: Witness Wrangling | 4.00 100.00/hr | 400.00 |
| 10/29/2010 | MW | Phone conf with client | 0.40 300.00/hr | 120.00 |
| | AP | Draft letter to Clackamas County Courthouse Probate | 0.10 300.00/hr | 10.00 |
| | AP | Research other lawsuits William Rupert has filed | 0.80 100.00/hr | 80.00 |
| 11/1/2010 | AP | Additional research re: other cases filed by William Rupert | 0.30 100.00/hr | 30.00 |
| 11/18/2010 | MW | Review file; plan for 11/24 hearing | 0.60 300.00/hr | 180.00 |
| 11/22/2010 | AP | Telephone call from Clackamas County Probate Department - Spoke | 0.10 | 10.00 |
| 11/23/2010 | AP | Telephone call to Robin L. Huntting - Left Message; Telephone calls to Clackamas County Courthouse (3) Mark exhibits and update exhibit notebooks; Review trial materials | 0.60 100.00/hr | 60.00 |
| 11/24/2010 | AP | Travel to and from hearing; Hearing; Review Correspondence | 7.50 | 750.00 |
| | MW | Hearing, prep | 7.50 | 2,250.00 |
| 11/29/2010 | MW | Phone conf with client; review subpoenas; prepare | 2.20 | 660.00 |

8

| | | judgments; letter to Bill; phone conf with Dave Williams | 300.00/hr | |
|---|---|---|---|---|
| 12/7/2010 | MW | Phone conf with Rick Oppenheim re subpoena to Beacon; instructions to staff re general judgment | 0.20 split 300.00/hr | 60.00 |
| 12/10/2010 | AP | Telephone call to client - returned call | 0.10 100.00/hr | 10.00 |
| 12/13/2010 | AP | Telephone call to Clackamas County Courthouse, Probate Dept - left message; telephone call from Sue Bond- spoke; Message from Clackamas Probate | 0.10 100.00 | 10.00 |
| 12/14/2010 | MW | Review objections from Bill; review rule | 0.40 300.00/hr | 120.00 |
| 12/15/2010 | MW | Phone conf with Sue; review Objections again; Phone conf with Gile Downes | 0.50 300.00/hr | 150.00 |
| 12/16/2010 | MW | Letter to Bill re withdrawing offer; review docs from Beacon | 0.25 split 300.00/hr | 75.00 |
| 1/14/2011 | MW | Work on Petition for Fees | 2.0 | 600.00 |
| 1/17/2011 | MW | Finalize Petition for Fees, Declaration, and exhibits | 0.5 | 150.00 |

| Timekeeper | Total Hours | Hourly Rate | Total |
|---|---|---|---|
| JRC | 0.5 | 350.00 | 175.00 |
| MW | 72.25 | 300.00 | 21,765.00 |
| HS | 0.9 | 100.00 | 90.00 |
| AP | 38.85 | 100.00 | 3,885.00 |
| | | TOTAL | $25,915.00 |

9

## PROOF OF SERVICE BY MAIL
### William Rupert v. Susan Bond et al.,
### Case No. 5:12-cv-05292 LHK (HRL)

I, the undersigned, state that I am a citizen of the United States and a resident of the County of Santa Cruz, State of California; that I am over the age of eighteen years and not a party to the above-entitled action; that my business and mailing address is P.O. Box 66403, Scotts Valley, CA 96067-6403.

On **December 5, 2012,** I served true and correct copies of the following:

**DECLARATION OF WILLIAM RUPERT IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)), BY DEFENDANT DOWNES AND DEFENDANT SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C.**

on the persons and/or entities listed below, by placing said copies enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office at Santa Cruz, California, addressed as follows:

LONG & LEVIT LLP
ATTN:  KATE G. KIMBERLIN
465 California Street, 5th Floor
San Francisco, CA 94104

Law Offices of Devin Robinson, P.C.
ATTN:  DEVIN NOAH ROBINSON
6110 N. Lombard Street, Suite B
Portland, OR 97203

I declare under penalty of perjury that the foregoing is true and correct.  Executed on the 5th Day of December, 2012, at Ben Lomond, California.

*Carol Slater*
Carol Slater