JAMES C. KRIEG (SBN 77069)
ALLISON LANE COOPER (SBN 152384)
JUSTIN J. FIELDS (SBN 259491)
KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
Telephone:    (415) 249-8330
Facsimile:    (415) 249-8333

Specially Appearing for Defendants
MATTHEW WHITMAN, MICHELLE JOHANSSON, AND
CARTWRIGHT WHITMAN BAER PC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT,<br><br>            Plaintiff,<br><br>     v.<br><br>SUSAN BOND; GILE R. DOWNES; EDWARD S. ZUSMAN; MATTHEW WHITMAN; MICHELLE JOHANSSON; JAMES RUPERT; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., an Oregon professional corporation; MARKUN ZUSMAN & COMPTON, LLP, a limited liability partnership headquartered in California; CARTWRIGHT WHITMAN BAER PC, an Oregon professional corporation; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No.: CV 12-05292 LHK<br><br>**DEFENDANTS MATTHEW WHITMAN, MICHELLE JOHANSSON, AND CARTWRIGHT WHITMAN BAER PC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (FRCP 12(b)(2))**<br><br>Date:     April 4, 2013<br>Time:    1:30 p.m.<br>Dept.:    Courtroom 8<br>Judge:   Hon. Lucy H. Koh |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 4, 2013 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Lucy H. Koh, Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, located at 280 S. 1st Street, 4th Floor, San Jose, California 95113, defendants Matthew Whitman, Michelle Johansson, and Cartwright Whitman Baer PC (collectively, "Defendants") will and hereby do move for an order dismissing this action on the ground that the Court lacks personal jurisdiction over them.

This motion is made under Federal Rule of Civil Procedure 12(b)(2).  This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the concurrently filed request for judicial notice and declarations of Matthew Whitman and Michelle Johansson, as well as the papers, records, and pleadings on file in this action and any such further evidence as may be presented at the hearing on this motion

Dated:  December 17, 2012                    KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP

By: _____/s/_____
JAMES C. KRIEG
Specially Appearing for Defendants
MATTHEW WHITMAN, MICHELLE JOHANSSON,
AND CARTWRIGHT WHITMAN BAER PC

**TABLE OF CONTENTS**

Page No(s).

I. INTRODUCTION ...............................................................................................................1

II. STATEMENT OF FACTS AND PROCEDURAL POSTURE ........................................1

    A. The Underlying Trust Dispute And Resulting Litigation ......................................1

    B. Defendant Cartwright Whitman Baer PC Lacks Contacts With California .........3

    C. Defendant Whitman Lacks Contacts With California ..........................................4

    D. Defendant Johansson Lacks Contacts With California.........................................4

III. LEGAL STANDARD........................................................................................................5

IV. DEFENDANTS DO NOT HAVE SUFFICIENT MINIMUM CONTACTS
WITH CALIFORNIA TO ESTABLISH PERSONAL JURISDICTION ........................6

    A. Plaintiff Cannot Establish General Jurisdiction....................................................6

    B. Plaintiff Cannot Establish Specific Jurisdiction ...................................................7

        1. Plaintiff Cannot Demonstrate Purposeful Availment Or Direction..........8

        2. Plaintiff's Claims Do Not Arise Out of Defendants' Forum
Related Activities.....................................................................................11

        3. Exercise Of Jurisdiction Over Defendants Would Not Be
Reasonable ...............................................................................................11

V. CONCLUSION.................................................................................................................13

# TABLE OF AUTHORITIES

Page No(s).

