JESSICA R. MACGREGOR, Bar No. 168777
KATE G. KIMBERLIN, Bar No. 261017
LONG & LEVIT LLP
465 California Street, 5th Floor
San Francisco, California 94104
Telephone:  (415) 397-2222
Facsimile:   (415) 397-6392
jmacgregor@longlevit.com
kkimberlin@longlevit.com

Specially Appearing for Defendants
GILE R. DOWNES and SCHULTE, ANDERSON,
DOWNES, ARONSON & BITTNER, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN BOND; GILE R. DOWNES; EDWARD S. ZUSMAN; MATTHEW WHITMAN; MICHELLE JOHANSSON; JAMES RUPERT; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., an Oregon Professional Corporation; MARKUN ZUSMAN & COMPTON, LLP, a Limited Liability Partnership Headquartered in California; CARTWRIGHT WHITMAN BAER PC, an Oregon Professional Corporation; and DOES 1 to 20,<br><br>Defendants. | Case No.  CV-12-05292 LHK<br><br>**REPLY IN SUPPORT OF DEFENDANTS GILE R. DOWNES' AND SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**Hearing:** April 4, 2013<br>**Time:** 1:30 p.m.<br>**Judge:** Hon. Lucy H. Koh<br>**Courtroom:** 8 |

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

## I. INTRODUCTION

In 2009, Plaintiff William Rupert filed his first lawsuit against defendants Downes and Schulte Anderson in this very Court. Because neither Downes nor Schulte Anderson is subject to personal jurisdiction in this State, they filed a successful motion to dismiss Plaintiff's complaint under FRCP 12(b)(2). Plaintiff then filed and dismissed a claim against Downes in Oregon. Having failed to obtain any relief against Downes or Schulte Anderson either in the prior California action or in Oregon, Plaintiff now seeks to elevate these defendants' prior motion to dismiss into a nationwide conspiracy in the hopes of defeating Mr. Downes' and his firm's motion to dismiss a second California lawsuit. Plaintiff demands that the Court infer a conspiracy among four attorneys and their law firms arising solely from their involvement as parties or counsel for parties in prior litigation with Plaintiff. This Court need not reach the merits of Plaintiff's preposterous claims, however, because just as before, neither Downes nor Schulte Anderson is subject to personal jurisdiction in California.

Despite the absence of any allegations in the FAC regarding RICO jurisdiction, Plaintiff – for the first time in his Opposition – argues that Downes and Schulte Anderson should be hailed into this Court on the basis of a nationwide service provision contained in RICO. This Reply will therefore focus primarily on this newly asserted basis for personal jurisdiction. Even considering Plaintiff's new arguments, however, this Court must grant the Motion to Dismiss because:

1. Plaintiff has failed to adequately allege and prove that no other district exists that would otherwise have personal jurisdiction over the defendants;
2. The FAC does not adequately allege a nationwide conspiracy;
3. Plaintiff's claims are otherwise barred by the Noerr-Pennington doctrine; and
4. No other basis for personal jurisdiction exists based on California's long-arm statute.

The claims filed against Downes and his firm must therefore be dismissed for lack of personal jurisdiction.

## II. 18 U.S.C. § 1965(B) DOES NOT CONFER PERSONAL JURISDICTION

In his FAC, Plaintiff asserts personal jurisdiction over Downes and Schulte Anderson on the basis that their alleged "actions had significant effects in California, and because some of the

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 1 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

wrongful actions that damaged plaintiff took place within the State of California." (FAC, ¶¶7, 12.) These defendants therefore filed their Motion to Dismiss and argued that jurisdiction is improper under the facts of this case because they are not subject to either specific or general personal jurisdiction in this State. Plaintiff now asserts, for the first time, that Downes and Schulte Anderson are subject to nationwide serve of process under the RICO statutes, specifically 18 U.S.C. § 1965(b). However, Plaintiff has not pled facts sufficient to sustain his case.

In *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535 (9th Cir. 1986), the Ninth Circuit set forth the clear requirements for asserting nationwide service under RICO:

> As section 1965(b) makes clear, the right to nationwide service in RICO suits is not unlimited. For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy *and* <u>the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators</u>.

*Id.* at 539 (emphasis added). The Ninth Circuit further warned that "merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Id.* Rather, the plaintiff must plead facts demonstrating that the non-resident defendant actually participated in a "single racketeering enterprise" with a defendant otherwise subject to personal jurisdiction in the chosen forum. *Id.* Absent facts suggesting an actual nationwide conspiracy, a plaintiff may alternately pursue separate lawsuits against the resident and nonresident RICO defendants in the appropriate jurisdictions. *Id.*

Here, Plaintiff fails to plead facts demonstrating that there is no other district in which the court will have jurisdiction over all of the defendants. Plaintiff also fails to allege facts sufficient to demonstrate a nationwide conspiracy between Downes and his firm and the only California-based defendants, Zusman and Markun Zusman & Compton, LLP ("MZC"). For these reasons, jurisdiction is not proper under § 1965(b).

