1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

WILLIAM RUPERT
P.O. Box 66403
Scotts Valley, CA 95067-6403
Phone:   (831) 336-9520
Fax:       (831) 336-9528
Email:   emfwtr@comcast.net

Plaintiff
Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT,<br><br>                          Plaintiff,<br><br>         vs.<br><br>SUSAN BOND; GILE R. DOWNES;<br>EDWARD S. ZUSMAN;  MATTHEW<br>WHITMAN; MICHELLE JOHANSSON;<br>JAMES RUPERT; SCHULTE, ANDERSON,<br>DOWNES, ARONSON & BITTNER, P.C.,<br>an Oregon Professional Corporation;<br>MARKUN ZUSMAN & COMPTON, LLP,<br>a Limited Liability Partnership Headquartered<br>in California; CARTWRIGHT WHITMAN<br>BAER PC, an Oregon Professional<br>Corporation; and DOES 1 to 20,<br><br>                          Defendants. | **Case No.: 5:12-cv-05292 LHK (HRL)**<br><br>**NOTICE OF MOTION AND MOTION<br>OF  PLAINTIFF WILLIAM RUPERT<br>FOR LEAVE TO FILE SECOND<br>AMENDED & SUPPLEMENTAL<br>COMPLAINT; MEMORANDUM OF<br>POINTS AND AUTHORITIES<br>[FRCP 15(a)(2),(d)]**<br><br>Date:    November 21, 2013<br>Time:   1:30 p.m.<br>Dept:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh<br><br>Action Filed:   October 12, 2012 |

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
[PROPOSED] SECOND AMENDED & SUPPLEMENTAL COMPLAINT............    1

**MEMORANDUM OF POINTS AND AUTHORITIES**................................    2

I.      INTRODUCTION..............................................................    2
II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND..................    4
III.    LEGAL STANDARD ..........................................................    7
IV.     ARGUMENT ..................................................................    8
        A.      The [Proposed] Second Amended & Supplemental Complaint Is Better
                Organized, Has A Table Of Contents, Alleges New Jurisdictional Facts,
                Adds New Federal Question Claims, And Adds New RICO Defendants
                Regarding The Predicate Acts Of Obstruction Of Justice, Mail Fraud
                And Wire Fraud, Pertaining To Both *Rupert I,* And The Instant Case,
                *Rupert II,* With Regards To The FRCP 12(b)(2) Motions To Dismiss....    8

        B.      In *Rupert I,* Judge Jeremy Fogel Was Influenced By the 4 Lawyers
                Who All Concluded, Without Explanation Or Proof, That The Late
                Irene Rupert Was The Successor Trustee Of The Samuel Rupert Trust,
                After The Death Of Samuel Rupert On October 12, 2008......................    11

        C.      In *Rupert II,* 2 Of The 4 Lawyers From *Rupert I,* And 3 New Lawyers
                Are Again Contending The Late Irene Rupert Was The Successor
                Trustee Of The Samuel Rupert Trust, After The Death Of Samuel
                Rupert On October 12, 2008, In An Attempt To Influence The
                Honorable Lucy H. Koh, Concerning This Important Issue ...................    13

        D.      The [Proposed] Second Amended & Supplemental Complaint Alleges
                There Is Not One Scintilla Of Evidence To Support The Contention
                That Irene Rupert Was The Successor Trustee, And All 7 Lawyers
                Are Guilty Of Obstruction Of Justice, For Endeavoring To Corruptly
                Influence United States District Court Judges, By Making Material
                Misrepresentations of Fact, Without Any Evidentiary Support................    15

        E.      Unless These 7 Lawyers Can Produce Some Evidence To Show When,
                And How, The Late Irene Rupert Accepted Her Nomination To Be The
                Successor Trustee, And That She Actually Performed The Duties Of
                The Successor Trustee, They Are All Guilty Of Obstruction Of Justice,
                And Leave To File The [Proposed] Second Amended & Supplemental
                Complaint Should Be Granted, So All 7 Lawyers And Co-Conspirators
                In This Multi-District Case, Can Be Held Accountable ...........................    16

V.      CONCLUSION ...............................................................    21

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Butcher's Union Local No. 498 v. SDC Investment, Inc.
    788 F.2d 535 (9th Cir. 1986) ................................................. 6

Foman v. Davis
    371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).................................... 7

Huntair, Inc. v. Gladstone
    774 F. Supp. 2d 1035 (N.D. Cal. 2011)............................................. 6

Leadsinger, Inc. v. BMG Music Publ'g,
    512 F.3d 522, 532 (9th Cir. 2008)............................................... 8

Portland Trailer & Equipment, Inc. v. A-1 Freeman Moving & Storage, Inc.
    166 Or. App. 651, 654, 5 P.3d 604 (2000)........................................ 10

**Federal Statutes**

    UNITED STATES CODE

        18 U.S.C. § 1503................................................. 19
        18 U.S.C. § 1503................................................. 19
        18 U.S.C. § 1962(c)(d)........................................... 4
        18 U.S.C. § 1965(b)............................................. 1,6
        28 U.S.C. § 2201............................................... 2,10
        28 U.S.C. § 2202............................................... 2,10
        42 U.S.C. § 1985............................................... 2,10

**Federal Rules**

    FEDERAL RULES OF CIVIL PROCEDURE

        FRCP 11.................................................. 3,6,14,21
        FRCP 12(b)(2).......................................3,5,6,11,14,15
        FRCP 12(b)(6)............................................ 6,14,15
        FRCP 15(a)(2)............................................... 1,7
        FRCP 15(d).................................................. 1,7

**State Statutes**

    CALIFORNIA BUSINESS & PROFESSIONS CODE

        Bus. & Prof. Code § 6068(d).................................... 20

**TABLE OF AUTHORITIES (Continued)**

**Page(s)**

**State Statutes (Continued)**

MICHIGAN COMPILED LAWS

MCL § 700.7303..................................................................   19

OREGON REVISED STATUTES

ORS 9.460...........................................................................   20
ORS 21.100.........................................................................   20
ORS 130.600.......................................................................   17
ORS 130.600(1)(a) .............................................................   19
ORS 130.710(2)(b)(c)..........................................................   18,19

