UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT,<br><br>                Plaintiff,<br>    v.<br>SUSAN BOND, et al.,<br>                Defendants. | Case No.: 12-CV-05292-LHK<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR RULE 11 SANCTIONS |

Plaintiff William Rupert ("Plaintiff") brings this racketeering action against his siblings, as well as several attorneys who allegedly represented and/or advised Plaintiff's family members. Specifically, Plaintiff brings this action against: (1) his sister, Susan Bond ("Susan"); (2) his brother, James Rupert ("James"); (3) attorney Gile R. Downes ("Downes"); and (4) the law firm of Schulte, Anderson, Downes, Aronson & Bitner, P.C. ("Schulte"). In addition, Plaintiff brings this action against: (5) attorney Edward S. Zusman ("Zusman"); and (6) the law firm of Markun Zusman & Compton, LLP ("MZC") (collectively, the "MZC" Defendants"). Further, Plaintiff brings this action against: (7) attorney Matthew Whitman ("Whitman"); (8) attorney Michelle Johansson ("Johansson"); and (9) the law firm of Cartwright Whitman Baer, PC ("Cartwright") (collectively, the "Cartwright Defendants"). Plaintiff alleges that Defendants conspired to deprive him of his inheritance.

1

Before the Court is Defendant Downes and Schulte's Motion for Sanctions against Plaintiff under Rule 11. *See* ECF No. 65. Pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument. Having considered the submissions of the parties and the relevant law, the Court hereby DENIES Defendants' Motion for Sanctions.

## I. BACKGROUND

This case arises out of a dispute between two siblings, Plaintiff William Rupert and Defendant Susan Bond, over the management of their parents' trusts. Plaintiff essentially alleges that, through a series of conspiracies involving his sister, Susan; his brother, James; and several Oregon and California attorneys, he was deprived of several hundred thousand dollars which rightfully belonged to him as part of his inheritance. According to Plaintiff, the facts of the alleged conspiracy are as follows:

### A. Creation of the Samuel and Irene Rupert Trusts in Michigan

Samuel Rupert ("Samuel") and Irene Rupert ("Irene") (both now deceased) lived their adult lives in Ann Arbor, Michigan. First Amended Complaint ("FAC") ¶ 23. On November 1, 1995, they had estate plans prepared by Alan Price ("Price"), a Michigan attorney. FAC ¶ 24. As part of these estate plans, their assets were placed into revocable trusts: the Samuel J. Rupert Trust ("Samuel's Trust") and the Irene E. Rupert Trust ("Irene's Trust"). FAC ¶ 25. Under the terms of these trusts, Samuel and Irene were to serve as trustee of their own respective trusts, and as successor trustees for each other's trust. FAC ¶ 24. The terms of Samuel's trust included a provision that, if he died first, the assets of the trust would be transferred to a Family Trust for the benefit of Irene and their three children (Susan, William, and James). FAC ¶ 25. On January 26, 2004, Samuel and Irene had Price amend the estate plans to designate Plaintiff as the first nominated, sole successor trustee of both of their trusts and as their sole personal representative. FAC ¶ 27.

### B. Susan's Management of the Trusts in Oregon

In 2006, Samuel and Irene relocated to Oregon. FAC ¶ 29. On October 12, 2008, Samuel died as a result of a head injury he sustained from falling in the shower. FAC ¶¶ 30-31. Following

2

the death of Samuel, Susan and Plaintiff had a number of discussions concerning who was designated by their parent's estate plans to manage the estate. FAC ¶¶ 34-35, 40-46. During these conversations, Susan allegedly misrepresented that she possessed updated documents naming her as the sole trustee and permitting her to unilaterally amend the trust. FAC ¶¶ 40-41. In this position, as sole trustee, Plaintiff claims that Susan directed funds from the Family Trust to Irene's Trust and sold certain assets, the proceeds of which she retained for herself. FAC ¶ 101.

Around April of 2009, Plaintiff became concerned about how his parents' estate was being managed. FAC ¶ 48. Over the next few months, he repeatedly asked Susan for an accounting of the assets in the estate and began questioning the legitimacy of the documents placing her in charge of the estate. FAC ¶¶ 48-49. Finally, in May of 2009, Plaintiff demanded that Susan relinquish control of the estate and turn over all financial records and estate planning documents. FAC ¶ 50.

