UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT, | Case No.: 12-CV-05292-LHK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |
| v. | |
| SUSAN BOND, et al., | |
| Defendants. | |

Plaintiff William Rupert brought this racketeering action against his siblings, as well as several attorneys who allegedly represented and/or advised Plaintiff's family members, alleging that Defendants conspired to deprive him of his inheritance. On September 17, 2013, the Court granted the Defendants' Motions to Dismiss without prejudice. ECF No. 100. Before the Court now is Plaintiff's motion for leave to file a motion for reconsideration of the order granting the motions to dismiss. ECF No. 102. Having considered Plaintiff's papers and the record in this case, Plaintiff's request for leave to file a motion for reconsideration is DENIED.

Pursuant to Civil Local Rule 7–9, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7–9(b). No party may

1

notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Rule 7-9(c) further requires that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." In general, motions for reconsideration should not be frequently made or freely granted. *See generally Twentieth Century–Fox Film Corp. v. Dunnaho*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Because the Court finds that Plaintiff has failed to meet his burden for leave to request reconsideration, the request is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 25, 2013

_____
LUCY H. KOH
United States District Judge