DEVIN N. ROBINSON, Bar No. 281143
LAW OFFICES OF DEVIN ROBINSON, P.C.
6110 N Lombard Street, Suite B
Portland, OR 97203
Telephone:   (503) 228-7020
Facsimile:   (503) 334-2303
devin@nwtriallaw.com

Specially Appearing for Defendants
SUSAN BOND and JAMES RUPERT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN BOND; GILE R. DOWNES; EDWARD S. ZUSMAN; MATTHEW WHITMAN; MICHELLE JOHANSSON; JAMES RUPERT; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., an Oregon Professional Corporation; MARKUN ZUSMAN & COMPTON, LLP, a Limited Liability Partnership Headquartered in California; CARTWRIGHT WHITMAN BAER PC, an Oregon Professional Corporation; and DOES 1 to 20,<br><br>Defendants. | Case No. CV-12-05292 LHK<br><br>NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT AS AGAINST DEFENDANTS SUSAN BOND AND JAMES RUPERT<br><br>Hearing:   March 13, 2014<br>Time:      1:30 p.m.<br>Judge:     Hon. Lucy H. Koh<br>Courtroom: 8 |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 13, 2014 at 1:30 p.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Lucy H. Koh, Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California, Defendants Susan Bond ("Susan") and James Rupert ("James") will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing this action with prejudice on the grounds that the Court lacks personal jurisdiction over Defendants.

This motion is based on this Notice, the Memorandum of Points and Authorities and the concurrently filed Declarations of Susan and James, as well as the papers, records and pleadings on file herein and such further evidence as may be presented at the hearing on the Motion.

Dated: October 21, 2013                    LAW OFFICES OF DEVIN ROBINSON, P.C.


By:/s/ *Devin N. Robinson*
DEVIN N. ROBINSON
Specially Appearing for Defendants
SUSAN BOND AND JAMES RUPERT

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................... 1

II. RELEVANT BACKGROUND AND FACTS ........................................................ 1

III. PLAINTIFF DID NOT PLEAD SUFFICIENT FACTS TO CONFER JURISDICTION OVER HIS SIBLINGS IN THIS FORUM ................................. 3

   A. Plaintiff Has Not Pled Facts Sufficient to Confer General Jurisdiction .................. 4

   B. Plaintiff Has Not Plead Facts Sufficient to Confer Specific Jurisdiction ................ 4

      1. Plaintiff has not pled sufficient minimum contacts with California .............. 4

         a. Plaintiff cannot meet the first prong of the *Calder* test ..................... 5

         b. Plaintiff cannot meet the second prong of the *Calder* test ................ 6

         c. Even if Plaintiff could show he met prongs one and two of the *Calder* test, exercise of jurisdiction is still unreasonable ........................... 7

      2. Plaintiff has not Pled RICO Jurisdiction ............................................... 8

         a. Plaintiff's Second Amended Complaint Still Does Not Sufficiently Allege that No Other Jurisdiction Exists in Which He Might Bring His RICO Claims Against All of the Defendants .............................. 9

            i. Plaintiff Does Not Address the Deficiencies Highlighted by the Court in Its Prior Order ...................................................... 9

            ii. No Jurisdiction Exists Under 18 U.S.C. § 1965(b) ............... 9

IV. CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

Page

CASES

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848 (9th Cir. 1993) ..................... 4

*Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909 (9th Cir. 2011) ........................................ 3

*Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993) ................................................................ 11

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) ..................... 5

*British-American Ins. Co., Ltd.*, 828 F.2d 1439 (9th Cir. 1987) ......................................... 7

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ............................................................ 7

*Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535 (9th Cir. 1986) ................................................................................................. 3, 7, 8, 10, 12

*Calder v. Jones*, 465 U.S. 783 (1984) ......................................................................... 3, 5

*CollegeSource, Inc. v. AcademyOne, Inc.*, F.3d 1066 (9th Cir. 2011) ................................. 5

*Eastern Railroad Presidents' Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) .. 12

*General Steel Domestic Sales, LLC v. Suthers*, 2007 WL 704477 (E.D. Cal. Mar. 2, 2007) ...... 10

*Glencore Grain Rotterdam, B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002) ..7

*Huntair, Inc. v. Gladstone*, 774 F.Supp.2d 1035 (N.D. Cal. 2011) ................................. 9, 10

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ......................................................... 4

