JESSICA R. MACGREGOR, Bar No. 168777
KATE KIMBERLIN, Bar No. 261017
LONG & LEVIT LLP
465 California Street, 5th Floor
San Francisco, California 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392
jmacgregor@longlevit.com
kkimberlin@longlevit.com

Specially Appearing for Defendants
GILE R. DOWNES and SCHULTE, ANDERSON,
DOWNES, ARONSON & BITTNER, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN BOND; GILE R. DOWNES; EDWARD S. ZUSMAN; MATTHEW WHITMAN; MICHELLE JOHANSSON; JAMES RUPERT; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., an Oregon Professional Corporation; MARKUN ZUSMAN & COMPTON, LLP, a Limited Liability Partnership Headquartered in California; CARTWRIGHT WHITMAN BAER PC, an Oregon Professional Corporation; and DOES 1 to 20,<br><br>Defendants. | Case No. CV-12-05292 LHK<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT AGAINST DEFENDANTS GILE R. DOWNES AND SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C.**<br><br>**Hearing:** March 13, 2014<br>**Time:** 1:30 p.m.<br>**Judge:** Hon. Lucy H. Koh<br>**Courtroom:** 8 |

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

REPLY RE MOTION TO DISMISS
CV-12-05292 LHK

## I. INTRODUCTION

As set forth in the Schulte Defendants' Motion to Dismiss the Second Amended Complaint, Plaintiff's latest complaint alleges no new facts that would support his theory that personal jurisdiction over the Schulte Defendants is proper in California. Plaintiff does not plead any facts to show that the Schulte Defendants – who represented Oregon residents regarding an Oregon estate and under Oregon law—directed themselves in any meaningful way toward this State. He also fails to offer facts to show that there was a single nationwide conspiracy among the Schulte Defendants and the California Defendants. Plaintiff's Opposition therefore fails to address the inherent flaws contained in the First Amended Complaint. This action should be dismissed with prejudice.

Plaintiff does little more in his Opposition than to repeat the arguments contained in his prior briefing and to quote from the Schulte Defendant's Motion and his own complaint. Rather than paper the Court with re-statements of the arguments already set forth in their multiple motions to dismiss (*see* ECF Nos. 18, 39, 107), the Schulte Defendants will refer the Court to their prior pleadings except where necessary to correct Plaintiff's major misconceptions of the facts and law.

## II. THERE IS NO PERSONAL JURISDICTION OVER THE SCHULTE DEFENDANTS IN CALIFORNIA

### A. Whether Plaintiff or Irene Was the Successor Trustee is of No Consequence to the Question of Personal Jurisdiction Over the Schulte Defendants

Plaintiff has made clear that he disputes his mother, Irene Rupert, was the proper successor trustee of the Samuel J. Rupert Trust. He has expressed his disagreement with the findings of the Oregon courts on this subject ad nauseam. The Schulte Defendants continue to dispute Plaintiff's position on this issue; however, the Court need not side with any party on this point for purposes of determining whether this Court has personal jurisdiction over the Schulte Defendants.

Whether or not Plaintiff was the rightful successor trustee of the Samuel J. Rupert Trust upon his father's death was not at issue in *Rupert I*. By the time Judge Fogel entered his order granting the Schulte Defendants' motion to dismiss for lack of jurisdiction, Irene had passed

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 1 -

REPLY RE MOTION TO DISMISS
CV-12-05292 LHK

away.[1] It was neither raised nor disputed that, at the time the Order was entered, Plaintiff was the trustee of the Samuel J. Rupert Trust. (Although, he was later removed as trustee by the Oregon court.) (*See* RJN, Ex. 9.) That Plaintiff was (or was not) the proper trustee of the Samuel J. Rupert Trust at the time Judge Fogel entered his Order in *Rupert I* was simply not relevant to the question of whether this Court has personal jurisdiction over the Schulte Defendants.

Plaintiff's reliance on *Hanson v. Denckla*, 357 U.S. 235 (1958) in this regard is misplaced. The *Hanson* Court did not hold that the location of the trustee is a critical factor or even a primary factor for determining whether personal jurisdiction is proper in a case involving a trust. Indeed, the Supreme Court ruled in *Hanson* that there was *no* personal jurisdiction in Florida over a trust company that had no office in the state, had transacted no business in Florida, and where the trust at issue was executed in Delaware even though the settlor later lived in Florida and powers of appointment granted by the trust agreement had been exercised there. *Id.* at 250-52.

Applying the ruling of *Hanson*, even if the Court accepts Plaintiff's proposition as true (i.e., that he was the successor trustee of the Samuel J. Rupert Trust after his father's death), his exercise of the right to accept that position and his residence in California are not sufficient to hail the Schulte Defendants into Court in California. The Schulte Defendants do not do business in California, the trust at issue was not executed in California, neither Samuel or Irene Rupert ever lived in California, and the dispute between Plaintiff and the Schulte Defendants is not based on any property in this state.

