James C. Krieg (SBN 77069)
Allison Lane Cooper (SBN 152384)
Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail: jckrieg@duanemorris.com
         alanecooper@duanemorris.com
         jfields@duanemorris.com

Attorneys for Defendants
CARTWRIGHT WHITMAN BAER PC, MATTHEW
WHITMAN, AND MICHELLE JOHANSSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT,<br><br>          Plaintiff,<br><br>     v.<br><br>SUSAN BOND; GILE R. DOWNES; EDWARD S. ZUSMAN; MATTHEW WHITMAN; MICHELLE JOHANSSON; JAMES RUPERT; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., an Oregon Professional Corporation; MARKUN ZUSMAN & COMPTON, LLP, a Limited Liability Partnership Headquartered in California; CARTWRIGHT WHITMAN BAER PC, an Oregon Professional Corporation; and DOES 1 to 20, ,<br><br>          Defendants. | Case No.: 5:12-cv-05292 LHK (HRL)<br><br>**DEFENDANTS MATTHEW WHITMAN, MICHELLE JOHANSSON, AND CARTWRIGHT WHITMAN BAER PC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:   March 13, 2014<br>Time:   1:30 p.m.<br>Dept:   Courtroom 8, 4th Floor<br><br>Judge:   Hon. Lucy H. Koh<br>Complaint Filed: October 12, 2012 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................1

II. THERE IS NO "NATIONWIDE" JURISDICTION OVER DEFENDANTS
UNDER 18 U.S.C. § 1965(b) ...............................................................................................1

    A. Plaintiff Has Failed To Show That No Other Jurisdiction Exists In
Which He Could Bring His RICO Claims Against All Of The
Defendants ................................................................................................................ 2

    B. Plaintiff Has Failed To Show The Existence Of A "Single Nationwide
RICO Conspiracy" ................................................................................................... 3

    C. Plaintiff Has Not And Cannot Adequately Allege A RICO Claim Such
That 18 U.S.C. § 1965(b) Could Even Apply .......................................................... 5

        1. Plaintiff's Section 1962(c) claim fails ......................................................... 5

        2. Plaintiff cannot rely on Section 1962(d) to establish personal
jurisdiction under RICO .............................................................................. 6

    D. Plaintiff's Claims Are Barred By The *Noerr-Pennington* Doctrine ................... 7

III. PLAINTIFF CANNOT DEMONSTRATE THAT PERSONAL
JURISDICTION IS OTHERWISE PROPER HERE ...........................................................8

    A. Defendants' Conduct Does Not Amount To Purposeful Availment In
California .................................................................................................................. 8

    B. Exercise Of Jurisdiction Over Defendants Would Not Be Reasonable ......... 10

    C. Plaintiff's Remaining Arguments Lack Merit ................................................... 11

IV. CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal* (2009)
  556 U.S. 662 ....................................................................................................................................6

*Baumer v. Pachl* (9th Cir. 1993)
  8 F.3d 1341 .................................................................................................................................. 5-6

*Bray v. Kendall* (N.D.Cal. Jan. 5, 2010)
  2010 WL 56181, at *5 ......................................................................................................................6

*Brown v. General Steel Domestic Sales, LLC* (C.D.Cal. May 19, 2008)
  2008 WL 2128057, at *12 n.53 .......................................................................................................3

*Butcher's Union Local No. 498, United Food And Comm. Workers v. SDCInvestment, Inc.*
  (9th Cir. 1986)
  788 F.2d 535 ................................................................................................................................ 2-4

*Campbell v. Oviedo* (S.D.Cal. Sept. 9, 2011)
  2011 WL 4024509, at *2 .................................................................................................................7

*Chang v. Chen* (9th Cir. 1996)
  80 F.3d 1293 ....................................................................................................................................5

*Empress LLC v. City & Cty. of S.F.* (9th Cir. 2005)
  419 F.3d 1052 ..................................................................................................................................7

*Figueroa Ruiz v. Alegria* (1st Cir. 1990)
  896 F.2d 645 ..................................................................................................................................12