**CASES**

*Alexander v. Circus Circus Ent.*,
 972 F.2d 261 (9th Cir. 1992) ...................................................................................................8

*Amoco Egypt Oil. Co. v. Leonis Nav. Co.*,
 1 F.3d 848 (9th Cir. 1993) ...................................................................................5, 6, 11, 12

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
 223 F.3d 1082 (9th Cir. 2000) .................................................................................................6

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985) ..........................................................................................................7, 11

*Caruth v. Int'l. Psychoanalytical Ass'n.*,
 59 F.3d 126 (1995) ................................................................................................................12

*Chan v. Soc'y Expeditions, Inc.*,
 39 F.3d 1398 (9th Cir. 1994) ...................................................................................................5

*Crea v. Busby*,
 48 Cal.App.4th 509 (1996) .....................................................................................................7

*Doe v. Unocal Corp.*,
 248 F.3d 915 (9th Cir. 2001) .......................................................................................5, 7, 11

*Dole Food Co., Inc. v. Watts*,
 303 F.3d 1104 (9th Cir. 2005) ...............................................................................................12

*Edmonds v. Sup. Ct.*,
 24 Cal.App.4th 221 (1994) .....................................................................................................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 131 S.Ct. 2846 (2011) .............................................................................................................6

*Gordy v. Daily News, L.P.*,
 95 F.3d 829 (9th Cir. 1996) ....................................................................................................7

*Hanson v. Denckla*,
 357 U.S. 235 (1958) ................................................................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
 466 U.S. 408 (1984) ..........................................................................................................9, 10

*Int'l Shoe Co. v. Washington*,
 326 U.S. 310 (1945) ................................................................................................................5

*Pennoyer v. Neff*,
 95 U.S. 714 (1877) ..................................................................................................................6

*Perkins v. Benguet Consol. Mining Co.*,
 342 U.S. 437 (1952) ................................................................................................................5

*Porche v. Pilot & Associates, Inc.*,
  319 Fed.Appx. 619 (9th Cir. 2009)..................................................................................5

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ......................................................................................6, 9

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) .....................................................................................7, 8

*Sibley v. Sup. Ct.*,
  16 Cal.3d 442 (Cal. 1976)...............................................................................................7

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ........................................................................................10

*Synopsys, Inc. v. Ricoh Co.*,
  343 F.Supp.2d 883 (N.D. Cal. 2003) ..............................................................................5

*Wright v. Yackley*,
  459 F.2d 287 (9th Cir. 1972) ........................................................................................10

**STAUTES**

ORS § 18.635...........................................................................................................................9

ORS 130.035............................................................................................................................8

**RULES**

Federal Rule of Civil Procedure 12(b)(2) .............................................................................13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff William Rupert's First Amended Complaint as against Oregon defendants Matthew Whitman and Michelle Johansson, and their Portland law firm, Cartwright Whitman Baer PC ("Defendants"), must be dismissed because this Court lacks personal jurisdiction over them. Defendants have no systematic or continuous contacts with California; they are Oregon lawyers and an Oregon law firm which represented Plaintiff's sister, Ms. Susan Bond (also an Oregon resident), in Oregon. Defendants have not "purposefully availed" themselves of the privilege of conducting activities in California. Subjecting these Oregon Defendants to this Court's jurisdiction based upon their representation of an Oregon resident in Oregon would be unreasonable. Accordingly, Defendants respectfully request that the Court dismiss this action against them for lack of personal jurisdiction.[1]

## II. STATEMENT OF FACTS AND PROCEDURAL POSTURE

### A. The Underlying Trust Dispute And Resulting Litigation

This case arises out of a dispute between siblings regarding the control of their parents' assets following the death of their father. Plaintiff's parents, Irene and Samuel Rupert, lived in Michigan for many years. On November 1, 1995, Irene and Samuel had estate plans prepared in Michigan by a Michigan estate planning attorney, Alan Price. (FAC, ¶ 24.)[2] The estate plan included mirror image wills and revocable trusts. (*Id*.) Irene and Samuel relocated to Oregon in 2006, the state in which Plaintiff's sister, Susan Bond, resides. (FAC, ¶¶ 6, 29.)