### A. **Plaintiff Has Not Sufficiently Alleged That No Other Jurisdiction Exists In Which He Might Bring His RICO Claims Against All of the Defendants**

The First and Second Causes of Action in the FAC assert claims under § 1962(c) and (d) of the RICO statute. Although the First Cause of Action names only individual defendants

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 2 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

1  Downes, Susan, Zusman, Whitman, and Johansson, the Second Cause of Action also incorporates
2  defendants Schulte Anderson, MZC and Cartwright Whitman Baer PC into the RICO allegations.
3  (FAC, ¶¶92-113.) Therefore, contrary to Plaintiff's assertion in his Opposition, the RICO claims
4  are alleged against six Oregon defendants and two defendants subject to personal jurisdiction in
5  California (Zusman and MZC).

6  Plaintiff's FAC is devoid of any allegations concerning a basis for jurisdiction under 18
7  U.S.C. § 1965(b); he does not allege that there is no other district where the RICO defendants
8  would otherwise all be subject to personal jurisdiction. Instead, Plaintiff claims for the first time
9  in his Opposition that Zusman is a California attorney, licensed only in California. (Opp., 12:22-
10  13:1.) On this basis, Plaintiff concludes that the District of Oregon would lack personal
11  jurisdiction over Zusman. This conclusory statement, however, is insufficient to avoid dismissal
12  under Rule 12(b)(2).

13  In a recent case, *Huntair, Inc. v. Galdstone*, 774 F. Supp. 2d 1035 (N.D. Cal. 2011), this
14  Court considered a very similar set of facts and concluded that the plaintiff had failed to meet his
15  burden under the *Butcher's Union* test. There, plaintiffs alleged a nationwide conspiracy between
16  one Illinois defendant and four California defendants. *Id.* at 1038. Like the present case, the
17  plaintiffs in *Huntair* did not specifically raise a jurisdictional argument under 18 U.S.C. § 1965(b)
18  until they filed an opposition to the Illinois defendant's Rule 12(b)(2) motion to dismiss. *Id.* at
19  1039. In their opposition, plaintiffs sought to meet the requirements set forth in *Butcher's Union*
20  by asserting that they "were not aware of any other district in which a court would have personal
21  jurisdiction over all of the defendants." *Id.* at 1039-40. In ruling that jurisdiction could not be
22  established under § 1965(b), this Court found that plaintiffs' "conclusory assertion is insufficient
23  to meet Plaintiffs' burden to demonstrate that jurisdiction under § 1965(b) would be appropriate."
24  *Id.* at 1040.

25  Like the plaintiffs in *Huntair*, Plaintiff here has merely concluded that Zusman is not
26  subject to personal jurisdiction in Oregon. In doing so, Plaintiff ignores the consequence of his
27  own pleadings. For example, Plaintiff has pled that Zusman is a conspirator with six Oregon
28  defendants and that the basis for Zusman's involvement in the conspiracy is his representation of

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 3 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

an Oregon client (Irene Rupert) regarding an estate established under Oregon law. (FAC, ¶8.) Plaintiff also excludes from his complaint the fact that Zusman's firm (in which he is a principal), has an Oregon office.[1] Given Defendants' challenge to jurisdiction, "[P]laintiff bears the burden of showing that the court has jurisdiction", either under § 1965(b) or California's long-arm statute. *Butcher's Union*, 788 F.2d at 538. Plaintiff has not met the burden because he alleges no facts to show that no other district exists in which *all* of the named defendants might properly be hailed. As in *Huntair*, this deficiency alone is sufficient to grant this Motion to Dismiss under Rule 12(b)(2).