**State Rules**

OREGON RULES OF CIVIL PROCEDURE

ORCP 4 L .............................................................................   10

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2013, at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Lucy H. Koh, Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California, Plaintiff  William Rupert will and hereby does move, pursuant to Federal Rule of Civil Procedure 15(a)(2),(d), for an order granting leave to the Plaintiff for him to file his [Proposed] Second Amended & Supplemental Complaint, on the ground that the proposed pleading better explains and clarifies plaintiff's theory of the case, by adding additional federal claims, additional defendants, and additional factual allegations that show jurisdiction under 18 U.S.C. § 1965(b), in this district, is entirely fitting and proper.

This motion is made under Federal Rule of Civil Procedure 15(a)(2),(d).  This motion for leave to file Plaintiff's [Proposed] Second Amended & Supplemental Complaint is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of William Rupert, including the [Proposed] Second Amended & Supplemental Complaint which is attached thereto as Exhibit #1, and the papers, records and pleadings on file herein and such further evidence as may be presented at the hearing on this motion.

Dated:  June 11, 2013

By: _ /s/ _____
                     William Rupert
                     Plaintiff
                     Pro Se

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.      INTRODUCTION

Plaintiff William Rupert ("William"), seeks leave to amend his operative pleading, his First Amended Complaint ("FAC"), and also to supplement his FAC.

Amendment is sought to address the perceived deficiencies in the plaintiff's FAC, as set forth in the 3 pending FRCP 12(b)(2) Motions to Dismiss (ECF Nos. 18, 33, 36), the pending FRCP 12(b)(6) Motion to Dismiss (ECF No. 50), and the pending FRCP 11 Motion for Sanctions (and a federal vexatious litigant determination) (ECF No. 65).  The plaintiff seeks permission to file a Second Amended Complaint, to allege additional jurisdictional facts, to add additional federal claims[1], to add additional defendants[2], and to better clarify and explain his theory of the case.  To wit, the gravamen of plaintiff's case is for the misappropriation of trust assets by an intermeddling trustee *de son tort,* defendant Susan Bond ("Susan"), which is non-communicative conduct, that was carried out through fraudulent schemes, which relied upon conduct that amounts to wire fraud, mail fraud, bank fraud, and the interstate transportation of stolen property, contrary to the RICO statutes.  Defendant Susan later recruited defendant Gile

---

[1]  The 2 new federal claims arise under: (1) 42 U.S.C. § 1985, for conspiracy to deprive William of his federal constitutional right to a fair and full trial in Oregon, against defendants Susan, James, Whitman, Johansson and Cartwright (for their wrongful collaborations, through improper means, with former Judge Steven L. Maurer, and Senior Judge Elizabeth Welch); and, (2) under 28 U.S.C. §§ 2201, 2202, for a declaratory judgment regarding the lawful occupant of the Office of the Trustee, for the Samuel Rupert Trust, after Samuel Rupert's death on October 12, 2008.

[2]  Through amendment, permission is sought to add current non-party co-conspirators Jessica MacGregor and Kevin K. Eng, as additional RICO Defendants, with regards to the counts for obstruction of justice, mail fraud and wire fraud, that pertain to the proceedings which were had during 2009 and 2010 before Judge Jeremy Fogel (RICO Stage 3).  Permission to add Jessica MacGregor's law firm, Long & Levit, LLP, as an additional RICO Conspiracy defendant, and as an additional RICO Enterprise, is also sought, with regards to the counts that arise from the proceedings before Judge Jeremy Fogel.  (RICO Stage 3).

R. Downes ("Downes") to assist her in stonewall and cover-up schemes, but even this RICO Stage 2 activity did not involve any court proceedings or petitioning activity.  Still later, in RICO Stage 3, after William filed and served a federal tort action for intentional interference with economic relations, conspiracy, and declaratory relief, under the Court's diversity jurisdiction, in 5:09-cv-02758 JF (RS) ("*Rupert I*"), defendants Susan and Downes recruited additional lawyers, who participated in federal court proceedings and petitioning activity, but this was only incidental conduct, and/or "sham" petitioning activity, designed to obstruct justice and/or abuse the legal process (so it is alleged to be something other than protected petitioning activity covered by the litigation privilege, based upon the crime and fraud exceptions).

Supplementation is sought based upon the plaintiff's allegations that the 3 pending FRCP 12(b)(2) Motions to Dismiss, in the instant case, (*Rupert II*), are all trying to perpetrate another fraud upon the court, by repeating some of the same material falsehoods that were successfully foisted off on Judge Jeremy Fogel in the earlier federal action (*Rupert I*).  The plaintiff seeks permission to file a Supplemental Pleading, to add a supplemental RICO Stage 6, and to add an additional RICO Defendant for this RICO Stage 6[3].  Supplementation is sought to address the additional violations of the RICO statutes (obstruction of justice, mail fraud, wire fraud), that are currently taking place through *inter alia* the continuing false assertion, and

---

[3]  Through supplementation, permission is sought to add RICO Defendant Kate G. Kimberlin (another Long & Levit attorney, who represents defendant Downes in the instant case, *Rupert II*, and filed the FRCP 12(b)(2) motion to dismiss, and the Rule 11 Motion for Sanctions, on behalf of defendant Downes), with regards to the supplemental RICO Stage 6, where she is charged with obstruction of justice, mail fraud and wire fraud, for *inter alia,* repeatedly alleging Irene Rupert was the Successor Trustee of the Samuel Rupert Trust, after Samuel Rupert died, which is a corrupt endeavor to influence Judge Koh, because there has never been one scintilla of evidence to support that contention.  Permission to name Long & Levit, LLP as an associated RICO Enterprise in RICO Stage 6, and as a RICO Conspiracy defendant is also sought.