Susan retained the services of Defendant Downes of Schulte, Anderson, Downes, Aronson & Bittner, PC ("Schulte"), an Oregon law firm also named as a defendant in this action, to respond to Plaintiff's numerous letters and requests. FAC ¶ 51-52. On June 10, 2009, Downes sent a letter to Plaintiff informing him that his prospective inheritance rights had been reduced to pay for the legal fees charged by Downes, and that if he continued to make requests of Susan, his inheritance would be further reduced to account for future legal fees. FAC ¶¶ 59-60. Plaintiff was further instructed that he was required to sign an enclosed modification of trust agreement by June 19, 2009, and that failure to sign this agreement could potentially result in his being disinherited by Irene. FAC ¶ 60.

### C. Plaintiff's First Lawsuit in the Northern District of California

On June 20, 2009, Plaintiff filed a lawsuit in the Northern District of California against Defendants Susan, Downes, and Schulte alleging interference with economic relations and conspiracy to deprive him of his rights with respect to his parent's estate. FAC ¶ 66. The action was amended on July 23, 2009, to add Irene as a defendant. *Id.* Defendants Markun, Zusman, and their law firm Markun Zusman & Compton, LLP ("MZC"), a California law firm also named as a defendant in this action, represented Susan, Downes, and Schulte in this action. *See* FAC ¶ 75.

3

Case No.: 12-CV-05292-LHK
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

The case was dismissed by Judge Fogel on September 9, 2010, for lack of personal jurisdiction. FAC ¶ 73. As the events alleged concerned the planning of an estate in Oregon, Judge Fogel ruled that "[n]one of Defendants' alleged conduct has any nexus with California other than the fact that [Plaintiff] happens to reside in California." *See Rupert v. Bond*, No. C-09-2758, 2010 WL 3618662, at *4 (N.D. Cal. Sept. 9, 2010) ("Rupert I").

### D. Susan and the Cartwright Defendants Commence Probate Proceedings in Oregon

On March 12, 2010, Irene died. FAC ¶ 76. On March 15, 2010, Susan—along with Defendants Whitman and Johansson of Cartwright, Whitman, Baer PC ("Cartwright"), an Oregon law firm also named as a defendant in this action—commenced probate proceedings in Oregon (the "Oregon Proceedings") for declaratory judgment concerning management and disbursal of Samuel and Irene's Trusts. FAC ¶ 77. Plaintiff claims that, during these proceedings, Defendants made fraudulent representations to the Oregon courts and that the court proceedings unfolded as a "Bum's Rush Ambush" in which he was provided only minimal notice of the relevant trial dates. FAC ¶¶ 77-79.

As a result of these alleged activities, Defendants were successful in obtaining a general judgment disinheriting Plaintiff, as well as attorney's fees and costs for the Oregon proceedings. FAC ¶¶ 79-85. During the course of this litigation, numerous filings were mailed between Defendants in Oregon and Plaintiff in California. FAC ¶ 82. Plaintiff timely appealed the judgment, and the appeal is currently pending before the Oregon Court of Appeals. FAC ¶ 81.

### E. The Instant Proceedings

Plaintiff filed the instant lawsuit on October 12, 2012, *see* Compl., ECF No. 1, and filed the operative FAC on October 26, 2012, *see* FAC, ECF No. 3. Plaintiff alleges that Defendants Susan, Downes, Zusman, Whitman, and Johansson have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") through numerous acts of wire, bank, and mail fraud, interstate transportation of stolen property, attempted extortion, and obstruction of justice. FAC ¶ 95. Plaintiff also alleges that all Defendants, except James, have conspired to violate RICO. FAC ¶¶ 112-13. In addition, Plaintiff alleges several state law claims against Defendants for

4

conversion of trust assets, intentional interference with expected inheritance ("IIEI"), violations of the Oregon Racketeer Influenced and Corrupt Organizations Act ("ORICO"), and conspiracy. FAC ¶¶ 114-133.

On November 21, 2012, Defendants Downes and Schulte filed a Motion to Dismiss for lack of personal jurisdiction. *See* Mot. to Dismiss FAC as against Downes and Schulte ("Downes Mot."), ECF No. 18. On November 30, 2012, Defendants Susan and James filed a Motion to Dismiss for lack of personal jurisdiction. *See* Mot. to Dismiss FAC as against Susan and James ("Susan Mot."), ECF No. 23, which they subsequently amended, *see* Amended Mot. to Dismiss FAC as against Susan and James ("Susan Amended Mot."), ECF No. 33. On December 17, 2012, the Cartwright Defendants filed a Motion to Dismiss for lack of personal jurisdiction. *See* Mot. to Dismiss FAC as against Cartwright Defendants ("Cartwright Mot."), ECF No. 36. On January 7, 2013, the MZC Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. *See* Mot. to Dismiss as against MZC Defendants ("MZC Mot."), ECF No. 50.