*Menken v. Emm*, 503 F.3d 1050 (9th Cir. 2007) .......................................................... 6, 8

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ............................................. 6

*Rocawear Licensing, LLC v. Pacesetter Apparel Group*, 2007 WL 5289737
(C.D. Cal. Sept. 12, 2007) ........................................................................................ 11

*Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991). ................................................... 8

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ................................................... 3

*Schwarzenegger v. Fred Tompkins Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). ........... 4, 5, 7

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) ........................................................... 4, 5

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) ............................................. 13

*United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965) ............................. 13

# TABLE OF AUTHORITIES

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) .................................. 4, 7

*Yahoo! Inc. v. La Ligue Contre La Racisme Et L' Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) . 5

RULES

FRCP 12(b)(2) ............................................................................................. 1, 11

Cal. Civ. Proc. § 410.10 .................................................................................... 4

STATUTES

18 U.S.C. § 1965(b) ................................................................... 3, 8, 9, 10, 11, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to FRCP 12(b)(2), Defendants Susan Bond ("Susan") and James Rupert ("James") respectfully bring this second Motion to Dismiss their brother William Rupert's ("William" or "Plaintiff") Second Amended Complaint ("SAC") with prejudice. The first motion to dismiss was granted by this Court on the basis that Plaintiff has not met his prima facie burden of establishing that either general or specific personal jurisdiction exists over them. Because Plaintiff has failed to remedy the deficiencies laid out in the Court's prior order, Susan and James respectfully request that the Court grant this second motion to dismiss with prejudice.

## II. RELEVANT BACKGROUND AND FACTS

The Court is aware of the relevant facts and background information based upon its decision dismissing Plaintiff's First Amended Complaint ("FAC"). (ECF No. 100, Order of Hon. Lucy H. Koh). Therefore, for the sake of brevity, Defendants reference the Court's previous Order and incorporate by reference their previous statement of facts in the first amended Motion to Dismiss (ECF No. 33). Below, new and/or expanded averments about Defendants are noted.

In his FAC, Plaintiff pled Susan committed five intentional acts and James committed one intentional act. (*See*, ECF No. 100 at 23). Those six intentional acts were:

(1) Susan, with the assistance of Downes and Schulte, mismanaged and misappropriated assets from Samuel's Trust and Irene's Trust;

(2) James accepted and failed to return assets misappropriated from these trusts;

(3) Susan transferred over $400,000 worth of assets to brokerage accounts held by Charles Schwab in San Francisco, California;

(4) Susan, Downes, and the Cartwright Defendants mailed papers and pleadings from the Oregon Proceedings to Plaintiff in California;

(5) The Cartwright defendants improperly issued writs of garnishment on a Portland, Oregon branch of JP Morgan resulting in funds being levied from accounts held by Plaintiff in Nebraska and California; and

///
///

>  (6) Susan, potentially with the aid of the Cartwright Defendants, filed a judgment from the Oregon proceeding in Santa Cruz Superior Court resulting in wrongful collections activities in California.

(ECF No. 100, internal citations omitted).

The vast majority of Plaintiff's SAC, as it regards Susan, expands upon these allegations. He argues that all of Susan's actions were in furtherance of "The Big Lie." According to Plaintiff, the "Big Lie" consists of the proposition that Irene was and remained the successor trustee of the Samuel J. Rupert Trust after Samuel Rupert died and until her own death in 2010. (SAC, ¶7). Plaintiff claims that Susan, her attorney Gile Downes ("Downes") and his firm Schulte, Anderson, Downes, Aronson & Bitner P.C. ("Schulte") created the "Big Lie" in or about June of 2009 in Oregon and that all of the defendants to this action, including James, Irene's attorney Edward Zusman ("Zusman") and his firm Markun Zusman Compton LLP ("MZC"), and attorneys Matthew Whitman ("Whitman"), Michelle Johansson ("Johansson"), and their firm Cartwright Whitman Baer PC ("Cartwright") have conspired to repeat and perpetuate the "Big Lie" to Plaintiff's detriment both in this Court and in Oregon actions. (See, e.g., SAC, ¶¶18, 27.)

Plaintiff claims that but for the "Big Lie," Judge Fogel would not have dismissed *Rupert I* and he would not have lost the Oregon cases. (SAC, ¶¶27, 31.) He therefore argues that California is the proper jurisdiction for this action because the "Big Lie" caused him harm in California and was repeated in proceedings before Judge Fogel in *Rupert I*.