**B.    Jurisdiction is Not Proper Under 18 U.S.C. § 1965(b)**

As set forth more fully in the Schulte Defendant's Motion papers (*see* ECF No. 107), jurisdiction is only proper under the RICO's nationwide service of process statute, 18 U.S.C. § 1965(b), where a plaintiff has adequately alleged a nationwide conspiracy. *See Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535 (9th Cir. 1986).

In his Opposition, Plaintiff repeats his accusations concerning the Schulte Defendant's alleged participation in a conspiracy to deprive him of his rights in the Oregon and California

---

[1] Irene died on March 12, 2010. (SAC, ¶77.) Judge Fogel issued his Order granting the Schulte Defendant's Motion to Dismiss in *Rupert I* on September 9, 2010. (SAC, ¶81.)

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 2 -

REPLY RE MOTION TO DISMISS
CV-12-05292 LHK

1  courts. (*See* Opp. at 17:9-14.) However, Plaintiff fails to address the deficiencies in his
2  Complaint that were pointed out by this Court in its prior order – namely that he does not allege
3  that the Schulte Defendants engaged in a single predicate act alongside the California Defendants
4  (Zusman and MZC). (*See* SAC, Appendix A; ECF No. 100.) Plaintiff's Opposition fails to
5  address this point. His conclusory allegations regarding the existence of a nationwide conspiracy
6  against him are insufficient to maintain an action against the Schulte Defendants. *See Butcher's*
7  *Union*, 788 F.2d at 537.

### C. Plaintiff's Claims Under 18 U.S.C. § 1964, Subsections (c) and (d) Are Insufficient to Confer Jurisdiction Over the Schulte Defendants

In his Opposition, Plaintiff asserts that personal jurisdiction is proper over the Schulte Defendants for the independent reason that he has asserted a claim under 18 U.S.C. § 1964(d) for conspiracy to violate the provisions of section 1964(c). However, Plaintiff offers no basis for his conclusion that either of these statutory provisions would provide this Court with jurisdiction where there is otherwise no jurisdiction under 18 U.S.C. § 1965(b).

#### 1. Plaintiff Cannot Assert a Claim Under 18 U.S.C. §1965(c)

Even were subsection (c) sufficient to confer nationwide jurisdiction over the Schulte Defendants, Plaintiff fails to adequately plead a claim for conspiracy under this provision of the RICO statute. As the Ninth Circuit set forth in *Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993), an attorney cannot be held liable under § 1965(c) unless he "participate[s] in the operation or management of the enterprise itself." *Id.* at 1344. Where an attorney's role is "limited to providing legal services," his participation level is insufficient to hold him liable under § 1965(c). *Id.* This is so regardless of whether the attorney "rendered his services well or poorly, properly or improperly." *Id.*

Further, as this Court already pointed out in its prior order dismissing the First Amended Complaint, "scant allegations" against an attorney acting in his official capacity are insufficient to meet the "heightened pleading standard under the *Noerr-Pennington* doctrine." (ECF No. 100, 17:7-8.) Thus, contrary to Plaintiff's assertion, he cannot maintain this action by leveling conclusory allegations against the Schulte Defendants. (*See* Opp., 23:14-18.) It is not enough to

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 3 -

REPLY RE MOTION TO DISMISS
CV-12-05292 LHK

accuse them of "fraud" or "criminal" behavior without any facts to back up these specious allegations. Such characterizations are mere legal conclusions not entitled to the assumption of truth. *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (legal conclusions couched as factual allegations are not presumed true); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient at the pleading stage).

Plaintiff alleges only that the Schulte Defendants "participated" in the alleged conspiracy by rendering legal services to Irene Rupert. (*See* SAC, ¶112.) Plaintiff does not allege any facts to suggest that the Schulte Defendants participated in the "operation or management" of a criminal conspiracy. His SAC contains only vague references to the Schulte Defendants' alleged "conspiracy" with Susan and James Bond through their representation of Irene Rupert. (*Id.*) Regardless of whether Plaintiff believes the Schulte Defendants performed this job "improperly," the allegations are insufficient to maintain an action against them under 18 U.S.C. § 1965(c).

Plaintiff's SAC does not adequately allege any predicate act, let alone a pattern of racketeering activity against any defendant. Since plaintiff cannot even state a RICO claim, he certainly cannot demonstrate a "single nationwide RICO conspiracy."

### 2. Plaintiff Also Cannot Assert a Claim Under 18 U.S.C. § 1965(d)

Because Plaintiff has not pled and cannot adequately plead a substantive violation under 18 U.S.C. § 1962(c), he also cannot allege a conspiracy to violate RICO. *Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 559 (9th Cir. 2010) ("plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO").