*Freeman v. Lasky, Haas & Cohler* (9th Cir. 2005)
  410 F.3d 1180 ..................................................................................................................................8

*General Steel Dom. Sales, LLC v. Suthers* (E.D.Cal. March 2, 2007)
  2007 WL 704477, at *4 ............................................................................................................... 3-4

*Huntair, Inc. v. Gladstone* (N.D.Cal. 2011)
  774 F.Supp.2d 1035 ..................................................................................................................... 2-3

*Kirk v. Heppt* (S.D.N.Y. 2006)
  423 F.Supp.2d 147 .........................................................................................................................12

*Menken v. Emm* (9th Cir. 2007)
  503 F.3d 1050 ................................................................................................................................10

*Papasan v. Allain* (1986)
  478 U.S. 265 ....................................................................................................................................6

*Reves v. Ernst & Young* (1993)
   507 U.S. 170 ..................................................................................................................5

*Rocawear Licensing LLC v. Pacesetter Apparel Group* (C.D.Cal. Sept. 12, 2007)
   2007 WL 5289737 ....................................................................................................... 3-4

*Rodela v. Guild Mortg. Co.* (E.D.Cal. 2012)
   2012 WL 169772, at *16 ................................................................................................12

*Rupert v. Bond, et al.* (Filed Sept. 19, 2010)
   Case No. 5:09-cv-02758 JF, Dkt. No. 39.................................................................... 9-10

*Sanford v. MemberWorks, Inc.* (9th Cir. 2010)
   625 F.3d 550 ...................................................................................................................6

*Sosa v. DirectTV* (9th Cir. 2006)
   437 F.3d 923 ................................................................................................................ 7-9

*Swartz v. KPMG LLP* (9th Cir. 2007)
   476 F.3d 756 .................................................................................................................10

*Walter v. Drayson* (9th Cir. 2008)
   538 F.3d 1244 .................................................................................................................6

*White v. Lee* (9th Cir. 2000)
   227 F.3d 1214 .................................................................................................................7

*Winters v. Jordan* (E.D.Cal. July 20, 2010)
   2010 WL 2838634, at *8 .................................................................................................7

**Federal Statutes**

18 U.S.C. § 1962(2) .................................................................................................................6

18 U.S.C. § 1962(c) .............................................................................................................. 5-6

18 U.S.C. § 1962(d) .............................................................................................................. 5-6

18 U.S.C. § 1965(b) ........................................................................................................... 1-3, 5

28 U.S.C. § 1915(e)(B) ............................................................................................................7

**Rules**

Rule 9 .......................................................................................................................................6

Rule 12(b)(2)............................................................................................................................4

## I. INTRODUCTION

In their moving papers, defendants Matthew Whitman, Michelle Johansson, and Cartwright Whitman Baer PC ("Defendants") demonstrated that, as Oregon counsel for plaintiff's sister in Oregon litigation, they are not subject to general or specific jurisdiction in this Court. Plaintiff William Rupert tries to invoke 18 U.S.C. § 1965(b) as a basis for nationwide service of process over all of the defendants. To establish jurisdiction under the RICO statute, a plaintiff must show: (1) that his RICO claims could not be brought elsewhere; (2) that a "single nationwide RICO conspiracy" exists; and (3) that a substantive RICO violation exists in the first instance. Plaintiff has not met his burden in any regard. Plaintiff does not support his mere conclusion that his RICO claims could not be brought elsewhere, and what facts do exist suggest that they could. Moreover, plaintiff fails to plausibly show that any defendant intended to or entered into a nationwide conspiracy, let alone committed any substantive RICO violation.

Plaintiff's opposition highlights the conclusory and speculative nature of his jurisdictional and substantive arguments. While plaintiff habitually accuses the defendants (along with Oregon judges, financial industry and bank employees, and other family members) of "fraud" and "conspiracy," he offers no facts to support his barebones conclusions. What "evidence" plaintiff does offer and what his allegations do show is that Defendants' contact with him involved nothing more than Oregon attorneys communicating with a pro se Oregon litigant (plaintiff) on behalf of their Oregon client (Ms. Bond) in connection with Oregon litigation. Such activity is protected by the *Noerr-Pennington* doctrine, and plaintiff should not be permitted to continue to harass his siblings and their lawyers through unfounded, retaliatory litigation. Defendants are not subject to jurisdiction in California, and this case should be dismissed without leave to amend.