Samuel Rupert died on October 12, 2008. (FAC, ¶ 31.) On June 9, 2009, Irene executed a new trust agreement and will in Oregon, under which Susan Bond became Irene's trustee. (FAC, ¶ 55) Plaintiff contends that the execution of Irene's new trust agreement and will was improper for

---

[1] On November 21, 2012, defendants Gile Downs and Schulte, Anderson, Downes, Aronson & Bittner, PC, an Oregon attorney and law firm, respectively, also filed a motion to dismiss for lack of personal jurisdiction. (Docket No. 18.)

[2] Defendants do not admit the allegations in the First Amended Complaint, but recite some of the allegations here as background and to demonstrate that there is no personal jurisdiction over Defendants in this action.

multiple reasons. (*See* FAC, ¶¶ 57-58.) An amended trust agreement for Irene was also created on July 23, 2009, which Plaintiff also contends was improper. (FAC, ¶ 67.)

In June 2009, apparently unhappy with the administration of his parents' estates, Plaintiff filed a lawsuit in the Northern District of California, which named several Oregon defendants that are again named in the present action, including his sister Susan Bond, and the attorney and law firm that drafted Irene's "new" trust documents in Oregon, Mr. Downes and Schulte, Anderson, Downes, Aronson & Bittner, P.C. (Case No. 5:09-cv-02758 JF.) (FAC, ¶ 66.) Plaintiff's mother, Irene, was also a named defendant in the amended complaint. (*Id*.) That lawsuit was dismissed because the Court found a lack of personal jurisdiction over the Oregon defendants. (FAC, ¶ 73.) Irene Rupert died on March 12, 2010. (FAC, ¶ 76.)

Susan Bond retained the Portland law firm of Cartwright Whitman Baer PC to represent her in Oregon litigation between herself and Plaintiff, which, in general terms, addressed the siblings' respective rights concerning their late parents' assets. Defendants Whitman and Johansson, attorneys in Cartwright Whitman Baer PC, represented Susan Bond in the Oregon trust litigation, which commenced on or around March 15, 2010. (FAC, ¶¶ 4, 9, 10, 77.) There were initially two actions involving Irene and Samuel's respective trusts in Clackamas County, Oregon: *In the Matter of the Irene E. Rupert Trust*, Case No. CV 10-03-0497 and *In the Matter of Samuel J. Rupert Trust*, Case No. CV 10-03-0498. (FAC, ¶ 77.) Among other things, the Clackamas County Circuit Court found that Plaintiff should be disinherited under the *in terrorem* clause contained in Irene Rupert's July 23, 2009 trust. (FAC, ¶ 79.)

Defendants, on behalf of their client Susan Bond, also obtained a judgment in April 2011 for attorneys' fees and costs against Plaintiff from the Clackamas County Circuit Court in connection with the referenced trust litigation. (FAC, ¶ 85.) On November 3, 2011, Ms. Bond, pro se, filed an application for entry of judgment on the Oregon sister-state judgment for fees and costs in Santa Cruz Superior Court (the county in which Plaintiff resides). (FAC, ¶ 85.) On November 17, 2011, Plaintiff obtained an ex parte order staying enforcement of the sister-state judgment pending its appeal. (FAC, ¶ 90.)

On November 4, 2011, Defendants, on behalf of Ms. Bond, served two Writs of

Garnishment on J.P. Morgan Chase Bank, N.A. ("J.P. Morgan") offices in Oregon, based upon the judgments against Plaintiff for attorneys' fees and costs obtained in Clackamas County. (FAC, ¶¶ 86, 87.) The Writs were directed to the Portland, Oregon branch of J.P. Morgan. (Declaration of Michelle Johansson, ("Johansson Decl."), ¶ 12, Exs. D, E.)

Plaintiff filed this lawsuit on October 12, 2012. He filed the First Amended Complaint on October 26, 2012, asserting claims for RICO violations, RICO conspiracy, conversion, intentional interference with expected inheritance, Oregon RICO, and conspiracy. (Request for Judicial Notice, ("RJN"), Ex. A.)