### B. Downes and Schulte Anderson Are Not Part of a Nationwide Conspiracy

Plaintiff's nationwide service of process theory also fails for the independent reason that Plaintiff has not pled a nationwide conspiracy involving Downes or his firm. As the *Butcher's Union* court instructed, "merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Butcher's Union*, 788 F.2d at 539. Courts in this Circuit have interpreted this warning to limit jurisdiction under § 1965(b) to those cases in which the plaintiff has adequately pled allegations against the nonresident defendant that connect them to parties otherwise subject to traditional personal jurisdiction in the chosen forum. *See, e.g. General Steel Domestic Sales, LLC v. Suthers*, 2007 WL 704477, *3-4 (E.D. Cal. Mar. 2, 2007). Conclusory allegations regarding a nationwide conspiracy are insufficient to meet this burden. *Id.* at *4. Rather, the plaintiff must plead facts demonstrating that the nonresident defendant "at least 'was aware of the essential nature and scope of the enterprise and intended to participate in it.'" *Id.* (quoting *Baumer v. Pachl*, 8 F. 3d 1341, 1346 (9th Cir. 1993)). Failure to plead such facts will, even at the preliminary stages of a lawsuit, bar a plaintiff's claims on jurisdictional grounds. *See id.*; *see also Rocawear Licensing, LLC v. Pacesetter Apparel Group*, 2007 WL 5289737 (C.D. Cal. Sept. 12, 2007) (granting 12(b)(2) motion to dismiss on basis that plaintiff failed to show nonresident defendant participated in nationwide conspiracy).

---

[1] Attached hereto as Exhibit 1 is a screen shot from MZC's website demonstrating that the firm has an Oregon presence.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 4 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

Here, Plaintiff does not allege any facts to demonstrate that the Downes, or anyone in his firm, was aware of any alleged misconduct by Zusman or MZC or that Downes intended to participate in a conspiracy against Plaintiff. Rather, the sole connection alleged between Downes and Zusman is that they were among "a series of lawyers" hired by Mrs. Rupert to allegedly cause damage to Plaintiff. (Opp. 3:15-4:1.) This alleged connection is not, however, sufficient to show that the either Downes or his firm "knowingly agreed" to a nationwide conspiracy.

1. The Filing of the Prior Joint Motion to Dismiss Is Insufficient to Prove a Nationwide Conspiracy

As set forth in the Motion to Dismiss, Downes represented Mrs. Rupert regarding her Oregon estate plan. As a result of that representation, Plaintiff sought to sue Mrs. Rupert, Susan and Downes in this Court. Zusman and his firm, MZC, were then retained to represent Mrs. Rupert and Susan. (*See* Rupert Decl., Ex. 5.) Because this Court lacked personal jurisdiction over each of the defendants, the parties expeditiously submitted a joint motion to dismiss under Rule 12(b)(2). (*Id.*) In support of the joint motion, Zusman/MZC submitted a declaration from Mrs. Rupert indicating that she had never owned property in California. (*Id.*, Ex. 3.) Although the motion was jointly filed, Mrs. Rupert's declaration was submitted solely by Zusman and his firm.[2] (*Id.*) Plaintiff does not allege that Downes was involved in the preparation of the declaration. Rather, Plaintiff alleges only that Mrs. Rupert's declaration "falsely stated none of the disputed assets, or transactions, had any nexus with the State of California." (Opp., 9:4-5.)

Regardless of the alleged falsity of Mrs. Rupert's prior testimony, the declaration was not relevant to Downes' successful motion to dismiss in 2009. As argued in the current Motion, Downes and his firm were not and are not subject to personal jurisdiction in California because they have no systematic contacts with the State and because the legal services they performed for Mrs. Rupert were conducted on behalf of an Oregon client under Oregon law. Downes and his firm did not rely on any testimony offered by Mrs. Rupert in seeking dismissal of Plaintiff's prior claims, just as they do not rely on any such testimony for purposes of seeking dismissal of the

---

[2] The caption of the joint motion demonstrates that it was offered jointly by MZC and Long & Levit, counsel for Downes and Schulte Anderson in the prior (and current) California action. In contrast, Mrs. Rupert's declaration contains only the caption for MZC.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 5 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

1  FAC in this case.

2  Importantly, Plaintiff also does not allege that Mrs. Rupert's allegedly false statement resulted in the dismissal of the prior action. Rather, Judge Fogel granted the prior motion to dismiss based, at least in part, on Plaintiff's own concession "that none of the defendants has property interests in California, does business in California or has the kind of regular contacts with California sufficient to give rise to general personal jurisdiction." (Order, 4:19-21.) Because Plaintiff's own concession (not Mrs. Rupert's testimony) was the basis for Judge Fogel's ruling, it is unclear how the declaration – whether filed with the support of Downes or otherwise – could be the basis of any injuries Plaintiff has allegedly suffered.