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

material misrepresentation of fact[4], that the late Irene Rupert was the Successor Trustee of the Samuel Rupert Trust (in Oregon), after Samuel Rupert died on October 12, 2008, until she died on March 12, 2010.

Accordingly, the plaintiff has prepared a [Proposed] Second Amended & Supplemental Complaint, which is attached to the concurrently filed Declaration of William Rupert, as his Exhibit #1, and he seeks leave to file the amended and supplemental pleading.

## II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On October 12, 2012, Plaintiff, proceeding *pro se,* filed his original Complaint for Damages (ECF No. 1), which was accompanied by the required Civil Cover Sheet.  (ECF No. 1, Ex. 1).  The Civil Cover Sheet indicates Federal Question Jurisdiction, in an original proceeding under the Racketeer Influenced and Corrupt Organizations ("RICO") Act.  The Civil Cover Sheet further indicates the cause of action arose under 18 U.S.C. § 1962(c)(d), and it was briefly described as being for "embezzlement, fraud and forgery by errant trustee de son tort, aided and abetted by errant attorneys".

The defendants named in the caption were Susan Bond ("Susan"), and James Rupert ("James") (the Plaintiff's sister from Oregon and his brother from Michigan); Oregon attorney Gile R. Downes ("Downes"), and his law firm Schulte, Anderson, Downes, Aronson & Bittner, P.C. ("Schulte"); California attorney Edward S. Zusman ("Zusman"), and his law firm Markun,

---

[4]  If in fact the principal place of administration of the Samuel Rupert Trust was in California, after William Rupert became the Successor Trustee on July 8, 2009, as Plaintiff William contends, it changes the personal jurisdiction analysis, in terms of the "Nexus" between the parties, the causes of action, and the State of California.  The true "situs" of the Samuel Rupert Trust, and the true location of the disputed trust assets in this case, are significant and material jurisdictional facts.  The fatuous assertions regarding the "sham" Irene Rupert trusteeship have been made in bad faith, to obscure the true jurisdictional facts, and to obstruct justice in this case.

4

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

Zusman & Compton, LLP ("Markun"); and Oregon attorneys Matthew Whitman ("Whitman") and Michelle Johansson ("Johansson"), and their law firm Cartwright Whitman Baer PC ("Cartwright"). Federal actions for RICO and RICO Conspiracy were alleged, in addition to pendent state law claims for Conversion, Intentional Interference with Expected Inheritance ("IIEI"), violations of the Oregon Racketeer Influenced and Corrupt Organizations ("ORICO") Act, and Conspiracy (to convert, interfere and violate ORICO).

The original complaint was not served, because on October 26, 2012, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 3). The FAC did not add any new causes of action or any new parties as defendants. The primary difference between the FAC and the original Complaint was that the FAC had an attached Appendix A, which set forth the detailed information generally required in a RICO Case Statement, and an attached Appendix B, which set forth the detailed information that would be pertinent for an ORICO Case Statement.

The Plaintiff notified all defendants of his federal action by way of Requests for Waiver of Service of Summons, which were mailed to all defendants.

The Plaintiff filed his Declination to Proceed Before a US Magistrate Judge on November 19, 2012. (ECF No. 15). Thereafter the case was reassigned to the Honorable Lucy H. Koh, also on November 19, 2012. (ECF No. 17).

On November 21, 2012, the FRCP 12(b)(2) Motion to Dismiss ("MTD") of attorney defendants Downes and Schulte was filed (ECF No. 33), by attorneys Jessica MacGregor and Kate G. Kimberlin, from the California law firm of Long & Levit, LLP.

On November 30, 2012 and December 7, 2012, the FRCP 12(b)(2) MTD, and Amended MTD, of defendants Susan and James was filed (ECF Nos. 23 & 33), by attorney Devin N. Robinson, from the Oregon law firm known as Law Offices of Devin Robinson, P.C.

On December 17, 2012, the FRCP 12(b)(2) MTD of attorney defendants Whitman, Johansson and Cartwright was filed (ECF No. 36), by attorney James Krieg, from the California law firm of Krieg Keller Sloan Reilley & Roman, LLP.

On January 7, 2013, the FRCP 12(b)(6) MTD of attorney defendants Zusman and Markun was filed (ECF No. 50), by Kevin K. Eng, of the defendant law firm Markun.

On February 8, 2013, the FRCP 11 Motion for Sanctions (and for a federal vexatious litigant determination), was filed (ECF No. 65), by attorneys Jessica MacGregor and Kate G. Kimberlin, from the California law firm Long & Levit, LLP.

All of the above motions were timely opposed by Plaintiff, and timely Reply Memorandums of Points and Authorities were also filed.  A common criticism of the FAC, by all of the defendants, is that the FAC does not clearly allege a jurisdictional basis under 18 U.S.C. § 1965(b), by specifically alleging that no other district would have jurisdiction over all of the RICO Defendants and Co-Conspirators.

According to all defendants, the Plaintiff has only made the "conclusion" that no other district would have jurisdiction, in his opposition papers, such that the FAC suffers from the same deficiencies that were identified in the cases of *Butcher's Union Local No. 498 v. SDC Investment, Inc.,* 788 F.2d 535 (9th Cir. 1986), and in *Huntair, Inc. v. Gladstone,* 774 F. Supp. 2d 1035 (N.D. Cal. 2011).

The defendant's Reply Memorandums also object to the Plaintiff's requests for leave to amend, contending it would be futile, and that pleadings cannot be amended by way of the Opposition Memorandums the Plaintiff has filed (which is a correct statement of the law).

All 5 motions have been set for hearing on July 18, 2013, at 1:30 p.m., in Courtroom 8, before the Honorable Lucy H. Koh.