Plaintiff filed an opposition to each of these respective motions. *See* Opp'n to Downes Mot. ("Opp'n to Downes Mot."), ECF No. 29; Opp'n to Susan Am. Mot. ("Opp'n to Susan Am. Mot."), ECF No. 42; Opp'n to Cartwright Mot. ("Opp'n to Cartwright Mot."), ECF No. 46; Opp'n to MZC Mot. ("Opp'n to MZC Mot."), ECF No. 56.

Defendants filed replies in support of each of their respective motions. *See* Reply Supp. Downes Mot. ("Downes Reply"), ECF No. 39; Reply Supp. Susan Am. Mot. ("Susan Reply"), ECF No. 41; Reply Supp. Cartwright Mot. ("Cartwright Reply"), ECF No. 55; Reply Supp. MZC Mot. ("MZC Reply"), ECF No. 61.

In addition, Plaintiff also filed a Motion for Leave to File a Second Amended & Supplemental Complaint on June 11, 2013. *See* Mot. for Leave to File SA&SC ("Mot. to Amend"), ECF No. 78. The Court has addressed these motions in a separate order. ECF No. 100.

Defendants filed the Motion for Sanctions on February 8, 2013. *See* Motion for Sanctions ("Defendants' Motion"), ECF No. 65. Rupert filed an opposition to the motion on February 22, 2013. *See* Rupert Memorandum In Opposition to Motion for Sanctions ("Rupert Mot."), ECF No.

5

Case No.: 12-CV-05292-LHK
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

73. The Defendants filed a reply on March 1, 2013. *See* Reply In Support of Motion for Sanctions ("Reply"), ECF No. 76.

## II. LEGAL STANDARD FOR MOTION FOR SANCTIONS

Federal Rule of Civil Procedure Rule 11 states in pertinent part:

> **(b)** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; . . .
>
> **(c)** Sanctions. (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

FED. R. CIV. P. 11(b)-(c).

" '[Rule 11] provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose.' *Estate of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). 'When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel, for example, Rule 11 sanctions may be imposed within the district court's discretion.' *Id.* The analysis is slightly different where, as here, a plaintiff proceeds pro se, since 'arguments that a lawyer should or would recognize as clearly groundless may not seem so to the pro se [litigant].' " *Coleman v. Teamsters Local 853*, No. 12-05981 SC, 2013 WL 3790900 at *2 (N.D. Cal. July 18, 2013) (citation omitted). "[W]hat is objectively reasonable for a *pro se* litigant and for an attorney may not be the same." *Yack v. Washington Mut. Inc.*, No. C 07-5858 PJH, 2008 WL 3842918 (N.D. Cal. Aug. 14, 2008) (*citing Business Guides v. Chromatic Communications*, 892 F.2d 802, 811 (9th Cir.1989), *aff'd*, 498 U.S. 533 (1991)). Ultimately, sanctions should "be imposed on the signer of a paper if either a) the

6

Case No.: 12-CV-05292-LHK
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townshend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1991) (en banc) (citation omitted).

### III. ANALYSIS

Before addressing the substantive question of whether sanctions are warranted in this case, the Court first addresses Defendants' requests for judicial notice. In connection with their motion for sanctions, Defendants attached the following exhibits of which they assert the Court may properly take judicial notice: (1) Plaintiff's First Amended Complaint, filed in *Rupert I*; (2) Judge Fogel's Order Granting Motion to Dismiss for Lack of Personal Jurisdiction in *Rupert I*; (3) Response to Susan Bond's Petition for Instructions and to Compel Distribution, filed by William Rupert in the Circuit Court for the State of Oregon, County of Clackamas, Probate Dept., Case No. CV10030498; (4) Declaration of Gile R. Downes in Support of Defendants' Motion to Dismiss, filed in *Rupert I*; (5) Page 38 of California's current Vexatious Litigant List, which is made publicly available on the California courts website and includes Plaintiff, ECF No. 66.

A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Here, Exhibits 1, 2, and 4 are all documents filed in *Rupert I*. As such, they are documents in the public record, and the Court may properly take judicial notice of them to determine the validity of Defendants' arguments. *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1233 (E.D. Cal. 2003) ("Judicially noticed facts often consist of matters of public record, such as prior court proceedings"); *Chrisanthis v. United States*, 2008 WL 4848764, at *1 (N.D. Cal. Nov. 7, 2008) ("[D]ocuments publicly filed in [a] prior suit are proper subjects of judicial notice"). However, the Court does not take judicial notice of disputed facts contained within the First Amended Complaint filed in *Rupert I*. *Lee*, 250 F.3d at 689-90. Because the Court does not rely on the Response to Susan Bond's Petition for Instructions and to Compel Distribution in ruling on this motion for sanctions, it denies as moot the request for judicial notice of that document. As for the vexatious litigant list, the Court grants the request for judicial notice because it is "capable of

7

Case No.: 12-CV-05292-LHK
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

accurate and ready determination," *see* FED. R. EVID. 201(b), as it was prepared by the Administrative Office of the California courts. *See Wolfe v. George*, 385 F.Supp.2d 1004, 1020n.10 (N.D. Cal. 2005) (granting request for judicial notice of comparable vexatious litigant list).