Plaintiff pleads: James was represented by Whitman and Johansson in the Oregon action, (SAC, ¶¶9, 10); James has conspired in efforts to fraudulently disinherit and damage William, targeting William in California, (SAC, ¶11); James assisted in defrauding Oregon judges, (SAC, ¶15(l)); James's fraud was accomplished via mail, email, or fax, (SAC, ¶34); James conspired to have Irene draft radically different estate plans, (SAC, ¶¶58-59, 111-112); James participated in, and supported, fraudulent litigation against William in Oregon, (SAC, ¶¶92-94); James is engaged in continuous racketeering enterprises, mail, bank, and other fraud, and the above-noted averments all being part of those schemes, (SAC, ¶¶118-129); James contacted a Michigan financial advisor to wrongfully move around assets, (¶127); and James has wrongfully received

trust assets and has not returned them. (SAC, *passim*).

As this Court explained in its previous Order, Plaintiff did not allege sufficient facts to show "continuous and systematic" contacts with California, and therefore, general jurisdiction was inappropriate. (ECF No. 100 at 19-20). In his SAC, Plaintiff has made no new averments sufficient to confer general jurisdiction.

Plaintiff's SAC does not allege facts sufficient to confer specific jurisdiction via sufficient minimum contacts. Susan's alleged actions, even with the new pleadings, were still directed at the management of an estate in Oregon. Likewise, any benefit James received from the alleged tortious scheme was in Michigan, from actions directed at an Oregon estate. Further, James's alleged role in the conspiracy consists of the same type of acts this Court already found to be directed at an Oregon estate. Though Plaintiff continues to allege he was harmed in California, this alone is insufficient to confer jurisdiction. *Calder v. Jones*, 465 U.S. 783 (1984).

Finally, Plaintiff has not pled sufficient facts to demonstrate personal jurisdiction under 18 U.S.C. § 1965(b). The Court already ruled that because "an Oregon court may have jurisdiction over all of the RICO defendants ... jurisdiction under 18.U.S.C. § 1965(b) is inappropriate ..." (Koh Order at 21.). Plaintiff has pled no new averments to show that this analysis is incorrect. He has not shown that jurisdiction over all the RICO defendants is not available in Oregon and therefore RICO jurisdiction is inappropriate. *See, Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

### III. PLAINTIFF DID NOT PLEAD SUFFICIENT FACTS TO CONFER JURISDICTION OVER HIS SIBLINGS IN THIS FORUM

Plaintiff cannot show this Court has jurisdiction over Susan and James, which is his burden. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Personal jurisdiction "is an essential element ... without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotes omitted). Personal jurisdiction over non-resident defendants like Susan and James is based upon the "long arm" statute of the state in which the court sits. *Bauman v. DaimlerChrysler Corp.*, 644 F. 3d 909, 919 (9th Cir. 2011).

California's long arm statute provides jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc., § 410.10. Due process requires that nonresident defendants have certain "minimum contacts" with the forum state, so that exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Additionally, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Sher v. Johnson*, 911 F. 2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Thus, a court may exercise either "general" or "specific" jurisdiction over a non-resident defendant. However, in this case, there is neither general nor specific jurisdiction.

### A. Plaintiff Has Not Pled Facts Sufficient to Confer General Jurisdiction

General jurisdiction "applies where a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is unrelated to those activities." *Sher*, 911 F.2d at 1357. Typically, general jurisdiction is limited to large companies doing a large amount of local business on a regular basis. *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848 (9th Cir. 1993). Plaintiff pled nothing to confer general jurisdiction over Susan and James. (*See, also*, Declarations of James Rupert and Susan Bond, attached hereto as Exhibits).

### B. Plaintiff Has Not Pled Facts Sufficient to Confer Specific Jurisdiction

#### 1. Plaintiff has not pled sufficient minimum contacts with California

The Ninth Circuit employs a three-part "sufficient minimum contacts" test:

1) The non-resident defendant must purposefully direct his/her activities or consummate some transaction with the forum or resident thereof; or perform some act by which he/she purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and

3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

1   Plaintiff must show that the he has met the first two prongs. *Sher*, 911 F.2d at 1361. If he
2   can do so, the burden then shifts to Susan and James to set forth a compelling case that
3   jurisdiction is unreasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th
4   Cir. 2011).