The gravamen of Plaintiff's SAC is that the defendants engaged in vast conspiracies against him. (*See e.g.* SAC, ¶ 120.) To the extent plaintiff tries to invoke Section 1962(d) as a basis for personal jurisdiction over defendants, he cannot. *Bray v. Kendall,* 2010 WL 56181, at *5 (N.D.Cal. Jan. 5, 2010) (refusing to permit plaintiff to rely on subsection (d) to establish personal jurisdiction under RICO); *Campbell v. Oviedo,* 2011 WL 4024509, at *2 (S.D.Cal. Sept. 9, 2011).

### D. Granting the Schulte Defendant's Motion Will Not Unfairly Deny Plaintiff his "Day in Court"

Plaintiff accuses the Schulte Defendants of repeating the "lie" about Irene's role as

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 4 -

REPLY RE MOTION TO DISMISS
CV-12-05292 LHK

successor trustee, and claims that this "lie" is preventing him from "his full and fair day in court." [Opp., 8:13-18.] Nothing could be further from the truth.

Plaintiff has sued the Schulte Defendants in this Court twice, but has never made it past the pleading stage because he insists on suing them in a jurisdiction where they are not subject to personal jurisdiction. Plaintiff has continued his assaults against the Schulte Defendants in California – where they do not reside or work – in an effort to circumvent the rulings of the Oregon courts. As Judge Koh correctly pointed out, nothing has ever prevented Mr. Rupert from bringing his claims against the Oregon defendants *in Oregon*. Plaintiff's claims against the Schulte Defendants in this regard are therefore without merit.

### III. THE SCHULTE DEFENDANTS HAVE NOT CONSENTED TO JURISDICTION

An analysis of jurisdiction under Section 1965(b) necessarily requires the Court to consider whether a Plaintiff has sufficiently pled a nationwide conspiracy against a non-resident defendant. In their Motion, the Schulte Defendants therefore addressed this question, arguing that Plaintiff failed to plead sufficient facts to demonstrate a single racketeering enterprise. (*See* Motion, ECF No. 107, pp. 14-20.) The Motion shows that the SAC is deficient because it alleges the existence of multiple, independent enterprises and because no nationwide conspiracy can exist where the alleged conduct by the parties is protected petitioning activity under the *Noerr-Pennington* doctrine. (*Id.*) These deficiencies were necessarily raised in the context of arguing that Plaintiff's SAC does not allege sufficient facts to maintain jurisdiction over the Schulte Defendants.

Plaintiff cites no authority or factual basis for the proposition that the Schulte Defendants have "conceded" jurisdiction. Indeed, there are none that would support his cause. So long as a defendant timely objects to personal jurisdiction in a Rule 12 motion *before* seeking to litigate the case in its merits, there is no waiver of this defense. *See, e.g., United States v. Ligas*, 549 F.3d 497, 502 (7th Cir. 2008) (no waiver of personal jurisdiction defense where defense was raised simultaneously with other substantive defenses); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) (challenge to personal jurisdiction not waived provided it is raised in a timely motion to dismiss).

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 5 -

REPLY RE MOTION TO DISMISS
CV-12-05292 LHK

## IV. CONCLUSION

Plaintiff has had numerous opportunities to argue his view of the world – i.e., that he, rather than Irene, was the successor trustee of the Samuel J. Rupert Trust upon Samuel's death. He argued this before Judge Fogel, two Oregon Courts, and again here in this action. He has submitted hundreds of pages of documents that he claims support his view of reality. Despite his contentions, the Oregon courts (at trial and on appeal) disagreed, finding that Irene was the successor trustee until her death. (*See* RJN, Exs. 6-7.)

Yet, Plaintiff continues to argue that "[i]ndependent analysis could not cause any of the lawyers to conclude Irene Rupert's 'sham' successor trusteeship was real." [Opp., 7:18-19.] He concludes that all of the lawyers must be conspiring against him. It is unlikely that the Schulte Defendants (or anyone else) can dissuade Plaintiff of his view. But, the facts he has alleged in his SAC still do not support maintaining this action against the Schulte Defendants in California, where they are not subject to personal jurisdiction. The Schulte Defendants therefore respectfully request that the Court grant their Motion to Dismiss the SAC with prejudice.

Dated: November 11, 2013   LONG & LEVIT LLP

By: */s/ Kate G. Kimberlin*
JESSICA R. MACGREGOR
KATE KIMBERLIN
Specially Appearing for Defendants
GILE R. DOWNES and SCHULTE,
ANDERSON, DOWNES, ARONSON &
BITTNER, P.C.

DOCS\S5070-526\685228.1

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 6 -

REPLY RE MOTION TO DISMISS
CV-12-05292 LHK