## II. THERE IS NO "NATIONWIDE" JURISDICTION OVER DEFENDANTS UNDER 18 U.S.C. § 1965(b)

The "ends of justice" provision of 18 U.S.C. § 1965(b) does not confer personal jurisdiction over Defendants for at least four reasons:[1]

---

[1] The motions to dismiss of defendants Downes and Schulte, Anderson, Downes, Aronson & Bittner, P.C. ("Downes Defendants") (Dkt. No. 107) and defendants Bond and Rupert (Dkt. No. 111) also demonstrate that personal jurisdiction does not exist under RICO. Defendants incorporate the

(a) Plaintiff has failed to show that there is no other district in which a court could have personal jurisdiction over all of the defendants;

(b) Plaintiff has failed to demonstrate the existence of a "single nationwide RICO conspiracy;"

(c) Plaintiff has failed to adequately allege a RICO claim such that 18 U.S.C. § 1965(b) could even be invoked;

(d) Plaintiff's claims are barred by the *Noerr-Pennington* doctrine.

For any one of these four reasons, 18 U.S.C. § 1965(b) does not confer personal jurisdiction over Defendants, and plaintiff's claims must be dismissed.

### A. Plaintiff Has Failed To Show That No Other Jurisdiction Exists In Which He Could Bring His RICO Claims Against All Of The Defendants

"As section 1965(b) makes clear, the right to nationwide service in RICO suits is not unlimited. For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *Butcher's Union Local No. 498, United Food And Comm. Workers v. SDCInvestment, Inc.,* 788 F.2d 535, 539 (9th Cir. 1986). "Thus, merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Id.*

In the Second Amended Complaint, plaintiff merely concludes that "Defendant Zusman's contacts with the State of Oregon are not sufficient to allow that state to exercise personal jurisdiction over him" and that jurisdiction may only be exercised against all of the RICO defendants in the Northern District of California. (*See* SAC, ¶ 8.)

Plaintiff's mere conclusion that there is no other jurisdiction in which he could bring his RICO claims mirrors the conclusory claim of the plaintiffs in *Huntair, Inc. v. Gladstone,* 774 F.Supp.2d 1035 (N.D.Cal. 2011), which was insufficient to survive defendants' motion to dismiss for lack of personal jurisdiction. In *Huntair,* plaintiffs "stated only that they 'are not aware of any arguments made in those motions by this reference.

other district in which a court would have personal jurisdiction of all of the defendants.'" *Id.* at 1039-40.  The district court found that "conclusory assertion is insufficient to meet Plaintiffs' burden to demonstrate that jurisdiction under § 1965(b) would be appropriate." *Id.* at 1040; *see also Brown v. General Steel Domestic Sales, LLC,* 2008 WL 2128057, at *12 n.53 (C.D.Cal. May 19, 2008) (plaintiff's contention "without support, that no other district in the country could exercise personal jurisdiction over all defendants" failed to meet the test set forth in *Butcher's Union*; thus, plaintiffs failed to establish personal jurisdiction over defendant under Section 1965(b)).  Similarly here, plaintiff's conclusory statement that no other jurisdiction exists in which he could bring his RICO claims is insufficient to meet his burden.

The Court already found that despite plaintiff's claim that no other district will have jurisdiction over Zusman, the facts that (1) Zusman was a purported member of a conspiracy with six Oregon defendants, (2) his involvement was representing Oregon residents in connection with the estate of Oregon residents, and (3) Zusman's firm has an office in Oregon, show that "an Oregon court may have jurisdiction over all of the RICO defendants."  Doc. 100, 9/17/2013 Order, at 21:12-18.  Accordingly, plaintiff cannot rely on Section 1965(b) as a basis to assert personal jurisdiction over Defendants. *Butcher's Union,* 788 F.2d at 539.