### B. Defendant Cartwright Whitman Baer PC Lacks Contacts With California

Cartwright Whitman Baer PC is a Portland, Oregon law firm that predominantly advises clients in connection with Oregon trust and estate law. (Declaration of Matthew Whitman ("Whitman Decl."), ¶ 12.) The firm received the First Amended Complaint with an accompanying Notice and Request to Waive Summons form, and does not consent to jurisdiction in California. (*Id*., ¶ 8.)

Cartwright Whitman Baer PC is an Oregon professional corporation with its principal place of business located at 1000 SW Broadway, Suite 1750 Portland, Oregon. (*Id*.) The firm was formed on January 1, 2011, and has maintained its office in Portland, Oregon ever since. (*Id*., ¶ 9.) The firm does not and has not ever maintained an office outside of Portland, Oregon. (*Id*., ¶ 10.) The same is true for its predecessor law firm, Cartwright & Associates, which was founded in 2004. (*Id*.)

Each of Cartwright Whitman Baer PC's five attorneys is a resident of Oregon, and is licensed to practice law in Oregon. (*Id*., ¶ 11.) None of the firms' attorneys belongs to any state bar other than Oregon, except for Ms. Johansson, who is a member of the California State Bar. (*Id*.)

Cartwright Whitman Baer PC does not solicit or advertise for business in California. (*Id*., ¶ 13.) The firm has also never been registered or qualified to do business in California. The same is true for its predecessor law firm. (*Id*.) No Cartwright Whitman Baer PC attorney has practiced or currently practices law in California. (*Id*., ¶ 14.)

### C. Defendant Whitman Lacks Contacts With California

Mr. Whitman is a founder and named shareholder in Cartwright Whitman Baer PC. (Whitman Decl., ¶ 8.) He received the First Amended Complaint with an accompanying Notice and Request to Waive Summons form, and does not consent to jurisdiction in California. (*Id*., ¶ 2.) Plaintiff acknowledges that Mr. Whitman is an Oregon resident who is licensed to practice law in Oregon. (*Id*., ¶ 4; FAC, ¶¶ 9, 14.)

Mr. Whitman has been a resident of Oregon since 1977. (*Id*., ¶ 4.) He graduated from Lewis and Clark Law School in Portland, Oregon in 1998, and became a member of the Oregon State Bar in that same year. (*Id*.) He is a member in good standing with the Oregon State Bar, and is not a member of any other state bar. (*Id*.) As an attorney, Mr. Whitman has worked exclusively at Oregon law firms, all of which were (or are) located in Portland, Oregon. (*Id*., ¶ 5.) His practice is, and always has been, limited to representation of clients in Oregon. (*Id*., ¶ 6.) Mr. Whitman has not and does not solicit or advertise for business in California. (*Id*., ¶ 7.) He has never appeared as an attorney or litigant in a California court. (*Id*., ¶ 6.)

### D. Defendant Johansson Lacks Contacts With California

Ms. Johansson is an attorney in Cartwright Whitman Baer PC. (Johansson Decl., ¶ 1.) She received the First Amended Complaint with an accompanying Notice and Request to Waive Summons form, and does not consent to jurisdiction in California. (*Id*., ¶ 2.) Plaintiff acknowledges that Ms. Johansson is an Oregon resident licensed to practice law in Oregon, who assisted Mr. Whitman with the state court actions commenced in Oregon related to the Irene and Samuel Rupert trusts. (FAC, ¶ 10.)

Ms. Johansson has been a resident of Oregon since at least 2005. (*Id*., ¶ 4.) She graduated from Lewis and Clark Law School in Portland, Oregon in 2005, and became a member of the Oregon State Bar in that same year. (*Id*.) She is a member in good standing with the Oregon State Bar. (*Id*.) She joined Cartwright Whitman Baer PC (formerly Cartwright & Associates), in May 2007. (*Id*., ¶ 5.)