        2.      Plaintiff Fails to Otherwise Allege Knowledge or Control of the Alleged Fraud on the Court

Through his FAC, Plaintiff seeks to parlay the parties' separate representations of Mrs. Rupert into a RICO conspiracy *among* the attorneys and their law firms. However, Plaintiff does not plead any facts to show that the Downes or Schulte Anderson had knowledge of or control over the actions of Zusman or MZC. Plaintiff therefore fails to plead the existence of a nationwide conspiracy.

        a.      Plaintiff Pleads Only That Downes Engaged in Legal Services

In *Baumer v. Pachl*, the Ninth Circuit explained the requirements for pleading a conspiracy involving attorneys and other professionals. The plaintiff in *Pachl* filed a complaint alleging a RICO conspiracy among several corporations as well as an attorney and a real estate appraiser for one of the corporations. *Baumer*, 8 F.3d at 1342-43. The plaintiff alleged that the attorney had represented the corporation in bankruptcy proceedings and sent two letters to plaintiff in which the attorney was alleged to have intentionally misrepresented facts regarding the corporation's assets. *Id.* at 1343.

In affirming the district court's dismissal of plaintiff's complaint under Rule 12 (*i.e.*, at the pleading stage), the Ninth Circuit held that allegations concerning an attorney's services on behalf of an alleged co-conspirator cannot, as a matter of law, form the basis of a conspiracy *involving the attorney* because the performance of such services (even if performed poorly) does not imply

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 6 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

1  that the attorney either "conducted" or "participated" in a RICO conspiracy. *Id.* at 1344-45; *see also Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) ("One can be 'part' of an enterprise without having a role in its management and operation.") (affirming dismissal of RICO claim against attorney and her law firm). The *Baumer* Court further held that bare allegations concerning an attorney's services on behalf of a RICO conspirator are insufficient to imply the type of consent to the conspiracy required under RICO. *Baumer*, 8 F.3d at 1346-47.

Here, Plaintiff alleges that Downes and his firm represented Mrs. Rupert in the revision of her Oregon estate plan. Plaintiff further alleges that Downes performed those legal services for Mrs. Rupert in a negligent or otherwise deficient manner, ultimately resulting in injury to Plaintiff. (*See* FAC, ¶¶67-72.) As a result of their representation of Mrs. Rupert, Downes and his firm were forced to defend against Plaintiff's first action in this Court. Downes is not alleged to have participated in Zusman's representation of Mrs. Rupert or Susan. In fact, Downes and his firm were represented by counsel and it was counsel – not Downes – who filed the joint motion to dismiss Plaintiff's claims on jurisdictional grounds. (Rupert Decl., Ex. 5.) Thus, Plaintiff's claims against Downes and his firm consist solely of allegations relating to the legal services they performed for Mrs. Rupert and the legal services they received from counsel in the prior lawsuit. Even accepting these allegations as true, Plaintiff has not, under the standard set forth in *Baumer*, alleged a nationwide conspiracy because engaging in an attorney-client relationship is not sufficient to indicate consent to or knowledge of a conspiracy.

Furthermore, Zusman and MZC are alleged to be members of the RICO conspiracy as a result of their representation of Susan and Mrs. Rupert in the prior California action. Under *Baumer*, the California Parties are also not proper defendants in this action because they are not alleged to have otherwise "conducted" or "participated in" the alleged conspiracy to deprive Plaintiff of his inheritance. Absent adequate claims against Zusman and MZC, there is no basis whatsoever for maintaining this action against the Downes or Schulte Anderson in California.

b. The Allegations in the FAC are Deficient on Their Face

Plaintiff's own allegations in the FAC further demonstrate that there is no single, nationwide conspiracy involving Downes and his firm. Instead, Plaintiff alleges that a RICO

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 7 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

conspiracy "has been carried out by . . . <u>four separate</u>, overlapping racketeering enterprises". (FAC, ¶98) (emphasis added.) These four enterprises are alleged to have engaged in eighteen predicate acts. (FAC, Appendix A.) For each act, Plaintiff identifies the defendant(s) who allegedly committed the misconduct. (*Id.*) However, Plaintiff does not allege that Downes or his firm participated in any predicate act alongside Zusman or MZC. (*Id.*) Plaintiff therefore appears to acknowledge that the neither Downes nor Schulte Anderson had knowledge of or consented to participate in any conspiracy involving the California defendants.

Plaintiff's allegations closely mirror the types of allegations found to be deficient in *Butcher's Union*. There, the plaintiffs, a consortium of unions, alleged a two-tier conspiracy consisting of both a "nationwide conspiracy" between four employers and their lawyers as well as four individual conspiracies between the lawyers, one of the employers, and a union agent. *Butcher's Union*, 788 F.2d at 537. Even though the plaintiffs conclusorily alleged a nationwide conspiracy among all of the defendants, the Ninth Circuit held that they had failed to demonstrate a "single racketeering enterprise" that encompassed the nonresident defendants. *Id.* at 539. On this basis, the court ruled that RICO's nationwide service of process provision was inapplicable.