Now, in order to demonstrate that granting leave to amend would not be futile, the

Plaintiff is bringing this motion for leave to file his [Proposed] Second Amended &

Supplemental Complaint, which remedies the perceived defects mentioned by the various

defendants in their various MTD's and the Motion for Rule 11 Sanctions.

### III.   LEGAL STANDARD

FRCP 15 sets the standards for Amended and Supplemental Pleadings.  In this instance,

plaintiff's request for leave to amend is governed by FRCP 15(a)(2), because the plaintiff has

already amended his initial pleading once, as a matter of course, when he filed his FAC on

October 26, 2012 (ECF No. 3), before service was effected upon any party.

FRCP 15(a)(2) states the following:

"*Other Amendments*.  In all other cases, a party may amend its pleading only with the
opposing party's written consent or the court's leave.  The court should freely give leave
when justice so requires."

FRCP 15(d), on the other hand, governs Supplemental Pleadings, and it states:

"On motion and reasonable notice, the court may, on just terms, permit a party to serve
a supplemental pleading setting out any transaction, occurrence, or event that happened
after the date of the pleading to be supplemented.  The court may permit
supplementation even though the original pleading is defective in stating a claim or
defense.  The court may order that the opposing party plead to the supplemental
pleading within a specified time."

In exercising its discretion to grant, or deny, leave to amend, the factors to be considered

are generally those set forth in the following opinion from the Ninth Circuit:

"The Federal Rules of Civil Procedure state that leave to amend 'shall be freely given
when justice so requires.'  Fed.R.Civ.P. 15(a)(2).  The decision of whether to grant leave
to amend nevertheless remains within the discretion of the district court, which may
deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the
movant, repeated failure to cure deficiencies by amendments previously allowed, undue
prejudice to the opposing party by virtue of allowance of the amendment, [and] futility
of amendment.' *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).
An outright refusal to grant leave to amend without a justifying reason is, however, an

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

abuse of discretion.  *Id.*"

Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008)

## IV.   ARGUMENT

> **A.   The [Proposed] Second Amended & Supplemental Complaint Is Better Organized, Has A Table Of Contents, Alleges New Jurisdictional Facts, Adds New Federal Question Claims, And Adds New RICO Defendants Regarding The Predicate Acts Of Obstruction Of Justice, Mail Fraud And Wire Fraud, Pertaining To Both *Rupert I*, And The Instant Case, *Rupert II*, With Regards To The FRCP 12(b)(2) Motions To Dismiss**

The Plaintiff's FAC references the RICO schemes as RICO Phases 1-4, whereas the [Proposed] Second Amended & Supplemental Complaint ("SA&SC"), references the RICO schemes as RICO Stages 1-6.  The differences are twofold.  First, former RICO Phase 2, is now referenced as RICO Stage 2 *and* RICO Stage 3, to distinguish that court proceedings and petitioning activity only began in RICO Stage 3, with the proceedings before Judge Jeremy Fogel in *Rupert I*, long after the wrongful and fraudulent schemes of defendants Susan, Downes and Schulte, in RICO Stage 1 and RICO Stage 2, looted the Samuel Rupert Trust.  Second, RICO Stage 6 is based upon occurrences after the commencement of this case, and new allegations of obstruction of justice, mail fraud and wire fraud, in connection with the motions currently before the Court, by the various defendants.

Although the SA&SC is necessarily somewhat longer, it how has a Table of Contents, that makes it much more user friendly, and efficient, for all concerned.  It additionally has an expanded and more detailed Appendix A (RICO Stages 1-6; 36 Predicate Acts Occasions; and 87 Individual Predicate Acts), an expanded and more detailed Appendix B (ORICO Stages 1-6; 11 Predicate Acts Occasions; and 28 Individual ORICO Predicate Acts), and a new Appendix C, which is a Chart showing the RICO Defendants, the RICO Co-Conspirators, and the RICO

8

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

Enterprises, which are alleged to be involved in each of the RICO Stages 1-6.

New jurisdictional facts are alleged, including the affirmative allegation that no other district would have jurisdiction over all RICO Defendants and RICO Co-Conspirators.  (See Declaration of William Rupert, Ex. 1; SA&SC, p. 1:24-25, fn. 1).

With regards to defendant James, the SA&SC now names him as a RICO Conspiracy defendant, and alleges his participation in defendant Susan's fraudulent schemes to underfund the Samuel Rupert Trust, by way of the fraudulent email he sent to Plaintiff on August 31, 2010, during RICO Stage 4, as Predicate Acts 22, for wire fraud. (See Declaration of William Rupert, Ex. 1; SA&SC; Appendix A, p.12)

New jurisdictional facts are also alleged concerning defendant Downes, concerning the fraudulent letter he mailed to the Michigan attorney who prepared Samuel and Irene Rupert's estate plans in 1995, and amended them in 2004, on or about June 16, 2009, wherein he prevented William from obtaining any information, by the knowingly false assertions that: (1) Irene Rupert was the Successor Trustee of the Samuel Rupert Trust; (2) defendant Downes represented her in that capacity; and, (3) the Michigan law firm should not share any information with Plaintiff William.  This is another example of mail fraud, as alleged in the SA&SC (See Declaration of William Rupert, Ex. 1; SA&SC, ¶ 55, p. 42:21-43:11; Appendix A, p. 5), which had multi-district effects, that were felt outside of the State of Oregon.