Defendants raise various arguments regarding why sanctions should be imposed against Rupert. They seek sanctions in the amount of $22,902.11 to cover fees and costs incurred through defending this action. Defendants' Motion at 1, 14. For the reasons explained below, the Court declines to grant sanctions at this time.

A pleading is "frivolous" if it "is both baseless and made without a reasonable and competent inquiry." *Townshend*, 929 F.2d at 1362. Defendants first argue that Plaintiff's claims are frivolous because a reasonable inquiry would have revealed either that his claims are barred by the doctrine of res judicata or by the lack of personal jurisdiction. Defendants' Motion at 7-10. As explained in this Court's order regarding Defendants' Motions to Dismiss, *see* ECF No. 100 at 23n.7, the Court is not persuaded by Defendants' argument that principles of res judicata prevent Plaintiff from asserting, in this action, that jurisdiction is appropriate in California because this issue was already decided in *Rupert I*. *See* Downes Mot. at 5-6 (raising the same res judicata argument). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Res judicata is applicable whenever there is: "(1) an identity of claims[;] (2) a final judgment on the merits[;] and (3) identity or privity between parties." *W. Radio Servs. Co.*, 123 F.3d at 1192 (citing *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)). While Plaintiff's present action is based on a similar nexus of facts as *Rupert I*, the doctrine of res judicata is not applicable here because unlike Plaintiff's present action, his action in *Rupert I* did not include claims for violations of RICO. As such, there is not an identity of claims between this action and *Rupert I*. The Court finds more credible Defendants' other argument that a reasonable inquiry would have revealed that Plaintiff's claims are barred because there is no basis upon which to assert personal jurisdiction over the Defendants

8

Case No.: 12-CV-05292-LHK
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

in this court.  Defendants' Motion at 9-12.  As explained in this Court's prior order regarding Defendants' Motions to Dismiss, *see* ECF No. 100 at 18-29, the Court finds that Defendants' argument regarding the lack of personal jurisdiction has merit.  However, the mere fact that Rupert brought a claim that ultimately failed on the merits does not mean his complaint was frivolous and that Defendants are automatically entitled to sanctions against him.  *See Rugroden v. State Bank of Park Rapid*, C 08-1964 JF (RS), 2008 WL 4542971 (N.D. Cal. Oct. 1, 2008) (plaintiff's "misguided" suit failed on the merits, but sanctions were not granted because "the record [did] not support unambiguously a conclusion that the suit was brought for an improper purpose"); *Schulken v. Washington Muitual Bank*, 09-CV-02708-LHK, 2013 WL 11568 (N.D. Cal. Jan. 1, 2013) ("[plaintiff] failed to raise meritorious legal theories," but sanctions were not issued because there was "no clear evidence that his [motions] [were] motivated by a bad faith desire to delay the proceedings.")

Defendants' second principal argument is that sanctions are warranted because the complaint was filed for an improper purpose.  Defendants' Motion at 13.  "A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose." *Townsend*, 929 F.2d at 1365.  A court may also find that a pleading was filed for an improper purpose where the pleading "needless[ly] increase[s] [] the cost of litigation" or where the circumstances of the case suggest that the filing is vindictive or filed for some other ulterior purpose.  *Id.* at 1362.  Here, Defendants argue that "the history of litigation by Plaintiff against Defendants suggests that this third lawsuit was filed improperly in an effort to avoid the consequences of two prior unsuccessful cases."  Defendants' Motion at 13. Indeed, Plaintiff's unsuccessful repeat litigation in California and Oregon raises a specter of judicial inefficiency and waste.  This is in fact the third lawsuit he has filed against Defendants Downes and Schulte in an effort to hold Defendants' responsible for the same alleged actions. And, Plaintiff has previously been censured for his unrestrained and careless use of the court system by the California Judicial Council, which placed Plaintiff on the California Vexatious

9

Case No.: 12-CV-05292-LHK
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

Litigant List pursuant to California Code of Civil Procedure § 391(b). RJN, ECF No. 66, Exhibit 5. That section states the requirements to be placed on the list as such:

(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

CAL. CIV. PROC. § 391(b). The Court takes this designation on the vexatious litigant list very seriously, and Plaintiff's numerous lawsuits are indeed troubling to this Court.[1] However, "[w]hile the Court might be inclined to impose Rule 11 sanctions if Plaintiff were represented by counsel, the present circumstances call for more leniency." *Coleman*, 2013 WL 3790900 at *2 (denying sanctions where pro se plaintiff brought claim barred under doctrine of res judicata). The Court ultimately finds sanctions unwarranted at this time given Plaintiff's pro se status. *See Yack v. Washington Mut. Inc.*, C 07-5858 PJH, 2008 WL 3842918 (N.D. Cal. Aug. 14, 2008) (pro se litigant not sanctioned because of the complexity of the relevant law); *Johnson v. Chevron Corp.*, C 07-05756 SI, 2010 WL 459121 (N.D. Cal. Feb. 3, 2010) at *2 ("In light of plaintiff's pro se status, the Court finds that plaintiff's [improper motion for stay] does not warrant imposition of monetary sanctions."); *see also* Fed. R. Civ. P. 11 Advisory Comm. Notes ("[a]lthough the standard [under Rule 11] is the same for unrepresented parties, who are obliged themselves to sign the pleadings,

---

[1] Indeed, this Court made a prior statement that Rupert's repeated lawsuits may "suggest[] that Plaintiff is bringing this action in 'bad faith' in response to the California and Oregon judgments." ECF No. 100 at 30.

10

Case No.: 12-CV-05292-LHK
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations."). Defendants argue that Judge Fogel had previously dismissed Plaintiff's action on the basis that no personal jurisdiction existed over Defendants in California, and thus analogize to *Orange Prod. Credit Ass'n v. Frontline Ventures, Ltd.*, 792 F.2d 797 (9th Cir. 1986) (upholding around $50,000 in attorneys' fees and some $4,000 in costs against a plaintiff for ignoring the consequences of a prior court ruling concerning whether the court had jurisdiction over plaintiff's claims). Defendants' Motion at 2,13. However, *Orange Prod. Credit Ass'n* is distinguishable because the plaintiff was a credit association represented by lawyers throughout the proceedings whereas here the Plaintiff has represented himself as a pro se litigant. *Orange Prod.*, 792 F.2d at 798. Ultimately, in the instant case, the Court does not find that Plaintiff's conduct rises to the level of impropriety or frivolity necessary to warrant sanctions under Rule 11(c) at this time, and thus Defendants' Motion for Sanctions is DENIED.

      Defendants also request an order requiring Plaintiff to obtain a pre-filing order before he may file any future actions against either of the Defendants in this Court or any other federal court in California. Defendants' Motion at 14. Although the Court has found that Plaintiff fails to raise meritorious legal theories, *see* ECF No. 100 (Order Granting Defendants' Motions to Dismiss), Plaintiff nonetheless maintains that "no disregard for the judicial process has been shown or demonstrated by [himself] in either *Rupert I*, or in the instant case" and that he did not file the FAC for a frivolous or harassing purpose. Rupert Mot. at 6.[2] There is no unambiguous evidence that Plaintiff's motions were in fact motivated by a bad faith desire to delay the proceedings or otherwise needlessly increase the cost of litigation for both parties. Thus, the Court DENIES Defendants' request for a pre-filing order. Although the Court has authority to issue such a pre-filing order under Rule 11(c)(1) (authorizing any "appropriate sanction"), it is not clear to the Court that Rupert has demonstrated such a disregard for the judicial process by "preempt[ing] the use of judicial time that properly could be used to consider the meritorious claims of other litigants."

---

[2] The Court notes that the majority of Plaintiff's Legal Argument section in his opposition brief comprises references to his opposition to the Defendants' Motion to Dismiss, "Downes Mot.," ECF No. 18. Rupert Mot. at 21-24.

11

Case No.: 12-CV-05292-LHK
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

*Molinski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted).  The Ninth Circuit has clearly instructed that the entry of pre-filing orders is an "extreme remedy that should rarely be used."  *Id.* at 1057.  And, courts should not enter pre-filing orders "with undue haste because such sanctions can tread on a litigant's due process right of access to the courts."  *Id.* (citation omitted); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982) (noting that the Supreme Court "traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances") (citation omitted).

### IV.     CONCLUSION

Because the Court finds that Plaintiff has not violated Rule 11(b) at this time, Defendants' Motion for Sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: 9/18/2013

                                                                     *Lucy H. Koh*
                                                                      LUCY H. KOH
                                                                      United States District Judge