### a. Plaintiff cannot meet the first prong

Showing purposeful availment or purposeful direction satisfies the first prong. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). For cases involving alleged tortious conduct, such as this one, where Plaintiff alleges interference with, and deprivation of, his inheritance, "purposeful direction" analysis is appropriate. *CollegeSource*, 653 F.3d at 1077. (ECF No. 100 at 22). Purposeful direction focuses on the forum where the defendant's actions were felt, whether or not the actions occurred within the forum. *Id.* But, the actions must have been expressly aimed at the forum state. *Id.*

The Ninth Circuit evaluates purposeful direction using the three-part effects test of *Calder. See, Schwarzenegger*, 374 F.3d at 803. The defendant allegedly must have:

1) committed an intentional act;

2) expressly aimed at the forum state;

3) that caused harm the defendant knew was likely to be suffered in the forum state.

*Yahoo! Inc. v. La Ligue Contre La Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

Given the relaxed standard required to show an intentional act, Defendants concede prong one. *See, Calder*, 465 U.S. at 789. Prongs 2) and 3) of the *Calder* test are intertwined. Plaintiff has not alleged that the Susan or James performed any acts in California that the Court hasn't already ruled to be insufficient to confer jurisdiction or that they "purposefully directed" their actions towards this State. (ECF No. 100, *passim*). Rather, Susan is alleged to have performed actions solely from Oregon directed toward Oregon estate plans. Likewise, James is alleged to have performed actions solely from Michigan directed toward Oregon estate plans. Susan and James allegedly received the benefits of the "Big Lie" in their home states.

- 5 -

MOTION TO DISMISS SAC
CV-12-05292 LHK

As for the use of faxes, email and mail directed toward California, as this Court has already ruled, the act of transmitting documents to Plaintiff concerning ongoing Oregon litigation and/or Plaintiff's rights to assets belonging to an Oregon estate is insufficient to meet the purposeful direction test. (ECF No. 100 at 26:1-6.) Likewise, regarding an alleged Schwab account in California, this Court has already ruled that "[r]egardless of where Susan may have allegedly transferred these assets, it would not have impacted the outcome of these events." (ECF No. 100 at 25:7-8). Plaintiff has added no new allegations that could overturn this analysis.

Indeed, Plaintiff has added more "facts" to his allegations regarding filing of an Oregon judgment in California, and garnishments of bank accounts in California and Nebraska. He also attempts to make these actions tortious by calling them "harassing" in an attempt to overcome the holding of *Menken v. Emm*, 503 F.3d 1050 (9th Cir. 2007). As this Court has ruled, "any harm which occurred to Plaintiff occurred during the Oregon Proceedings when an Oregon Court ordered him to pay attorney's fees and costs." (ECF No. 100 at 26:21-22) accord *Menken*, 503 F.3d at 1058. Despite pleading "harassment," Plaintiff still only alleges improper procedure was followed. Key in *Menken* was that the judgment was used to extract something from the judgment debtor that the creditor had no colorable right to request. The creditor attempted to use the judgment as a form of blackmail. Susan and her attorneys had the right to attempt collection of judgments pursuant to law. OR. REV. STAT. § 18.635 (2008). (ECF No. 100 at 27).

Plaintiff has therefore failed to satisfy the first prong of the specific jurisdiction test, and Defendants respectfully request that the Court grant this motion to dismiss, with prejudice.

**b. Plaintiff cannot meet the second prong**

Susan and James's alleged actions were performed in Oregon and Michigan, with the intent of affecting estates in Oregon. Because Defendants did not purposefully avail themselves of, or direct conduct at, California, Plaintiff cannot hale them into this Court. Though unnecessary to discuss the remaining elements, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006), the remaining two factors are addressed briefly.

Determining whether Plaintiff's claims arise out of Defendants' forum-related conduct is a "but for" test. *Menken*, 503 F.3d at 1059. Hence, Plaintiff must show that he would not have

suffered an injury "but for" Defendants' forum-related conduct. Something more than mere foreseeability is required. *Schwarzenegger*, 374 F.3d 797.

It is fundamental that "a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Glencore Grain Rotterdam. B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Because James Rupert has undertaken no activities in the forum, excepting making a special appearance in this lawsuit to protest jurisdiction, it is readily apparent that the claim does not arise out of any such conduct. He has no forum-related conduct. Thus, the second part of the test is not satisfied as to him.