    **B.**    **Plaintiff Has Failed To Show The Existence Of A "Single Nationwide RICO Conspiracy"**

In addition, a plaintiff must also show the existence of a "single nationwide RICO conspiracy" to invoke the RICO statute as a basis for personal jurisdiction. *Butcher's Union*, 788 F.2d at 539 (dismissing case for lack of personal jurisdiction because plaintiff failed to adequately allege a "single nationwide RICO conspiracy" involving all of the defendants).  Plaintiff bears the burden to show the existence of a "single nationwide RICO conspiracy." *General Steel Dom. Sales, LLC v. Suthers,* 2007 WL 704477, at *4 (E.D.Cal. March 2, 2007).  The relevant pleading requirements are summarized in *Rocawear Licensing LLC v. Pacesetter Apparel Group,* 2007 WL 5289737 (C.D.Cal. Sept. 12, 2007):

> "In order to plead the existence of a nationwide conspiracy among Defendants, both the Ninth Circuit and Supreme Court have required that a plaintiff make a showing

> that the defendant intended to enter into an agreement or that the defendant had knowledge of the essential nature of the conspiracy.  A plaintiff must allege facts showing that the conspirator[s]…intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]  Additionally, the Ninth Circuit has required that a defendant must also have been aware of the essential nature and scope of the enterprise and intended to participate in it.  While it is not necessary that each conspirator know all of the details of the conspiracy, the evidence must show that the defendant knowingly agree[d] to facilitate a scheme which includes the operation and management of a RICO enterprise."

*Id.* at *5 (internal quotations and citations omitted). Here, plaintiff cannot show the existence of a "single nationwide RICO conspiracy" for at least two reasons:

First, none of the alleged predicate acts described in plaintiff's "chart" attached to the Second Amended Complaint shows that Defendants participated in any purported racketeering activity with a non-Oregon defendant.  Plaintiff has failed to sufficiently allege a multidistrict conspiracy that encompasses Defendants.  *See Rocawear,* 2007 WL 5289737, at *5.

Second, the present case is analogous to *Butcher's Union,* where the defendant employers had no connection with each other beyond the use of the same lawyers, and each individual conspiracy was largely independent.  *Butcher's Union,* 788 F.2d at 537.  The Ninth Circuit held in *Butcher's Union* that the plaintiffs failed to allege a nationwide pattern of racketeering activity in which the four defendant employers were participants.  Specifically, the plaintiffs failed to allege that the defendants had "specific knowledge of or participation in any of the other conspiracies." *Id.* at 539.  This led "inexorably to the conclusion that this 'case' is in fact four separate cases each involving an independent conspiracy." *Id.* at 538; *see also General Steel,* 2007 WL 704477, at *4 (no nationwide jurisdiction because plaintiff failed to link the out-of-state defendants with any individuals in California).

Here, plaintiff does not plead facts that plausibly show Defendants intended to and entered into an agreement with other alleged co-conspirators to commit a criminal offense.  Moreover, plaintiff has not shown that Defendants had specific knowledge of or participated in any conspiracy with a non-Oregon defendant.  *Rocawear,* 2007 WL 5289737, at *6 (granting motion to dismiss under Rule 12(b)(2) because plaintiff failed to plead facts showing that defendants entered an

agreement together or knew of a conspiracy; general conspiracy allegations insufficient to establish jurisdiction under RICO statute).

For any one of the above reasons, plaintiff fails to demonstrate the existence of a "single nationwide RICO conspiracy."

### C. Plaintiff Has Not And Cannot Adequately Allege A RICO Claim Such That 18 U.S.C. § 1965(b) Could Even Apply

Plaintiff asserts two RICO-based claims against the defendants: the First Claim for violations of RICO under 18 U.S.C. § 1962(c), and the Second Claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d). To state a claim under Section 1962(c), a plaintiff must plead: (1) conduct or participation, (2) in an enterprise, (3) through a pattern, (4) of racketeering activity, (5) causing injury to plaintiff's business or property. *See Chang v. Chen,* 80 F.3d 1293, 1298-1300 (9th Cir. 1996). Under Section 1962(d), "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Plaintiff cannot demonstrate a "single nationwide RICO conspiracy" because he has not and cannot even show violation of either Section 1962(c) or (d).