Ms. Johansson's practice is, and always has been, limited to representation of clients in Oregon. (*Id*., ¶ 6.) She has not and does not solicit or advertise for business in California. (*Id*.,

¶ 7.) She did become a member of the California Bar in January 2011; however, she has not practiced law in California or any other state other than Oregon. (*Id.*, ¶ 8.) She has never appeared in a California state court as an attorney or litigant. (*Id.*)

## III. LEGAL STANDARD

Plaintiff bears the burden of demonstrating that personal jurisdiction exists over each of the defendants in an action as of the date the complaint was filed. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *Porche v. Pilot & Associates, Inc.*, 319 Fed.Appx. 619, 620-1 (9th Cir. 2009) (measuring contacts as of the date the complaint was filed).

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Id.* "Second, the exercise of jurisdiction must comport with federal due process." *Id.* at 1404-05. "[B]ecause California's long arm statute is coextensive with the limits of due process, the court need only consider the requirements of due process." *Synopsys, Inc. v. Ricoh Co.*, 343 F.Supp.2d 883, 886 (N.D. Cal. 2003).

Due process requires that a nonresident defendant have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Applying the "minimum contacts" analysis, a court may obtain either general or specific jurisdiction over a defendant. If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the nonresident defendant is subject to suit even on matters unrelated to his or her contacts to the forum. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446 (1952). A court may exercise specific jurisdiction if the cause of action arises out of or has a substantial connection with forum activity. *Hanson v. Denckla*, 357 U.S. 235, 250-53 (1958). However, even if the defendant has the requisite contacts with the forum state to establish jurisdiction, the Court cannot exercise jurisdiction unless it finds that doing so would be reasonable. *Amoco Egypt Oil. Co. v. Leonis Nav. Co.*, 1 F.3d 848, 851 (9th Cir. 1993).

Applying these standards, Defendants are not subject to personal jurisdiction in California.

## IV.   DEFENDANTS DO NOT HAVE SUFFICIENT MINIMUM CONTACTS WITH CALIFORNIA TO ESTABLISH PERSONAL JURISDICTION[3]

### A.   Plaintiff Cannot Establish General Jurisdiction

Plaintiff cannot meet the rigorous standard for establishing general jurisdiction. The standard for establishing general jurisdiction is "exacting," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004), and requires that the defendant's contacts be so continuous and systematic that they approximate physical presence, *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853-54 (2011). General jurisdiction is usually limited to large companies doing business locally and on a regular basis. *Amoco*, 1 F.3d at 851 n.3.

Plaintiff cannot make this heightened general jurisdiction showing for any of the Defendants. Cartwright Whitman Baer is an Oregon professional corporation with no employees in California. It has never been registered or otherwise qualified to do business in California. The firm does not solicit or advertise in California. Plaintiff's First Amended Complaint alleges no jurisdictional facts related to the firm. (FAC, ¶¶ 7, 8) (cursorily alleging that individual defendants Whitman and Johansson are subject to personal jurisdiction, without any reference to Cartwright Whitman Baer PC).

Regarding the individual defendants, Mr. Whitman and Ms. Johansson are residents of Oregon, not California. They have no substantial, continuous, or systematic contacts with California, and are therefore not subject to general jurisdiction here. As for Ms. Johansson, her mere holding of a California law license does not subject her to general jurisdiction in California.

---

[3] Moreover, the three "traditional bases" for personal jurisdiction (service of process within the forum state, domicile within the forum state, and consent to jurisdiction) are not present here. *Pennoyer v. Neff*, 95 U.S. 714, 722 (1877). Defendants, Oregon residents, were served with process in Oregon, not California, and do not consent to jurisdiction.

*Crea v. Busby*, 48 Cal.App.4th 509, 515 (1996) (maintenance of California law license is not a sufficient contact to subject attorney to general jurisdiction in California).