Here, Plaintiff alleges virtually the same type of structure: one nationwide conspiracy involving Susan and each of Mrs. Rupert's former attorneys (Downes, Zusman, Whitman and Johansson) as well as four individual conspiracies involving the various defendants (identified in the FAC as the "four racketeering enterprises"). However, as in *Butcher's Union*, Plaintiff fails to sufficiently allege facts to demonstrate a "single racketeering enterprise" involving *all* of the defendants. Plaintiff, in fact, admits that the alleged RICO conspiracy consists of four <u>separate</u> enterprises which he claims have "overlapped" to create a nationwide conspiracy. The lack of any predicate act involving Downes/Schulte Anderson and Zusman/MZC, however, must negate Plaintiff's attempt to conclusorily allege a single conspiracy.

### C. **Plaintiff's Claims Are Barred By the Noerr-Pennington Doctrine**

Even if the alleged connection between Downes/Schulte Anderson and Zusman/MZC were sufficient to suggest a nationwide conspiracy, Plaintiff's claims are barred under the *Noerr-Pennington* doctrine because the alleged conspiracy is based on privileged petitioning activity.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 8 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

1  For this reason as well, Plaintiff cannot state a claim for a nationwide conspiracy so as to
2  implicate RICO's nationwide service provision.

3  "Under the *Noerr-Pennington* doctrine, those who petition any department of the
4  government for redress are generally immune from statutory liability for their petitioning
5  conduct." *Sosa v. DIRECTV, Inc.*, 423 F.3d 923, 929 (9th Cir. 2006). The right to petition
6  includes access to the judicial process and the courts. *Id.* at 929-30. The Ninth Circuit has also
7  expressly held the *Noerr-Pennington* doctrine applicable to cases under RICO such that the
8  doctrine will bar an action where the alleged conspiracy is based on the defendant's protected
9  petitioning activity. *See id.* at 932. Such petitioning activity includes representing another in
10 court proceedings or filing papers with the court. *See, e.g., Winters v. Jordan*, 2010 WL
11 2838634, *8 (E.D. Cal., July 20, 2010) (dismissing, *sua sponte*, RICO claims against attorney on
12 the basis of *Noerr-Pennington* doctrine).

13 Here, it cannot reasonably be disputed that Plaintiff seeks to hold Downes, Schulte
14 Anderson, Zusman and MZC liable for their involvement in the prior California action and for
15 filings made with the Court in 2009. Therefore, the alleged RICO conspiracy is based on
16 protected petitioning activity. Because there are no applicable exceptions to the *Noerr-*
17 *Pennington* doctrine, Plaintiff has failed to allege an actionable conspiracy involving Downes or
18 his firm and upon which nationwide service of process would be appropriate.

### III. PLAINTIFF HAS FAILED TO DEMONSTRATE PERSONAL JURISDICTION IS OTHERWISE PROPER

Where, as here, there is no federal statute conferring personal jurisdiction over a
defendant, the Court must assess whether personal jurisdiction is otherwise proper under the
state's long-arm statue. *See T.M. Hylwa, MD, Inc. v. Palka*, 823 F.2d 310, 312 (9th Cir. 1987).
As set forth in the Motion to Dismiss, this Court does not have personal jurisdiction over Downes
or Schulte Anderson under California's long-arm statute because they are not subject to either
general or specific jurisdiction in this State. (*See* Mtn. at p. 9, *et seq.*) In failing to address
defendants' arguments, Plaintiff appears to concede that Downes and his firm are not subject to
general personal jurisdiction in this State. The remainder of the Reply will therefore focus solely

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 9 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

on the question of whether Plaintiff has pled facts sufficient to demonstrate specific jurisdiction.

### A. Judge Fogel Already Ruled that Defendants Communications With Plaintiff Do Not Confer Specific Jurisdiction

Plaintiff challenges the Motion to Dismiss by arguing that Downes has failed to "adequately discuss" the "effects test" or the "purposeful direction" doctrine. (Opp., 14:1-5.) As the Ninth Circuit has noted, courts in this circuit "often use the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Regardless of the terminology used, the purposeful availment/direction doctrine is the first prong in the three-prong test for analyzing a claim of specific jurisdiction in this Circuit. *Id.* at 801-02. A plaintiff's failure to establish even this first prong of the three-part test means that "personal jurisdiction is not established in the forum state." *Id.* at 802. As set forth in the Motion to Dismiss, Downes has not engaged in any conduct directed toward California other than the sending of letters to Plaintiff – a fact that has already been considered and rejected by this Court as the basis of specific personal jurisdiction. Thus, Plaintiff's FAC is barred under the doctrine of *res judicata*.