New jurisdictional facts are also alleged with regards to Oregon defendants Whitman, Johansson and Cartwright, during RICO Stage 5, on May 27, 2011, when they availed themselves of the privileges of doing business in the State of California, by retaining the services of a California professional process serving company (Eunice Attorney Services, 212 Laurel Street, Suite 207, Santa Cruz, CA 95060), who was retained to personally serve an

Oregon Writ of Garnishment on the Plaintiff (in his capacity as the trustee of the Samuel Rupert Trust), in violation of the California Sister-State Money Judgment Act.  (See Declaration of William Rupert, Ex. 1; SA&SC, ¶ 81, p. 59:7-60:1; Appendix A, p. 13).  An Oregon case regarding "purposeful availment" that is directly on-point is the case of *Portland Trailer & Equipment, Inc. v. A-1 Freeman Moving & Storage, Inc.* 166 Or. App. 651, 654, 5 P.3d 604 (2000).  In the *Portland Trailer* case, the Oregon appellate court allowed a tort action for wrongful initiation of civil proceedings to proceed, against an Oklahoma company who had retained the services of an Oregon process serving company, which served the Oklahoma legal papers upon the Oregon business.  It was considered "purposeful availment" of the privileges of conducting activities in Oregon, such that Oregon's long arm personal jurisdiction statute, ORCP 4 L, was applicable.

As previously mentioned, the SA&SC also seeks to add 2 new federal question claims, under 42 U.S.C. § 1985 and under 28 U.S.C. §§ 2201, 2202.  (See Declaration of William Rupert, Ex. 1; SA&SC, p. 95-97).

Additionally, as previously mentioned, the SA&SC seeks to add 3 new attorney RICO Defendants from California (Kevin K. Eng, Jessica MacGregor, and Kate G. Kimberlin), a new California law firm defendant (Long & Levit, LLP), and a new RICO Enterprise (the Long & Levit RICO Enterprise), with regards to RICO Stage 3 and/or RICO Stage 6.

Accordingly, the Plaintiff has made a good faith effort to clarify, expand, and further explain significant elements of the FAC that seemed to confuse the various defendants, as illustrated by the 5 pending motions currently before the Court.

Because the proceedings before Judge Jeremy Fogel, in *Rupert I,* took place in late 2009 and 2010, adding new RICO defendants, for the obstructions of justice, mail fraud and wire

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

fraud that allegedly took place in the proceedings before him, does not create any statute of

limitations problems, due to the 4 year statute of limitations for civil RICO actions.

Under these circumstances, leave to file the SA&SC should be granted.

**B.    In *Rupert I,* Judge Jeremy Fogel Was Influenced By the 4 Lawyers Who All Concluded, Without Explanation Or Proof, That The Late Irene Rupert Was The Successor Trustee Of The Samuel Rupert Trust, After The Death Of Samuel Rupert On October 12, 2008**

In both *Rupert I,* before Judge Jeremy Fogel, and again in the instant case, *Rupert II,*

before the Honorable Lucy H. Koh, defendant Downes has submitted declarations wherein he

swears to the truth of the following facts: (1) the late Irene Rupert was the Successor Trustee of

the Samuel Rupert Trust, after the death of Samuel Rupert on October 12, 2008; and, (2) he

represented the late Irene Rupert in her capacity as the Successor Trustee of the Samuel Rupert

Trust, from May of 2009 until her death on March 12, 2010.  (ECF 18-5, p.4:5-16; ECF 19,

p.3:18-27).

In *Rupert I*, the Declaration of Gile R. Downes (ECR 18-5) was submitted in support of

a Joint Motion To Dismiss under FRCP 12(b)(2), along with the declarations of the late Irene

Rupert (ECF 30, p. 19-20), and defendant Susan Bond (ECF 30, p. 22-23).  The supporting

Memorandum of Points and Authorities also contended Irene Rupert had been the Successor

Trustee of the Samuel Rupert Trust, after the death of Samuel Rupert.  The supporting

Memorandum of Points and Authorities was filed electronically with the court, and served by

mail on William, by defendant Zusman (for Susan and Irene Rupert), and current non-parties

Kevin K. Eng (for Susan and Irene Rupert), and Jessica MacGregor (for Downes). (ECF 30, p.

25-26)

In *Rupert I*, the operative pleading, the FAC, included a request for declaratory relief, to

resolve the disputes over the occupancy of the Office of the Trustee for the Samuel Rupert

Trust, after the death of Samuel Rupert.  (ECF 18-2, p. 29:2-15)   Accordingly, whether or not

Irene Rupert was the Successor Trustee of the Samuel Rupert Trust was a material disputed

jurisdictional issue in *Rupert I.*

　　　　　The Reporter's Transcript of the hearing before Judge Fogel, on January 8, 2010,

regarding the Joint Motion to Dismiss, shows that defendant Zusman and current non-party

Jessica MacGregor repeated the themes that Irene Rupert was the Successor Trustee and all

assets were purportedly located in Oregon, not California. (ECF 58, p. 12-37)

　　　　　Although Irene Rupert's alleged "trusteeship" was a disputed issue in *Rupert I,* when

Judge Fogel ruled upon the motion, 8 months after the hearing, his Order Granting Joint Motion

To Dismiss For Lack of Personal Jurisdiction (ECF 18-3) shows that he did not regard the issue

as disputed.  The Order shows that Judge Fogel assumed that 4 attorneys would not all tell him

a lie, so his order is written from the standpoint of just accepting the fact that the principal place

of administration of the Samuel Rupert Trust never left Oregon, and there were no disputed

assets in California, so there was an insufficient "Nexus" between California, and the

Defendants' alleged conduct.

　　　　　Accordingly, the 4 attorneys in that case[5] clearly influenced Judge Fogel, because the

disputed "trusteeship" issue wasn't resolved by any tangible evidence, as none was submitted to

show that Irene Rupert had ever been the Successor Trustee.  Whether they corruptly influenced

Judge Fogel depends upon whether or not they were telling the truth, as Judge Fogel reasonably

---

[5]  The 4 attorneys were defendants Downes and Zusman, and current non-parties Jessica
MacGregor and Kevin K. Eng.  The plaintiff seeks permission to name MacGregor and Eng
as additional RICO Defendants, concerning RICO Stage 3 (both MacGregor and Eng), and
supplemental RICO Stage 6 (just MacGregor, but not Eng, who no longer contends Irene
Rupert was the Successor Trustee of the Samuel Rupert Trust).

assumed they were.