Consideration of Susan Bond's alleged actions in "but for" analysis is somewhat more complicated on first blush. This is because of the allegations of conduct in California. Notably, in the 2009 case, Plaintiff alleged almost all of what he has alleged here, as a cause of injury to him. He cannot make a "but for" argument, because the vast majority of actions he complains of allegedly occurred outside of California and he alleges those alone injured him. Further, Susan Bond could have opened an account at any of numerous Charles Schwab locations. Plaintiff pleads these accounts must have been opened in California, but this bare legal conclusion is not supported by any pleading of facts. Even if the accounts were opened in San Francisco, use of a national bank is not sufficient to confer invocation of state benefits. *British-American Ins. Co., Ltd.*, 828 F.2d 1439, 1444 (9th Cir. 1987).

c. **Even if Plaintiff could show he met prongs one and two, exercise of jurisdiction is unreasonable**

The defendant's contacts with the forum state must be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice, and the relationship between the defendant and the forum must be such that it is reasonable to require the defendant to defend the particular suit. *World-Wide Volkswagen Corp.* 444 U.S. at 292.

Presuming, *arguendo*, the Court finds Plaintiff has met both of the first prongs, the Court must still consider whether exercising jurisdiction is reasonable in comporting with fair play and substantial justice. Burden is the primary concern in an assessment of reasonableness. *See, British-American*, 828 F.2d at 1444. The Court is to consider seven factors when making such a

determination: 1) the extent of the Defendants' purposeful interjection into the forum state's affairs; 2) the burden on Defendants of defending in California; 3) the extent of conflict with the sovereignty of Defendants' home states; 4) the forum states' interests in adjudicating the dispute; 5) the most efficient judicial resolution of the controversy; 6) the importance of the forum to the Plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. *Menken*, 503 F.3d at 1060. No one factor is determinative; they must be balanced. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991). This matter shows a clear-cut instance where it would be patently unreasonable to confer jurisdiction over Susan and James in California.

Previously, Defendants argued these factors. (ECF No. 33). Defendants incorporate those arguments by reference. As this Court ruled, these factors weigh in favor of declining to exercise personal jurisdiction. (ECF No. 100, pp. 28-29). Nothing Plaintiff has pled since changes analysis of these factors. All of the defendants who have filed for dismissal based on lack of jurisdiction live in Oregon and Michigan and have only minimal, if any, connections with California. (ECF No. 100 p. 29:4-6). This would cause a substantial burden to be haled into Court in California. (Id. at 29:6-7). Further, as argued exhaustively in the first motion and here, the vast majority of events asserted by Plaintiff occurred in Oregon and concern parties, trusts and an estate in Oregon and therefore the Oregon Court would be a better forum in the interests of judicial efficiency. (Id. at 29:7-11).

### 2. Plaintiff Has Not Pled RICO jurisdiction

In *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) (emphasis added), the Ninth Circuit set forth the clear requirements for asserting nationwide service under RICO:

> As section 1965(b) makes clear, the right to nationwide service in RICO suits is not unlimited. For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy *and* <u>the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators</u>.

The Ninth Circuit further warned, "merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Id.* The plaintiff

must plead facts demonstrating that the non-resident defendant actually participated in a "single racketeering enterprise" with a defendant otherwise subject to personal jurisdiction in the chosen forum. *Id.* Absent facts suggesting an actual nationwide conspiracy, a plaintiff may alternately pursue separate lawsuits against the resident and nonresident RICO defendants in the appropriate jurisdictions. *Id.* Plaintiff pleads no facts demonstrating that there is no other district in which the court will have jurisdiction over all of the defendants. Jurisdiction is not proper under § 1965(b).

### a. Plaintiff's Second Amended Complaint Still Does Not Sufficiently Allege that No Other Jurisdiction Exists in Which He Might Bring His RICO Claims Against All of the Defendants

Plaintiff's FAC failed to properly allege that no other jurisdiction exists that would have personal jurisdiction over all of the named defendants and, for this reason, other Defendants moved for dismissal for failure to properly allege jurisdiction under 18 U.S.C. § 1965(b). In his SAC, Plaintiff now claims that Zusman is not subject to jurisdiction in Oregon. (SAC, n.1, ¶8.) However, the SAC is still deficient because it fails to address the concerns raised by Judge Koh's September 17, 2013 order dismissing the FAC. (*See* ECF No. 100.)