#### 1. Plaintiff's Section 1962(c) claim fails

Under Ninth Circuit precedent, plaintiff cannot show that Defendants conducted or participated in an enterprise under 18 U.S.C. § 1962(c). In *Baumer v. Pachl,* 8 F.3d 1341 (9th Cir. 1993), plaintiff-investors in a limited partnership alleged that the attorney of two other defendants conducted or participated in a RICO enterprise by sending two letters to a third party, preparing a partnership agreement, and assisting in a Chapter 7 proceeding. *Id.* at 1343-44. The Ninth Circuit analyzed the then-recent Supreme Court interpretation of Section 1962(c) in *Reves v. Ernst & Young,* 507 U.S. 170 (1993), in which the Court narrowly interpreted the "conduct or participate" language to require that "one must participate in the operation or management of the enterprise itself." *Baumer,* 8 F.3d at 1344. In *Baumer,* the Ninth Circuit held that "[the attorney's] role was limited to providing legal services to the limited partnership and [defendant]. Whether [the attorney] rendered his services well or poorly, properly or improperly, is irrelevant to the *Reves* test." *Id.*

DM1\4247338.1                                         -5-
REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT
CASE NO. 5:12-CV-05292 LHK (HRL)

Similarly, plaintiff's RICO claims against Defendants in the present action arise from their rendering of legal services to Ms. Bond in Oregon litigation. (SAC, ¶¶ 9, 10, 14) (plaintiff describes Defendants' representation of Ms. Bond in Oregon litigation); (SAC, ¶¶ 78, 79, 80) (plaintiff complains about Defendants' actions during Oregon court proceedings, discovery, and collection actions arising out of the Oregon litigation with plaintiff). Rendering legal services does not amount to conducting or participation in a RICO enterprise. *Baumer,* 8 F.3d at 1344; *see also Walter v. Drayson,* 538 F.3d 1244, 1249 (9th Cir. 2008)(performing legal services does not rise to the level of "direction" of an enterprise; affirming granting of attorney and law firm's motion to dismiss claim under Section 1962(c)).

Moreover, while plaintiff vaguely alleges "fraud" and "conspiracy," his characterizations are mere legal conclusions not entitled to the assumption of truth. *Papasan v. Allain,* 478 U.S. 265, 286 (1986)(legal conclusions couched as factual allegations are not presumed true); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)("'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient at the pleading stage). Plaintiff's Second Amended Complaint does not adequately allege any predicate act, let alone a pattern of racketeering activity against any defendant. Plaintiff does not satisfy the heightened pleading requirements of Rule 9; for example, plaintiff does not demonstrate Defendants intended to deceive him about anything, nor does he plausibly show that any conduct by Defendants was actually fraudulent. Since plaintiff cannot even state a RICO claim, he certainly cannot demonstrate a "single nationwide RICO conspiracy."

### 2. Plaintiff cannot rely on Section 1962(d) to establish personal jurisdiction under RICO

Because plaintiff has not adequately pled a substantive violation under 18 U.S.C. § 1962(c), he cannot allege a conspiracy to violate RICO. *Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 559 (9th Cir. 2010) ("plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO.").

The gravamen of plaintiff's Second Amended Complaint is that the defendants engaged in vast conspiracies against him. (*See e.g.* SAC, ¶ 120.) To the extent plaintiff tries to invoke Section 1962(d) as a basis for personal jurisdiction over defendants, he cannot. *Bray v. Kendall,* 2010 WL

56181, at *5 (N.D.Cal. Jan. 5, 2010) (refusing to permit plaintiff to rely on subsection (d) to establish personal jurisdiction under RICO); *Campbell v. Oviedo,* 2011 WL 4024509, at *2 (S.D.Cal. Sept. 9, 2011) (same).