### B.      Plaintiff Cannot Establish Specific Jurisdiction

Plaintiff cannot establish specific jurisdiction over Defendants either.  The Supreme Court has explained that "[b]y requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' […] the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum[,] and the litigation results from alleged injuries that 'arise out of or relate to' those activities[.]"  *Id.*  Consistent with the decision in *Burger King*, the Ninth Circuit applies the following three-part test for specific jurisdiction:

> (1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or results from the defendant's forum related activities; and
>
> (3) Exercise of jurisdiction must be reasonable.[4]

*Unocal*, 248 F.3d at 923 (quoting *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831-32 (9th Cir. 1996)). The plaintiff bears the burden of satisfying the first two prongs of this test.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  If the plaintiff does so, the burden then shifts to the defendant to demonstrate that the exercise of jurisdiction would not be reasonable.  *Burger King*, 471 U.S. at 476-78.

---

[4]      In addition, "[t]he mere causing of an 'effect' in California…is not necessarily sufficient to afford a constitutional basis for jurisdiction; notwithstanding this 'effect' the imposition of jurisdiction may be 'unreasonable.'"  *Sibley v. Sup. Ct.*, 16 Cal.3d 442, 446 (Cal. 1976).

1    Plaintiff cannot meet the first two prongs of the personal jurisdiction test because (1) Defendants have not conducted any business or had any purposeful contacts in California; and (2) even if Defendants engaged in forum related activities, Plaintiffs' claims do not "arise out of" those forum related contacts.

### 1. Plaintiff Cannot Demonstrate Purposeful Availment Or Direction

Plaintiff makes four contentions in the First Amended Complaint as to why this Court may exercise personal jurisdiction over Defendants. Those contentions lack merit. To the extent Plaintiff's allegations suggest that Defendants either purposefully availed themselves of the privilege of conducting activities in California or purposefully directed actions at California, those allegations are refuted by (1) Defendants' affidavits, (2) the judicially noticeable record, and (3) applicable case law, and therefore must not be taken as true. *Alexander v. Circus Circus Ent.*, 972 F.2d 261, 262 (9th Cir. 1992).

First, Plaintiff alleges that Defendants mailed "state court papers and pleadings…filed in Oregon" to him in California. (FAC, ¶ 74.) But simply mailing documents to Plaintiff related to Oregon litigation does not confer personal jurisdiction over the Defendants. *Sher*, 911 F.2d at 1362 (no personal jurisdiction in California over Florida attorneys retained by California residents to represent them in Florida criminal matter, even though Florida attorneys called their clients in California, wrote to them in California, accepted payments from checks drawn on California banks, and traveled to California to meet with their clients); *Edmonds v. Sup. Ct.*, 24 Cal.App.4th 221, 234 (1994) (no personal jurisdiction in California over Hawaii attorney retained by California resident to represent him in Hawaii action, even though Hawaii attorney called and wrote letters to California, accepted payment in California and even attended his client's deposition in California). Under Oregon law, Defendants were required to mail notices to Plaintiff related to the Oregon trust litigation. (Whitman Decl., ¶ 18) (citing ORS § 130.035.) Here, the relationship between Defendants and Plaintiff is even more attenuated than in *Sher* and *Edmonds*, since Defendants did not represent Plaintiff.

Second, Plaintiff alleges that in November 2011, Defendants issued two Oregon Writs of Garnishment upon J.P. Morgan, which allegedly resulted in the levying of Plaintiff's California

1  checking account. (FAC, ¶¶ 86, 87.) As background, the Clackamas County Circuit Court had
2  issued a judgment granting attorneys' fees and costs in April 2011, and a default judgment
3  against Plaintiff as respondent/garnishee in September 2011. (Johansson Decl., ¶ 10, Exs. A, B.)
4  Under Oregon law, members of the State Bar may issue writs to enforce a judgment that requires
5  payment of money. ORS § 18.635. Defendants issued two Writs upon J.P. Morgan, which, by
6  their terms, were expressly directed to the local Portland, Oregon branch located at 811 SW 6th
7  Avenue, and not California. (Johansson Decl., ¶ 12, Exs. D, E.)