        1. The "Effects Test" Does Not Change the Outcome of the Specific Jurisdiction Test

To the extent Plaintiff admits that he is seeking to assert personal jurisdiction under a theory of "purposeful direction," he is correct that he must also satisfy an additional three-part "effects test." *Id.* at 805-06. Under the "effects test," a plaintiff must demonstrate that the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 805. All three parts of the test must be met in order to properly allege purposeful direction. *Id.* Plaintiff has alleged no new facts, however, to suggest that Downes or his firm engaged in any intentional act aimed at California.

In fact, Judge Fogel expressly analyzed Plaintiff's allegations against Downes and Schulte Anderson under the "effects test." (Order, 5:18-21.) Applying the effects test, Judge Fogel concluded that Downes' communications with Plaintiff were insufficient to indicate purposeful direction. Rather, these communications "concerned the estate planning decisions of Irene, an

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 10 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

Oregon resident." (Order, 5:26.) Judge Fogel further noted that Downes and Schulte Anderson are an Oregon attorney and law firm whose "communications with William related solely to their representation of Irene under Oregon law." (Order, 5:28-6:1.) Thus, as this Court has already held, Downes' conduct did not meet the "effects test" and cannot form the basis for a finding of specific personal jurisdiction in this State.

> 2. The Location of Mrs. Rupert's Assets Does Not Change the Analysis Under the "Effects Test"

In an effort to avoid Judge Fogel's prior ruling, Plaintiff now argues that the Order was mistakenly based on a finding that "the disputed trust or estate assets had been located, and administered, by defendants Susan, Irene and Downes, in Oregon, not California." (Opp., 10:22-24.) However, Plaintiff misstates the content of Judge Fogel's Order. Contrary to Plaintiff's assertion, Judge Fogel did not refer to the location of Mrs. Rupert's assets as a factor influencing the outcome of the "effects test."

In determining whether a professional's communications directed to the forum state are sufficient to constitute purposeful availment (or direction), courts in this circuit look to whether the professional's conduct was intended to "promote business" in the forum. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); *see also Scholl v. F.D.I.C.*, 2009 WL 1625947, *7-8 (N.D. Cal. June 5, 2009) (holding no personal jurisdiction because purpose of communications directed toward California was to promote business in Oklahoma). As Judge Fogel has already held, the purpose of Downes' conduct was to promote business in Oregon for an Oregon client. (Order, 5:25-26.) This analysis is unaffected by the alleged discovery that some of Mrs. Rupert's assets might have been deposited with a financial institution with its headquarters in San Francisco.

Plaintiff also cites to *Metropolitan Life Ins. v. Neaves*, 912 F.2d 1062 (9th Cir. 1990), to suggest that a single letter from Downes to Plaintiff should suffice to hail Downes and his firm into this forum and that, therefore, Judge Fogel's prior ruling is incorrect. However, *Metropolitan* does not support a finding of purposeful availment or direction. There, the court held that the letter transmitted by the defendant to the plaintiff was the direct cause of the alleged injury. *Id.* at 1065. Here, however, Plaintiff acknowledges that Downes' June 2009 letters were

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 11 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

not the cause of any alleged damages. Rather, Plaintiff alleges that he was damaged, at the very earliest, when his mother disinherited him on July 23, 2009. (Opp., 16:15-16; FAC ¶67.) Plaintiff further admits that the effects of his apparent disinheritance were not felt until January 4, 2011 (in the Oregon lawsuit and after Mrs. Rupert's death). (Opp. 16:12-15.) Downes' June 2009 letters are therefore admittedly not the cause of Plaintiff's claimed injury and cannot form the basis for personal jurisdiction.

    3.  Plaintiff's New Allegations Concerning the Oregon Action Do Not Support a Finding of Personal Jurisdiction in California

Plaintiff also now seeks to implicate Downes in an alleged conspiracy to "block" Plaintiff's efforts to litigate issues in the prior Oregon action, Case No. CV10030497 (the "Oregon Action"). While not alleged in the FAC, Plaintiff asserts for the first time in his Opposition that Downes was "actively involved in the litigation strategy and adjudication of" the prior Oregon Action. (*See* FAC, ¶¶77-79 relating to the Oregon Action and which are devoid of any allegations concerning Downes.) However, Plaintiff does not explain how Downes was engaged in this strategy or why his alleged involvement in the *Oregon* Action has any bearing on the question of whether the imposition of personal jurisdiction in this Court would be proper.