      **C.**    **In *Rupert II*, 2 Of The 4 Lawyers From *Rupert I*, And 3 New Lawyers Are Again Contending The Late Irene Rupert Was The Successor Trustee Of The Samuel Rupert Trust, After The Death Of Samuel Rupert On October 12, 2008, In An Attempt To Influence The Honorable Lucy H. Koh, Concerning This Important Issue**

      In the instant case, *Rupert II*, the operative pleading, the FAC, again alleges that the late Irene Rupert never was the Successor Trustee, and the "sham" trusteeship claim was only made for the first time by defendant Downes, on June 10, 2009 (ECF 30, p. 9-10), in bad faith, as a smokescreen to cover-up and obscure the breaches of trust by defendant Susan, over the preceding 8 months.   From October 12, 2008 until May 12, 2009, defendant Susan openly functioned as the "Successor Trustee", for all assets of both trusts (which were co-mingled), and she even mailed William a defective Successor Trustee's report, on May 12, 2009 (ECF 58, 82-83), to which William promptly objected in writing, on May 17, 2009 (ECF 58, p. 87-92).

      After receiving William's letter of objection to her financial report, defendant Downes was recruited by Susan, and he fabricated the "sham" Irene Rupert Trusteeship, which has never had any basis in fact and law.  One of the purposes of *Rupert I,* was to obtain judicial declarations that: (1) Irene Rupert was never the Successor Trustee of the Samuel Rupert Trust; (2) while the Office of the Trustee was occupied by defendant Susan, it was still technically and legally vacant, because she was an intermeddling trustee *de son tort*; and, (3) William Rupert became the Successor Trustee on July 8, 2009, when he filed the vacancy by delivering his acceptance of trust papers (ECF 48, p. 13-17), to the qualified beneficiaries in the manner required by the terms of the Trust, by Michigan law, and by Oregon law.

      Now, in the instant case, *Rupert II*, Gile R. Downes has once again submitted a declaration claiming Irene Rupert was the Successor Trustee after Samuel Rupert died, and he

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

represented her in that capacity. (ECF 19, p.3:18-27).   His declaration supports the FRCP

12(b)(2) Motion to Dismiss filed by current non-party Jessica MacGregor, and current non-

party Kate G. Kimberlin.

The same contentions are adopted by the Reply Memorandum filed on January 9, 2013,

by defendants Whitman, Johansson and Cartwright, in support of their FRCP 12(b)(2) Motion

to Dismiss.  (ECF 55, p. 2:27-28, fn. 2).

Accordingly, 5 attorneys[6] are currently actively endeavoring to influence the Honorable

Lucy H. Koh, to cause her to also assume that the late Irene Rupert was the Successor Trustee

of the Samuel Rupert Trust (and neither the situs of the trust, or any trust property, has been

located in California, which are egregious falsehoods).

Whether or not there was an Irene Rupert Successor Trusteeship is a disputed issue of

law and fact, where there are 7 highly respected attorneys-at-law on one side, and a pro se

litigant, with a checkered past, on the other side.

However, the evidence shows the 7 lawyers are all wrong, and there has never been any

reasonable basis for suspecting that the late Irene Rupert might have been the Successor Trustee

of the Samuel Rupert Trust.  Accordingly, plaintiff contends new counts of obstruction of

justice have occurred, for which a supplemental pleading should be allowed, so as to deter such

conduct, at all stages of the proceedings, including bad faith motions under FRCP 12(b)(2),

under FRCP 12(b)(6), and under FRCP 11.

---

[6]  These 5 lawyers are defendants Downes, Whitman and Johansson, and current non-parties
Jessica MacGregor and Kate G. Kimberlin.  The plaintiff seeks permission to: (1) add
MacGregor and Kimberlin as additional RICO Defendants, concerning RICO Stage 3 (just
MacGregor), and supplemental RICO Stage 6 (both MacGregor and Kimberlin); and, (2) add
Long & Levit, LLP (who employs both MacGregor and Kimberlin), as an additional RICO
Conspiracy defendant, and as an additional RICO Enterprise (for RICO Stages 3 & 6).

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

**D.**     **The [Proposed] Second Amended & Supplemental Complaint Alleges There Is Not One Scintilla Of Evidence To Support The Contention That Irene Rupert Was The Successor Trustee, And All 7 Lawyers Are Guilty Of Obstruction Of Justice, For Endeavoring To Corruptly Influence United States District Court Judges, By Making Material Misrepresentations of Fact, Without Any Evidentiary Support**

In opposition to the 3 separate FRCP 12(b)(2) Motions to Dismiss that are before the Court, for hearing along with the FRCP 12(b)(6) Motion to Dismiss, the plaintiff has submitted 56 Exhibits.  These include documents that show defendant Susan was the Successor Trustee (ECF 58, p. 82-83) , and her own testimony (in Oregon) about the accounting she submitted was that she was managing all assets, including the assets of the Samuel Rupert Trust, which she considered to be part of the Irene Rupert Trust.  (See Declaration of William Rupert, Ex. 2; Reporter's Transcript, Oregon Case No. CV10030497, 11/24/2010, Vol. III-b, p. 266:3-267:7)

As alleged in the [Proposed] Second Amended & Supplemental Complaint, all 7 lawyers are wrong, and they know it, because there has never been one scintilla of evidence to support the contention that Irene Rupert was the Successor Trustee of the Samuel Rupert Trust, after the death of Samuel Rupert.

The plaintiff is making serious charges of misconduct by 7 attorneys, involving moral turpitude, and he doesn't make them lightly.

However, the alleged Irene Rupert Successor Trusteeship is an egregious falsehood, that defendant Downes only fabricated for the first time in June of 2009 (ECF 30, p. 9-10), long after the late Irene Rupert rejected her nomination, by failing to accept within a reasonable time. The egregious falsehood requires one to ignore the terms of the Trust, Michigan Law, and Oregon Law, as well as the documentary evidence of defendant Susan's wrongful occupancy of the Office of the Trustee, as an intermeddling trustee *de son tort,* as shown by the financial

15

report she provided to William on May 12, 2009, as the self-appointed "Successor Trustee".