#### i. Plaintiff Does Not Address the Deficiencies Highlighted by the Court in Its Prior Order

Section 1965(b) jurisdiction is only appropriate if there is no other district in which a court would otherwise have jurisdiction over all of the alleged co-conspirators. (ECF No. 100, pp. 20-21.) Plaintiff's FAC failed to demonstrate that defendant Edward Zusman is *not* subject to jurisdiction in Oregon. As the Court explained:

> the FAC states that he was a member of a conspiracy with six Oregon defendants, *see* FAC, ¶ 8, and that his involvement in the conspiracy was his representation of two Oregon residents in connection with an estate established under Oregon law, *id.* Moreover, Zusman's law firm has an office in Oregon. *See* Downes Reply at 4. Accordingly the Court finds that an Oregon court may have jurisdiction over the RICO defendants. As such jurisdiction under 18 U.S.C. § 1965(b) is inappropriate . . . .

(*Id.* at 21:12-17.) Plaintiff has done nothing in his SAC to address the Court's concerns regarding jurisdiction under 1965(b). Plaintiff's SAC should be dismissed for the same reasons as his FAC.

#### ii. No Jurisdiction Exists Under 18 U.S.C. § 1965(b)

In *Huntair, Inc. v. Galdstone*, 774 F. Supp. 2d 1035 (N.D. Cal. 2011), this Court

considered a very similar set of facts and concluded the plaintiff had failed to meet his burden under *Butcher's Union*. There, plaintiffs alleged a nationwide conspiracy between one Illinois defendant and four California defendants. *Id.* at 1038. Plaintiffs asserted they "were not aware of any other district in which a court would have personal jurisdiction over all of the defendants." *Id.* at 1039-40. Ruling 1965(b) jurisdiction could not be established, this Court found this "conclusory assertion is insufficient to meet Plaintiffs' burden to demonstrate that jurisdiction under § 1965(b) would be appropriate." *Id.* at 1040.

Like the plaintiffs in *Huntair*, Plaintiff here has again merely concluded that Zusman is not subject to personal jurisdiction in Oregon. (*See* SAC, n.1.) In doing so, Plaintiff continues to ignore this Court's ruling and the content of his own pleadings. For example, Plaintiff has pled that Zusman is a conspirator with eight Oregon defendants (five individuals and three entities) and that the basis for Zusman's involvement in the conspiracy is his representation of an Oregon client (Irene) regarding an estate established under Oregon law. (SAC, ¶8.) Plaintiff also admits that Zusman is a named partner in a firm that has an Oregon office. (*Id.*)

Given the challenge to jurisdiction, "[P]laintiff bears the burden of showing that the court has jurisdiction," either under § 1965(b) or California's long-arm statute. *Butcher's Union*, 788 F.2d at 538. Plaintiff has not met the burden because he does not allege facts to show that no other district exists in which *all* of the named defendants might properly be hailed. As in *Huntair*, this deficiency alone is sufficient to grant this Motion to Dismiss under Rule 12(b)(2).

Plaintiff's nationwide service of process theory also fails because he has not pled a nationwide conspiracy. There are no allegations Zusman and MZC had any connection to James.

As the *Butcher's Union* court instructed, "merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Butcher's Union*, 788 F.2d at 539. Courts in this Circuit have interpreted this warning to limit jurisdiction under § 1965(b) to those cases in which the plaintiff has adequately pled allegations against the nonresident defendant <u>that connect them to parties otherwise subject to traditional personal jurisdiction in the chosen forum</u>. *See, e.g. General Steel Domestic Sales, LLC v. Suthers*, 2007 WL 704477, *3-4 (E.D. Cal. Mar. 2, 2007).

Conclusory allegations regarding a nationwide conspiracy are insufficient to meet this burden. *Id.* at *4. Rather, the plaintiff must plead facts demonstrating that the nonresident defendant "at least 'was aware of the essential nature and scope of the enterprise and intended to participate in it.'" *Id.* (quoting *Baumer v. Pachl*, 8 F. 3d 1341, 1346 (9th Cir. 1993)). Failure to plead such facts will, even at the preliminary stages of a lawsuit, bar a plaintiff's claims on jurisdictional grounds. *See Id.*; *see also Rocawear Licensing, LLC v. Pacesetter Apparel Group*, 2007 WL 5289737 (C.D. Cal. Sept. 12, 2007) (granting 12(b)(2) motion to dismiss on basis that plaintiff failed to show nonresident defendant participated in nationwide conspiracy).