In any event, what "conspiracies" are alleged by plaintiff do not amount to a "single nationwide RICO conspiracy," because the facts pled do not plausibly show that any of the Oregon defendants conspired to commit a RICO violation with any California (or non-Oregon) defendant, and because plaintiff cannot adequately plead a substantive RICO violation against any defendant.

### D. Plaintiff's Claims Are Barred By The *Noerr-Pennington* Doctrine

Even if plaintiff could adequately demonstrate a single nationwide RICO conspiracy that could only be asserted against all of the defendants in California, his claims against Defendants are barred by the *Noerr-Pennington* doctrine because their alleged "misconduct" is privileged petitioning activity.

"Under the *Noerr-Pennington* doctrine, those who petition all departments of the government for redress are generally immune from liability." *Winters v. Jordan,* 2010 WL 2838634, at *8 (E.D.Cal. July 20, 2010) (citing *Empress LLC v. City & Cty. of S.F.,* 419 F.3d 1052, 1056 (9th Cir. 2005)). "The *Noerr-Pennington* doctrine ensures that those who petition the government for redress of grievances remain immune from liability for statutory violations, notwithstanding the fact that their activity might otherwise be proscribed by the statute involved." *Id.* (citing *White v. Lee,* 227 F.3d 1214, 1231 (9th Cir. 2000)). The *Noerr-Pennington* doctrine applies to petitioning activity that gives rise to a claim under the RICO statute. *Sosa v. DirectTV,* 437 F.3d 923, 941 (9th Cir. 2006) (holding that the *Noerr-Pennington* doctrine applies to a RICO claim).

In *Winters v. Jordan,* plaintiff asserted a RICO claim against the attorney of another one of the named defendants, arising out of the attorney's representation of that client in court proceedings, his filing of papers on his client's behalf, and his communications with the county district attorney. 2010 WL 2838634, at *8. The district court found that such conduct was petitioning activity protected by the *Noerr-Pennington* doctrine; thus, the attorney was immune. *Id.* at *7-*8 (dismissing plaintiff's federal claims sua sponte pursuant to court's screening authority under 28 U.S.C. § 1915(e)(B)).

1   Similarly, Defendants' alleged conduct arises out of their representation of Ms. Bond in
2   Oregon litigation.  (*See e.g.* SAC, ¶¶ 9, 10, 14) (plaintiff describes Defendants' representation of Ms.
3   Bond in Oregon litigation). Because plaintiff's complaints arise out of privileged petitioning activity,
4   Defendants are similarly immune under the *Noerr-Pennington* doctrine.

5   Plaintiff suggests that the *Noerr-Pennington* doctrine is inapplicable because some of the
6   conduct about which he complains includes documents sent to him personally, in connection with
7   the Oregon litigation.  However, "in the litigation context, not only petitions directly sent to the court
8   in the course of litigation, but also 'conduct incidental to the prosecution of the suit' is protected by
9   the *Noerr-Pennington* doctrine." *Sosa,* 437 F.3d at 934.  That includes "private litigation
10  communications in commercial litigation" such as those between Defendants, as counsel for Ms.
11  Bond, and plaintiff, in connection with the Oregon litigation.  *Id.* at 935 n.7 ("communications
12  between private parties are sufficiently within the protection of the Petition Clause to the trigger
13  *Noerr-Pennington* doctrine, so long as they are sufficiently related to petitioning activity) (citing
14  *Freeman v. Lasky, Haas & Cohler,* 410 F.3d 1180, 1184 (9th Cir. 2005)) (holding that discovery
15  communications constitute conduct incidental to a petition).

16  Defendants' representation of their client, Ms. Bond, in connection with the Oregon litigation
17  is privileged petitioning activity.  The *Noerr-Pennington* doctrine exists for good reason:  the
18  doctrine is intended to foreclose this type of harassing lawsuit by disgruntled litigants against their
19  former adversaries and their counsel.