8        Assuming Plaintiff is correct that the Oregon branch of J.P. Morgan reached his California
9  bank account, that does not confer personal jurisdiction over Defendants. Where a nonresident's
10 "express aim was local" (i.e., not California), the mere fact that a plaintiff in California claims to
11 be harmed does not satisfy the "purposeful direction" or "effects" test, even if the nonresident
12 defendant knew the plaintiff was a California resident. *Schwarzenegger*, 374 F.3d at 807 (Ohio
13 defendant's use of Schwarzenegger image in local Ohio newspaper insufficient to confer personal
14 jurisdiction in California because the advertisement "was expressly aimed" at Ohio rather than
15 California). Here, the Writs were expressly aimed at an Oregon branch of J.P. Morgan, not
16 California.

17       The Supreme Court addressed this very issue in *Helicopteros Nacionales de Colombia,
18 S.A. v. Hall*, 466 U.S. 408, 416-17 (1984), in which the Court held that a nonresident's acceptance
19 of checks drawn from a bank in the forum state "is of negligible significance for purposes of
20 determining whether [defendant] had sufficient contacts[.]" There was no indication that the
21 defendant requested that the checks be specifically drawn from the forum state; thus, the Supreme
22 Court reasoned, "Common sense and everyday experience suggest that, absent unusual
23 circumstances, the bank on which a check is drawn is generally of little consequence to the payee
24 and is a matter left to the discretion of the drawer. Such unilateral activity of another party or a
25 third person is not an appropriate consideration when determining whether defendant has
26 sufficient contacts with a forum State to justify an assertion of jurisdiction." *Id.* Here, the Writs
27 were expressly directed to J.P. Morgan's Portland branch; if the bank ultimately drew on
28 Plaintiff's California account, as he alleges, that is not a sufficient contact to exercise personal

jurisdiction over Defendants.

Third, Plaintiff alleges that Ms. Johansson "was responsible for wrongful collection activities that took place within the State of California" relating to a November 2011 application for entry of judgment on an Oregon-sister state judgment in Santa Cruz Superior Court (FAC, ¶ 10.) Plaintiffs' allegation is a mere legal conclusion not entitled to the assumption of truth. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."). The allegation is also refuted by the judicially noticeable record. In fact, on November 3, 2011, Ms. Bond - not Ms. Johansson - filed the application for entry of an Oregon sister-state judgment in Santa Cruz Superior Court pro se.[5] (Johansson Decl., ¶ 11, Ex. C.) Defendants have not appeared in California in connection with the application for entry of the sister-state judgment, which was, in any event, stayed pending Plaintiff's appeal of the judgment in Oregon.

If Plaintiff is suggesting that Defendants assisted Ms. Bond with preparing her pro se application and are thus subject to personal jurisdiction in California, he is wrong. The Ninth Circuit has held that in cases involving personal services, the focus must be on the place where the services are rendered. *See Wright v. Yackley*, 459 F.2d 287, 289-90 (9th Cir. 1972). Here, Defendants and Ms. Bond are Oregon residents, and Defendants represented her exclusively in Oregon, so any legal services would have been rendered in Oregon, not California. Moreover, there is no legal authority to support Plaintiff's suggestion that Defendants (or Ms. Bond) are subject to personal jurisdiction in this action based upon the attempt to enforce an Oregon judgment through a separate and ministerial process.

Fourth, Plaintiff alleges that some property of his late parents' trusts is located in California. (FAC, ¶ 74.) But personal jurisdiction must be based on the defendants' contacts. *Helicopteros*, 466 U.S. at 416-17 (1984) (activity by plaintiff or other persons over whom

---

[5] Indeed, Plaintiff alleges that "Susan filed the Oregon money judgment in the State of California, Santa Cruz Superior Court[.]" (FAC, ¶ 85.)

10

nonresident lacks control does not satisfy the "purposeful availment" requirement); *Burger King*, 471 U.S. at 475 (defendant will not be held to have purposefully availed himself of the state's protections unless it is the "actions [of] the defendant *himself* that create a 'substantial connection' with the forum State."). The location of alleged trust property does not confer personal jurisdiction over Defendants, as the property does not belong do them, nor do they manage it.