From what the defendants can glean from the Opposition, Plaintiff apparently disputes that he "filed and served" a complaint against Downes in the Oregon Action. (*See* Opp., 22:16-22.) However, Exhibit 12 to Plaintiff's declaration in support of his Opposition is a letter from the Clackamus County clerk indicating that Plaintiff did, in fact, "file" a complaint against Downes and that Downes filed a response to the complaint. Although the clerk stated that the filing was deficient because it failed to include the proper fees necessary of a third-party complaint, this does not negate the fact that Plaintiff indeed filed and sought to hold Downes liable in Oregon. It is irrelevant for purposes of the Motion to Dismiss that Plaintiff ultimately decided not to pursue the action or pay the requisite filing fees.

Beyond Downes' temporary role as a third-party defendant in the Oregon Action, Plaintiff fails to allege any facts in the FAC to suggest that Downes or his firm were complicit in, or had any knowledge of, an alleged conspiracy to deprive Plaintiff of his rights. For the first time in his

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 12 -  REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

1  Opposition, however, Plaintiff now alleges that billing records from defendant Whitman show
2  that Whitman, Zusman, Susan and Downes were "actively involved" in the strategy to harm
3  Plaintiff. (Opp., 24:9-11; Rupert Decl., Ex. 14.)[3] Even if the Court were to consider the billing
4  records as evidence, the records do not reflect any communications between Downes and
5  Zusman. Rather, the billing records refer to separate communications either between Whitman
6  and Zusman or between Whitman and Downes. (Rupert Decl., Ex. 14.) These allegations also
7  appear to suggest that Plaintiff is seeking to implicate Zusman in a conspiracy to harm Plaintiff in
8  *Oregon*. Thus, even if the Court accepts Plaintiff's new allegations as true, they do nothing more
9  than to suggest that Oregon is a jurisdiction in which all of the defendants might otherwise be
10 subject to personal jurisdiction.

**B.  No New Facts Regarding Defendants' Contact With California Are Alleged**

12 In an effort to side-step this Court's prior Order, Plaintiff argues that there are "new facts"
13 alleged against the defendants to support personal jurisdiction. However, Plaintiff admits that the
14 only "new fact" alleged is that approximately $400,000 of Mrs. Rupert's assets were transferred
15 from Michigan to California in 2009. (Opp., 11:2-9.) As explained above, this "new" fact is
16 irrelevant to Plaintiff's claims because it was Plaintiff who conceded in the prior action that Mrs.
17 Rupert had never held assets in California. Plaintiff also fails to offer any legal arguments to
18 suggest that the location of Schwab's headquarters in San Francisco, California is relevant to this
19 case or that this fact might alter the personal jurisdiction analysis as to Downes or Schulte
20 Anderson in any way.

**C.  It Would Be Unreasonable to Hail the Oregon Defendants Into California**

22 Because Plaintiff has failed to satisfy the first prong of the three-prong specific personal
23 jurisdiction test, it is not necessary for this Court to reach the question of whether it would be
24 "reasonable" to hail Downes or his firm into this forum. *See Schwarzenegger*, 374 F.3d at 802
25 (failing to satisfy the first prong of the personal jurisdiction test negates the need to consider the
26 reasonableness prong). However, even if Plaintiff had met his burden under the purposeful

---

[3] Defendants object to the admission of the billing records. Exhibit 14 of Plaintiff's declaration lacks authentication and foundation, consists solely of hearsay, and is not otherwise subject to judicial admission under FRE 201.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 13 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

availment/direction test, it would still be unreasonable to force Downes or Schulte Anderson to litigate in California.

Downes and his firm are two of six Oregon defendants and, as set forth above, Plaintiff fails to show that no other forum exists in which he might properly allege his claims against all of the defendants. Of the two California defendants, one is a law firm with an office in Portland, Oregon and the other is a principal of that law firm who has represented an Oregon client in prior litigation with Plaintiff. This case is therefore not akin to those cases Plaintiff cites in his Opposition.

For example, Plaintiff cites to *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) and *Harris Rutsky & Co., Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003), in support of his argument that it is "reasonable" to hail Downes or his firm into this forum. Plaintiff asserts that each of these cases held that California has a strong interest in addressing wrongs committed on California residents. However, both *Dole Food* and *Harris Rutsky* involved international defendants who had directed their conduct toward California plaintiffs. After concluding that the defendants were subject to personal jurisdiction on the basis of systematic contacts with California, the courts each concluded that California also had an interest in providing a forum for its residents. Unlike the present case, however, California was the *only* possible forum within the United States for the plaintiffs' claims in those matters. Furthermore, this Court has already held, and Plaintiff does not contest, that Downes and his firm do not have systematic contacts with California and are not subject to general jurisdiction in this State. Thus, *Dole Food* and *Harris Rutsky* are inapplicable to the facts of this case.[4]

Plaintiff also argues that it would not be "unduly burdensome" to force six Oregon defendants to travel to San Jose to defend themselves against Plaintiff's claims. This is an absurd notion and even Plaintiff must admit that the costs of one California defendant and Plaintiff traveling to Oregon to litigate this case would be far less than the costs Plaintiff proposes.