(ECF 58, p. 82-83). It was a preposterous, arrogant assertion when defendant Downes first made

it, on June 10, 2009 (ECF 30, p. 9-10), and it is still utter nonsense.

   In opposition to this motion for leave to amend and supplement, all 7 lawyers will have

an opportunity to produce some tangible evidence that supports their collective story that the

late Irene Rupert was the Successor Trustee of the Samuel Rupert Trust, after the death of

Samuel Rupert (and none of the disputed trust assets were ever located in California).

   If they have been telling the truth, it should be a piece of cake to round up some tangible

documentary evidence, to substantiate the story.

   **E.    Unless These 7 Lawyers Can Produce Some Evidence To Show When, And How, The Late Irene Rupert Accepted Her Nomination To Be The Successor Trustee, And That She Actually Performed The Duties Of The Successor Trustee, They Are All Guilty Of Obstruction Of Justice, And Leave To File The [Proposed] Second Amended & Supplemental Complaint Should Be Granted, So All 7 Lawyers, And Co-Conspirators In The Multi-District Case, Can Be Held Accountable**

   Significantly, the law is well settled that Successor Trustees have to affirmatively accept

their nominations, by either notice, or by performance of the duties of the Successor Trustee.

Because a Successor Trustee role subjects an individual to heightened standards of

responsibility, and potential liability as a fiduciary, acceptance is never just presumed.

   In the instant case, with regards to the Samuel Rupert Trust, acceptance was required by

all of the following: (1) the terms of the Samuel Rupert Trust ; (2) Michigan's statutory law;

and, (3) Oregon's statutory law.

   Accordingly, to show they have not been guilty of obstruction of justice, by endeavoring

to corruptly influence United States District Court Judges, these 7 lawyers need to present

evidence of Irene Rupert's acceptance of her nomination.  If not by notice, then by performance.

They claim Irene Rupert was the Successor Trustee for 17 months, so they should be able to

produce the annual report, which was required by both Michigan and Oregon law.

On the other hand, when they fail to produce any evidence of acceptance, it should be

seen as good cause to grant this Motion For Leave To File the [Proposed] Second Amended &

Supplemental Complaint, it is submitted.

As stated above, the legal standards for lawful and effective acceptance are well

settled, under both controlling Michigan Law, and also under Oregon Law.

Assuming *arguendo* that Oregon law was applicable, the requirements of ORS

130.600[7] would have been applicable, if the late Irene Rupert had desired to accept her

nomination to become the Successor Trustee of the Samuel Rupert Trust.

---

[7]  ORS 130.600, entitled, "Acceptance or rejection of trusteeship", states the following:
    "(1) Except as otherwise provided in subsection (3) or (4) of this section, a person
designated as trustee accepts the trusteeship:
        (a)  By substantially complying with a method of acceptance provided in the
    terms of the trust: or
        (b)  If the terms of the trust do not provide a method of acceptance, or the
    method provided in the terms of the trust is not expressly made exclusive, by
    knowingly accepting delivery of the trust property, knowingly exercising
    powers or performing duties as trustee, or otherwise indicating acceptance of
    the trusteeship.
    (2)  A person designated as trustee who has not yet accepted the trusteeship may
reject the trusteeship.  A designated trustee who does not accept the trusteeship within
a reasonable time after knowing of the designation is deemed to have rejected the
trusteeship.
    (3)  A person designated as trustee may act to preserve the trust property without
accepting the trusteeship.  The person must send a rejection of the trusteeship to the
settlor within a reasonable time after taking the action.  If the settlor is dead or is
financially incapable, the person must send the rejection to a qualified beneficiary
within a reasonable time after taking the action.
    (4)  A person designated as trustee may inspect or investigate trust property to
determine potential liability under environmental or other law, or for any other
purpose, without accepting the trusteeship."

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

Additionally the late Irene Rupert also would have been required to comply with the provisions of ORS 130.710(2)(b)(c)[8], to become the lawful successor trustee.

It is undisputed that no such notice was provided by Susan, during her first seven months as an intermeddling trustee *de son tort,* or at any time thereafter. Susan's intermeddling failed to make her a lawful occupant of the Office of the Trustee, it is submitted. Her occupancy was as a trespasser, or squatter, but without any lawful authority.

It is also undisputed that no such notice was ever provided by the late Irene E. Rupert. Nor has anyone produced any evidence that shows she ever served as the trustee, through performance of *any* of the duties of the trustee, during the first seventeen months after Samuel J. Rupert died (such as giving the required annual report to the qualified beneficiaries). Therefore, she never became a lawful occupant of the Office of the Trustee, for the Samuel Rupert Trust, contrary to the egregious falsehoods told by defendant Downes (and repeated by 6 other attorneys-at-law, within the last 3 years).

According to defendant Downes, the late Irene E. Rupert just magically became the successor trustee, at some indeterminate point in time. Defendant Downes' own testimony during the strange Oregon proceedings was that he did not advise Irene E. Rupert to send any

---

[8] ORS 130.710(2)(b)(c), entitled "Duty to inform and report.", states the following, in pertinent part:

"(b) Within a reasonable time after accepting a trusteeship, a trustee shall notify all qualified beneficiaries of the acceptance and of the trustee's name, address and telephone number.

(c) Except as provided in subsection (10) of this section, within a reasonable time after the date the trustee acquires knowledge of the creation of an irrevocable trust, or the date the trustee acquires knowledge that a formerly revocable trust has become irrevocable, whether by the death of the settlor or otherwise, the trustee shall notify the qualified beneficiaries of the trust's existence, of the identity of the settlor or settlors, of the right to request a copy of the trust instrument and of the right to a trustee's report as provided in subsection (3) of this section."

notices, or to comply with the terms of the trust, or with Oregon law, or to do anything.  (See

Declaration of William Rupert, Ex. 3; Reporter's Transcript, Oregon Case No. CV10030497,

10/27/2010, Vol. II, p. 109:17-110:25).