Here, Plaintiff does not allege any facts to demonstrate that James, was aware of, or participated in, any alleged misconduct by Zusman or MZC. Rather, the sole connection alleged between James and Zusman and his firm is that they were among a series of lawyers hired by Irene and Susan to allegedly cause damage to Plaintiff for the benefit of James, among others. (*See, e.g.*, SAC, ¶110 ("The common link throughout the 5 RICO Enterprise Stages . . . is that Susan participated in all 5 Stages.").) This alleged connection is not, however, sufficient to show that James had anything to do with Zusman and his firm.

Through his SAC, Plaintiff seeks to parlay the parties' separate representations of Irene Rupert into a RICO conspiracy *among* the attorneys and their law firms. However, Plaintiff does not plead any facts to show that James had knowledge of or control over the actions of Zusman and MZC. Plaintiff therefore fails to plead the existence of a nationwide conspiracy.

Plaintiff's allegations in the SAC continue to demonstrate there is no single, nationwide conspiracy involving James, Susan and the other Defendants. Instead, Plaintiff alleges that a RICO conspiracy "has been carried out by . . . four individual racketeering enterprises." (SAC, ¶110) (emphasis added.) These four individual enterprises are alleged to have engaged in fifty-four predicate RICO acts, as set forth in detail in Appendix A to the SAC. For each act, Plaintiff identifies the defendant(s) who allegedly committed the misconduct. (SAC at Appx. A.) However, Plaintiff does not allege that James participated in a single predicate act alongside Zusman or MZC. (*Id.*) Plaintiff therefore appears to acknowledge that James had no knowledge of or consented to participate in any conspiracy involving the California Defendants.

Plaintiff's allegations closely mirror the types of allegations found to be deficient in *Butcher's Union*. There, the plaintiffs, a consortium of unions, alleged a two-tier conspiracy consisting of both a "nationwide conspiracy" between four employers and their lawyers as well as four individual conspiracies between the lawyers, one of the employers, and a union agent. *Butcher's Union*, 788 F.2d at 537. Even though the plaintiffs alleged a nationwide conspiracy among all of the defendants, the Ninth Circuit held that they had failed to demonstrate a "single racketeering enterprise" that encompassed the nonresident defendants. *Id.* at 539. On this basis, the court ruled that RICO's nationwide service of process provision was inapplicable.

Here, Plaintiff alleges virtually the same type of structure: one nationwide conspiracy involving Susan and each of her and Irene's former attorneys (Downes, Zusman, Whitman and Johansson) as well as four individual conspiracies involving the various defendants (identified in the SAC as the "four racketeering enterprises"). However, as in *Butcher's Union*, Plaintiff fails to sufficiently allege facts to demonstrate a "single racketeering enterprise" involving *all* of the defendants. Plaintiff, in fact, admits that the alleged RICO conspiracy consists of four separate enterprises "overlapped" to create a nationwide conspiracy. The lack of any predicate act involving James and Zusman/MZC negates Plaintiff's attempt to allege a single conspiracy.

Further, as pled by Zusman and MZC, based on the *Noer-Pennington* doctrine, what the attorneys engaged in was protected petitioning activity. *See, Eastern Railroad Presidents' Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965); and *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). As the Court has ordered, (ECF No. 100 pp. 11-15), these activities in *Rupert I* were encompassed under the doctrine and therefore cannot be part of a RICO conspiracy. Plaintiff's pleading in the SAC has alleged no new facts regarding Zusman and MZC that would bring their actions outside of the doctrine. As such, since no conspiratorial actions took place with a California resident, 1965(b) jurisdiction is not available to confer jurisdiction.

///

///

## IV. CONCLUSION

For each of the reasons set forth herein, Susan and James respectfully request that the Court grant the present motion to dismiss, with prejudice. Plaintiff cannot maintain this action in California when personal jurisdiction is so clearly lacking.

Dated: October 21, 2013    LAW OFFICES OF DEVIN ROBINSON, P.C.


By:/s/ *Devin N. Robinson*
DEVIN N. ROBINSON
Specially Appearing for Defendants
SUSAN BOND AND JAMES RUPERT