### III. PLAINTIFF CANNOT DEMONSTRATE THAT PERSONAL JURISDICTION IS OTHERWISE PROPER HERE

#### A. Defendants' Conduct Does Not Amount To Purposeful Availment In California

23  Plaintiff's Second Amended Complaint and opposition to the present motion to dismiss
24  confirm that it would not be reasonable for this Court to exercise personal jurisdiction over
25  Defendants under the "traditional" due process framework.  None of Defendants' purported "effects"
26  in California amounts to "purposeful availment" in California.

27  / / /
28  / / /

First, plaintiff argues that his RICO allegations show purposeful availment in California. But, as discussed above, plaintiff has not adequately alleged any RICO violation against any defendant, so that cannot be so. Moreover, the purported RICO acts of Defendants arise from Oregon attorneys' actions in connection with Oregon litigation for their Oregon client. Plaintiff argues that Defendants acted "upon Plaintiff and judicial officers *in Oregon*, to procure corrupt General Judgments *in Oregon*, so they can be used to destroy and interfere with Plaintiff's California based Successor Trusteeship of the Samuel Rupert Trust, and shield RICO defendant Susan…." (Opp., at 13:18-24)(Emphasis added.) Plaintiff cannot bootstrap Defendants' representation of their Oregon client in Oregon litigation to support his jurisdictional argument. Relatedly, the Court already rejected plaintiff's contention that the fortuity of his residence in California is a sufficient basis to exercise jurisdiction over Defendants. Doc. 100, 9/17.2013 Order, at p. 25 n.9.

Second, plaintiff continues to argue that documents sent to him by Defendants in connection with the Oregon trust litigation confer jurisdiction in California over them. (Opp., at 14:1-15:20.) The Court already found that "the fact that Plaintiff received papers in California does not convert these Oregon-based activities into express aiming in California." Doc. 100, 9/17/2013 Order, at 26:1-6; *see also* Doc. 113, at 10:1-12:18; *see also Sosa*, 437 F.3d at 934 ("in the litigation context, not only petitions directly sent to the court in the course of litigation, but also 'conduct incidental to the prosecution of the suit' is protected by the *Noerr-Pennington* doctrine."). Similarly, Judge Fogel previously found that the other Oregon attorneys' communications with plaintiff relating to the Oregon litigation did not confer personal jurisdiction over them. *Rupert v. Bond, et al.,* Case No. 5:09-cv-02758 JF, Dkt. No. 39 (filed Sept. 19, 2010), at 6:1-3 ("None of Defendants' alleged conduct has any nexus with California other than the fact that William happens to reside in California.").

Plaintiff also ignores this Court's earlier finding that the Writs of Garnishment served on him by Defendants are insufficient to confer personal jurisdiction over them in California. The source of any purported "harm" towards plaintiff "occurred during the Oregon Proceedings when an Oregon Court ordered him to pay attorneys' fees and costs." Doc. 100, 9/17/2013 Order, at 26:20-22. "Like the pleadings and papers [served on plaintiff], the mere fact that Plaintiff is a California resident

does not alter the fact that this litigation was aimed at Oregon. Susan and the Cartwright Defendants merely sought to enforce a valid judgment. As such they did not create any additional harm to Plaintiff by their actions. Merely seeking to enforce a valid judgment is not sufficient to confer personal jurisdiction on Susan or the Cartwright Defendants." Doc. 100, 9/17/2013 Order, at 26:24-28 (citing *Menken v. Emm*, 503 F.3d 1050 (9th Cir. 2007)).

Similarly, this Court already found that plaintiff's suggestion that Defendants acted improperly when they attempted to collect the Oregon Judgment "is merely a legal conclusion and does not demonstrate that these actions caused Plaintiff to suffer harm in California." Doc. 100, 9/17/2013 Order, at 27:4-9 (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007))("mere 'bare bones' assertion of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden.").

Finally, plaintiff cites no authority for the proposition that the alleged actions of individual defendants Whitman and Johansson are attributable to defendant Cartwright Whitman Baer PC such that jurisdiction over the law firm is appropriate. In fact, in plaintiff's previously dismissed California lawsuit against the other Oregon law firm defendants, he conceded that there was no general jurisdiction over them because they had no property interests in California, they did not do business in California, or have the kind of regular contacts with California sufficient to give rise to general jurisdiction. *(Rupert v. Bond, et al.,* Case No. 5:09-cv-02758 JF, Dkt. No. 39, at 4:19-21.)