In sum, Defendants have not "purposefully availed" themselves in California. Defendants' contact with California is extremely limited, if not non-existent. Defendants represented Ms. Bond in connection with trust litigation pending in Oregon. Defendants' sole "contact" with California is sending documents to Plaintiff, who fortuitously resides in California, in connection with Oregon litigation to which Plaintiff was a party. Defendants never represented Plaintiff. No attorney from Cartwright Whitman Baer PC has traveled to California for any reason in connection with the work performed for Ms. Bond.

### 2. Plaintiff's Claims Do Not Arise Out of Defendants' Forum Related Activities

Plaintiff's claims arise from the administration of his parents' trusts, which occurred in Michigan and Oregon. Defendants' representation of Ms. Bond occurred in Oregon, and all of Defendants' efforts have been to protect their Oregon client's rights based upon litigation and judgments issued in Oregon. Plaintiff's claims against Defendants do not arise out of California activities.

### 3. Exercise Of Jurisdiction Over Defendants Would Not Be Reasonable

Defendants respectfully submit that the Court may end its inquiry now, and conclude that there is no personal jurisdiction over them in this action. Nonetheless, assuming Plaintiff could meet his burden with respect the first two factors in *Unocal*, exercise of jurisdiction over Defendants here would be unreasonable. In *Amoco*, the Ninth Circuit listed seven factors to be balanced in determining whether the exercise of personal jurisdiction over a particular defendant would be reasonable:

///

> [1] the extent of purposeful interjection, [2] the burden on the defendant to defend the suit in the chosen forum, [3] the extent of conflict with the sovereignty of the defendant's state, [4] the forum state's interest in the dispute, [5] the most efficient forum for judicial resolution of the dispute, [6] the importance of the chosen forum to the plaintiff's interest in convenient and effective relief, and [7] the existence of an alternative forum.

1 F.3d at 851. On balance, these factors weigh strongly against the exercise of personal jurisdiction over Defendants. This case really involves a dispute between Plaintiff, a California resident, and multiple out-of-state residents based upon actions that occurred predominantly in Oregon.

First, Defendants have not "interjected" themselves in California; they represented Ms. Bond in Oregon. To the extent Defendants arguably "interjected" themselves in California, it was only to the extent necessary to fulfill their duties to their Oregon client, Ms. Bond, arising out of Oregon litigation, which does not support personal jurisdiction. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114-15 (9th Cir. 2005) ("There may be circumstances under which the level of purposeful injection into the forum supports a finding of purposeful availment yet still weighs against the reasonableness of jurisdiction[.]").

Second, Defendants are Oregon residents, and conduct no business in California. It would be unduly burdensome for Oregon attorneys to be haled into a California court based exclusively upon their representation of an Oregon client.

Third and fourth, Plaintiff alleges that Defendants committed numerous improper acts in connection with their representation of Ms. Bond in Oregon – Oregon has the interest in regulating the conduct of the members of its Bar.

Fifth, given that Defendants reside in Oregon (along with virtually all of the other defendants in this case) and the overwhelming majority of alleged misconduct occurred in Oregon, California is not the most efficient forum for resolution of this dispute. In addition, most of the documents, court files, and witnesses that are relevant to this case are located in Oregon.

Sixth, Plaintiff's convenience is not of paramount importance in making a reasonableness determination. *See Caruth v. Int'l. Psychoanalytical Ass'n.*, 59 F.3d 126, 129 (1995). The sixth factor does not weigh overwhelmingly in Plaintiff's favor.

Seventh, Oregon is clearly an available, alternative forum.

Considering the relevant factors, on balance the exercise of personal jurisdiction over Defendants would be unreasonable here.

**V. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss this action as against them for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Dated: December 17, 2012     KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP

By: _____/s/_____
JAMES C. KRIEG
Specially Appearing for Defendants
MATTHEW WHITMAN, MICHELLE JOHANSSON, AND CARTWRIGHT WHITMAN BAER PC