---

[4] Plaintiff also cites *Shaffer v. Heitner*, 433 U.S. 186 (1977) to suggest that California has a strong interest in this case. However, *Shaffer* held only that where the underlying claim relates to a claim for property located within the state, the state will have an interest in the adjudication of the claim. *Id.* at 207-08. Here, Plaintiff is not seeking recovery of property held by the Downes or Schulte Anderson in California or elsewhere. As such, *Shaffer* is not instructive.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 14 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

1  Plaintiff further argues that it would be more efficient to try this case in California because
2  documents and witnesses from Schwab are located in San Francisco. However, Schwab is, at
3  best, a third-party witness to the alleged RICO conspiracy. Furthermore, Plaintiff appears to
4  already have access to account statements from Schwab that allegedly reflect amounts transferred
5  to the accounts. (Rupert Decl., Exs. 6-11.) The location of Schwab's headquarters in California
6  is therefore irrelevant to whether Plaintiff will be able to use documents from Schwab to prove
7  his claims.

## IV. CONCLUSION

Plaintiff's FAC is nothing more than an abusive pleading that seeks to hold Downes and Schulte Anderson liable for their role as counsel to Mrs. Rupert and as defendants in Plaintiff's prior lawsuits. The basis for the alleged conspiracy is that the defendants "defrauded" the Court by successfully obtaining dismissals of Plaintiff's prior, baseless claims. This cannot, as a matter of law, form the basis of a nationwide conspiracy. Even if it could, Plaintiff's claims are also barred by the doctrine of *res judicata* because this Court has already held that Downes and his firm are not subject to personal jurisdiction in this State. Furthermore, Plaintiff cannot avail himself of the nationwide service provision in RICO because he has failed to meet his burden of showing that no other jurisdiction exists in which all of the defendants would otherwise be subject to jurisdiction and because no nationwide conspiracy has been pled. For each of these reasons, Downes and Schulte Anderson respectfully request that the Court grant the Motion to Dismiss.

Dated: December 20, 2012                    LONG & LEVIT LLP


By:     */s/ Kate G. Kimberlin*
        JESSICA R. MACGREGOR
        KATE G. KIMBERLIN
        Specially Appearing for Defendants
        GILE R. DOWNES and SCHULTE,
        ANDERSON, DOWNES, ARONSON &
        BITTNER, P.C.

DOCS\S5070-526\626490.2

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 15 -

REPLY RE 12(B)(2) MOTION TO DISMISS
CV-12-05292 LHK

# Exhibit 1



Select ...
Los Angeles
San Francisco
Portland

## Portland

Portland Office
811 SW Naito Parkway, Suite 420
Portland, Oregon 97204
T - 503.224.9294
F - 503.224.1123

**Click for Google Maps**
**Click for Mapquest**



MZC

Los Angeles  |  San Francisco  |  Portland

Copyright 2012 Markun Zusman Compton LLP   /* Site by Asmble */

**Disclaimer** The information and materials on this web site are for general informational purposes only. Although prepared by professionals, these materials are not intended, and should not be considered or used as a substitute for legal counseling in specific situations. You should not act or refrain from acting based on information obtained from this site. The information provided at this site is not privileged and does not create an attorney-client relationship with Markun Zusman & Compton LLP or any of the firm's attorneys. This web site is not an offer to provide official legal representation.

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 465 California Street, 5th Floor, San Francisco, California 94104.

On December 20, 2012, I served the document(s) named below on the following attorney(s) of record and/or interested parties in the case of *William Rupert v. Gile R. Downes, et al. USDC Northern District of California Case No. CV-12-05292.*

REPLY IN SUPPORT OF DEFENDANTS GILE R. DOWNES' AND SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

SERVED UPON:

***Plaintiff***

William Rupert
P.O. Box 66403
Scotts Valley, CA 95067-6403

☒ (BY MAIL) I am readily familiar with Long & Levit LLP's practice for collection and processing of documents for mailing with the United States Postal Service. I caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list, with postage thereon fully prepaid, to be deposited with the United States mail at San Francisco, California, that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 20, 2012, at San Francisco, California.

_____
Sasha Chittum

DOCS\S5070-526\627004.1

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 2 -

PROOF OF SERVICE
CV-12-05292 HRL