Objectively viewed, the testimony of Mr. Downes was that the trusteeship of Irene E.

Rupert was a "sham", which was concocted as part of Susan's scheme to stonewall William.

However, the record shows William delivered his acceptance of trust papers (ECF 48, p.

13-17), in the manner required by Michigan law (MCL § 700.7303), by Oregon law (ORS

130.600(1)(a) & ORS 130.710(2)(b)(c)), and by Section 11(2) and Section 12(2) of the terms of

the Samuel Rupert Trust (See Declaration of William Rupert, Ex. 4).

Accordingly, the evidence shows that the Office of the Trustee was technically vacant,

from 10/12/2008 until 07/08/2009, until William became the lawful successor trustee, and the

first lawful occupant of the Office of the Trustee, following the death of Samuel J. Rupert.

This means that 4 lawyers successfully endeavored to corruptly influence Judge

Jeremy Fogel, and 5 lawyers are currently endeavoring to corruptly influence the Honorable

Lucy H. Koh, by the knowingly false claim that the late Irene Rupert was the Successor

Trustee of the Samuel Rupert Trust, after he died.

These corrupt endeavors to influence the proceedings before United States District

Court Judges amount to the Obstruction of Justice, under the RICO statutes, pursuant to 18

U.S.C § 1503 and/or 18 U.S.C. § 1505, it is submitted, by 4 culpable California lawyers[9]

(defendant Zusman, and current non-parties Kevin K. Eng, Jessica MacGregor and Kate G.

---

[9]  The Plaintiff does not yet consider California lawyer Daniel Krieg to be as culpable as the
other 4 California lawyers, considering his late entry into this litigation, so he is only listed as
a non-party co-conspirator in the SA&SC.  Permission to add him as an additional  RICO
Defendant is not sought, based upon information presently known by Plaintiff.

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

Kimberlin), by two California law firms (defendant Markun and current non-party Long & Levit, LLP), by 3 culpable Oregon lawyers[10] (defendants Downes, Whitman and Johansson), and 2 Oregon law firms (defendants Schulte and Cartwright).

The current round of motions before the court also seek judicial notice of a proposed pleading that was not even filed in Oregon (ECF 66, Attachment 5, Ex. 4), when Plaintiff declined to pay the filing fees necessary to file a third-party cross-complaint. The rejection letter from the Clerk's Office is before the Court. (ECF 30, p. 45-46)[11]. Moreover, pleadings do not prove what was adjudicated in a given action. That's what orders and judgments are for. Defendants Downes and Whitman claim they filed responses to William's third-party action against them, and it was dismissed as to them. Where's the dismissal order? When and where was it dismissed?, and by what Judge?, as part of what proceeding? The burden has to be upon the defendants to produce a dismissal order or judgment if they want to be taken seriously. Seeking Judicial Notice of an unfiled rejected pleading, as proof of what was litigated, is an artifice to mislead the Court.

By seeking to mislead the Court, through these artifices, the California lawyers have violated the provisions of California Business & Professions Code § 6068(d).

By seeking to mislead the Court, through these artifices, the Oregon lawyers have violated the provisions of Oregon Revised Statute 9.460(2).

---

[10] The Plaintiff does not yet consider Oregon lawyer Devin N. Robinson to be as culpable as the other 3 Oregon lawyers, considering his late entry into this litigation, so he is only listed as a non-party co-conspirator in the SA&SC. Permission to add him as an additional RICO Defendant is also not sought, based upon information presently known by Plaintiff. Mr. Robinson would be wise, however, to remember he is representing an intermeddling trustee *de son tort,* who has been unjustly enriched, along with his other client in this case, James Rupert. His clients have a duty to make restitution of all misappropriated trust assets.

[11] Pursuant to ORS 21.100, pleadings, papers and document can only be "filed" if all filing fees, as determined by the Clerk's Office, have been paid, or a request for a waiver of filing fees is submitted.

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]

By seeking to mislead the Court, through these artifices, all 7 lawyers are in violation of FRCP 11, and their sacred obligations to be truthful in their dealings with, and representations to, judicial officers, as trusted Officers of the Court.

These are fraudulent schemes by errant lawyers, for an improper purpose, through improper means, that have relied upon electronic filings with the Court, and mailed documents to Plaintiff.  This is wire fraud and mail fraud, based upon the current 4 defense motions to dismiss, and the Rule 11 Motion for Sanctions.

The Plaintiff's [Proposed] Second Amended & Supplemental Complaint has merit, and leave to file it should be granted, in the interests of justice, so all 7 lawyers may be held accountable, as RICO Defendants, for the damages they have caused to the Plaintiff's property and economic relations, with their utter disregard for the truth, over the last 4 years. The late Irene Rupert was never the Successor Trustee of the Samuel Rupert Trust, but William was, effective July 8, 2009.  The fact that the principle place of administration of the Samuel Rupert Trust was lawfully transferred to California, in 2009, is a significant jurisdictional fact, and it establishes a sufficient "Nexus" between California, the Samuel Rupert Trust, and the civil RICO action, so as to make the exercise of personal jurisdiction reasonable, in this case.

## V.     CONCLUSION

Based upon all of the matters set forth at length above, and in the concurrently filed Declaration of William Rupert, leave to file the [Proposed] Second Amended & Supplemental Complaint should be granted, it is respectfully submitted.

Dated:  June 11, 2013                    By:___/s/_____
                                                         William Rupert
                                                         Plaintiff,  Pro Se

Motion For Leave To File [Proposed] Second Amended & Supplemental Complaint;
Memorandum of Points and Authorities [Case No. 5:12-cv-05292 LHK (HRL)]