Plaintiff has not overcome Defendants' showing that they are not subject to either general or specific jurisdiction.

**B.     Exercise Of Jurisdiction Over Defendants Would Not Be Reasonable**

"'[E]xercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" Doc. 100, 9/17/2013 Order, at 28:9-12 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 373 F.3d 797 (9th Cir. 2004)). This Court previously analyzed the seven factors for determining whether exercise of jurisdiction is reasonable, and found that "these factors further weigh in favor of declining to exercise jurisdiction" including because:

/ / /

/ / /

- "Most significantly, all of the Defendants who have filed motions to dismiss for lack of personal jurisdiction are residents of either Oregon or Michigan and have only minimal, if any, connections with California";
- The defendants who have filed motions to dismiss for lack of personal jurisdiction "will likely face a substantial burden if they are haled into court in California";
- "[T]he vast majority of the events asserted by Plaintiff occurred in Oregon and concern parties, trusts, and an estate in Oregon."

Doc. 100, 9/17/2013 Order, at 29:1-9. Plaintiff ignores the Court's prior order when he conclusorily argues that jurisdiction is reasonable. (Opp., at 15:21-19:6.)

Plaintiff also concedes that the gravamen of his complaint against Defendants is their conduct related to Oregon litigation while representing an Oregon client in Oregon. (*See* Opp., at 16:7, 17:1-5, 17:6-8, and 18:17-20)(complaining about judgments issued in Oregon); *id*. at 16:15 and 18:12-14 (identifying documents from Oregon proceedings as relevant evidence). Plaintiff confirms that his case against Defendants lacks any substantial connection with California.

### C.     Plaintiff's Remaining Arguments Lack Merit

Plaintiff makes two "new" arguments in his opposition that he did not previously make in opposing the first round of motions to dismiss. First, plaintiff contends that Defendants should be judicially estopped from arguing that Oregon is an alternative forum due to the Oregon Court's enforcement of the in terrorem provision in plaintiff's late parents' trust. (Opp., at 19:7-22.) Plaintiff claims that Defendants "successfully destroyed" his "standing, within the State of Oregon, and his ability to be heard to complain about RICO Defendant Susan's alleged misappropriation…." (Opp., at 20:6-12.) Defendants find this contention unintelligible and factually untenable. Plaintiff's own action in challenging his late parents' testamentary wishes resulted in his disinheritance, not anything Defendants did. Any suggestion otherwise contradicts the Oregon Court's ruling and is a conclusion not entitled to the assumption of truth.

As for plaintiff's characterization of the Court, and the suggestion that it is the defendants who are creating make work and burden (Opp., at 20:13-21:25), Defendants trust that the Court

recognizes it is plaintiff's actions in this case that have caused unnecessary expense and time wasting for the Court and other litigants.

### IV. CONCLUSION

Courts "must be wary of putative civil RICO claims that are nothing more than sheep masquerading in wolves' clothing," *Kirk v. Heppt,* 423 F.Supp.2d 147, 149-50 (S.D.N.Y. 2006), and "should strive to flush out frivolous RICO allegations at an early stage of the litigation[,]" *Rodela v. Guild Mortg. Co.*, 2012 WL 169772, at *16 (E.D.Cal. 2012) (citing *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990)).

This case epitomizes the type of RICO lawsuit that should be flushed out as quickly as possible. Plaintiff should not be permitted to continue to misuse the legal system as a tool to harass his siblings and their lawyers. Defendants respectfully request that this action be dismissed without leave to amend.

Dated: November 11, 2013         DUANE MORRIS LLP

By:      / s / James C. Krieg
    JAMES C. KRIEG
    Specially Appearing for Defendants
    MATTHEW WHITMAN, MICHELLE
    JOHANSSON, AND CARTWRIGHT WHITMAN
    BAER PC