| | |
|---|---|
| 1 | JESSICA R. MACGREGOR, Bar No. 168777 |
| | KATE KIMBERLIN, Bar No. 261017 |
| 2 | LONG & LEVIT LLP |
| | 465 California Street, 5th Floor |
| 3 | San Francisco, California 94104 |
| | Telephone:    (415) 397-2222 |
| 4 | Facsimile:     (415) 397-6392 |
| | jmacgregor@longlevit.com |
| 5 | kkimberlin@longlevit.com |

Specially Appearing for Defendants
GILE R. DOWNES and SCHULTE, ANDERSON,
DOWNES, ARONSON & BITTNER, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT, | Case No.  CV-12-05292 LHK |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS GILE R. DOWNES' AND SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C.'S MOTION FOR SANCTIONS UNDER RULE 11** |
| v. | |
| SUSAN BOND; GILE R. DOWNES; EDWARD S. ZUSMAN; MATTHEW WHITMAN; MICHELLE JOHANSSON; JAMES RUPERT; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., an Oregon Professional Corporation; MARKUN ZUSMAN & COMPTON, LLP, a Limited Liability Partnership Headquartered in California; CARTWRIGHT WHITMAN BAER PC, an Oregon Professional Corporation; and DOES 1 to 20, | **Hearing:** May 1, 2014<br>**Time:** 1:30 p.m.<br>**Judge:** Hon. Lucy H. Koh<br>**Courtroom:** 8 |
| Defendants. | |

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

REPLY RE MOTION FOR SANCTIONS
CV-12-05292 LHK

## I. INTRODUCTION

Plaintiff spends the bulk of his Opposition to the Schulte Defendants' Rule 11 Motion arguing the merits of his claims against the various defendants. In so doing, Plaintiff fails to address the basis for the Rule 11 Motion: that he has filed the Second Amended Complaint for an improper purpose and to harass the Schulte Defendants.

As already demonstrated in the Schulte Defendants' prior filings, Plaintiff has not and cannot properly assert his claims against the Schulte Defendants in this state because the Schulte Defendants are not subject to personal jurisdiction in California and because RICO's nationwide service of process provision is inapplicable to the facts of this case. Despite the Schulte Defendants' many attempts to explain these points to Plaintiff, and despite both Judge Fogel's and Judge Koh's prior orders dismissing Plaintiff's cases against the Schulte Defendants for lack of personal jurisdiction, Plaintiff insists on abusing his access to this Court. Indeed, in his Opposition to the Rule 11 Motion, Plaintiff promises to file yet another complaint against the Schulte Defendants and their attorneys despite Judge Koh's warning that no action lies against them in this Court.

Plaintiff's Opposition demonstrates the length to which he will go to harass the Schulte Defendants and their counsel. The only remedy is to grant this Motion for Rule 11 Sanctions and to subject Plaintiff to a pre-filing order.

## II. THE SCHULTE DEFENDANTS RELY ON THEIR PRIOR PLEADINGS

Plaintiff does little more in his Opposition to the Rule 11 Motion than to repeat the arguments contained in his prior briefing. Rather than paper the Court with re-statements of the arguments already set forth in their multiple motions to dismiss (*see* ECF Nos. 18, 39, 107, 122), the Schulte Defendants will refer the Court to their prior pleadings except where necessary to correct Plaintiff's major errors.

## III. THE PRIOR OREGON CASES DEMONSTRATE THAT PLAINTIFF'S CONDUCT IN SANCTIONABLE

In their moving papers, the Schulte Defendants raised the history of the Oregon litigation between Plaintiff and his siblings to demonstrate to the Court that Plaintiff will stop at nothing to

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 2 -

REPLY RE MOTION FOR SANCTIONS
CV-12-05292 LHK

harass those who oppose him.  As set forth in the moving papers, the Oregon courts have already ruled against Plaintiff with respect to all of his claims regarding both of his parents' estates.  (*See* RJN, Exs. 3-5, 7, 9-10.)  Plaintiff asserts that the Court should not consider the Oregon cases or the rulings of the Oregon courts (even though the findings of the trial courts were affirmed on appeal) because he has now filed Petitions for Review of the appellate decisions with the Oregon Supreme Court.  (*See* Opp. 4:20-5:3.)

Plaintiff filed his Petitions with the Oregon Supreme Court *after* the Schulte Defendants filed their Rule 11 Motion.  The Schulte Defendants were therefore not aware of the Petitions at the time of filing.  However, even had the Schulte Defendants been aware of those filings, their existence does nothing to alter the fact that Plaintiff is an abusive litigant who has already had the opportunity to litigate his claims regarding his parents' estates.

To the extent Plaintiff claims the judgments against him in Oregon were obtained by "fraud" (as he suggests at length in his Opposition), Plaintiff should have made those claims in the Oregon actions, and presumably he has made or will make those same arguments on appeal to the Oregon Supreme Court.  Plaintiff should not be given yet another opportunity – in an improper forum – to litigate issues that have already been addressed (or could have been addressed or will be addressed) by the Oregon courts.

### IV. PLAINTIFF'S HISTORY OF VEXATIOUS LITIGATION IS RELEVANT TO THIS MOTION FOR SANCTIONS

Plaintiff also makes much of the Schulte Defendants' arguments concerning his status as a vexatious litigant in California.  By raising facts related to Plaintiff's removal from the list, the Schulte Defendants sought to point out that Plaintiff obtained removal while omitting from the record at least five other cases to which he was a party.

The Schulte Defendants are not "collaterally attacking" the state court ruling removing Plaintiff from the vexatious litigant list.  Rather, the Schulte Defendants demonstrate that the fact of Plaintiff's removal from the list does not prove that he has reformed or ceased filing improper actions in the Oregon and federal courts and that, in fact, Plaintiff obtained removal from the list

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 3 -

REPLY RE MOTION FOR SANCTIONS
CV-12-05292 LHK

while concealing at least five other relevant actions. This history shows that he continues to abuse his access to the courts.

## V. PLAINTIFF CONTINUES TO THREATEN FURTHER LITIGATION; THE REQUESTED SANCTIONS ARE WARRANTED

In the final page of his Opposition to the Motion for Rule 11 Sanctions, Plaintiff again threatens the Schulte Defendants and their attorneys with further litigation. Specifically, Plaintiff promises that "[i]f, and when, the SAC survives the second round of FRCP 12(b) Motions to Dismiss" he will file another complaint to "add the Long & Levit attorneys as additional RICO defendants." (Opp. 18:8-13.) Plaintiff's threat shows that he is unwilling to follow the Court's instructions and that sanctions are the only appropriate remedy.

When Judge Koh granted the Schulte Defendants' motion to dismiss the First Amended Complaint, she specifically held that Plaintiff could not add the Schulte Defendants' counsel as co-defendants to this action. (*See* ECF No. 100 at p. 31.) Judge Koh explained to Plaintiff that his proposed claims against counsel were "not actionable" because they are based on protected petitioning activity. (*Id.* at n.12.) Just as Plaintiff failed to heed the Court's prior warnings regarding questions of personal jurisdiction, Plaintiff apparently intends also to ignore this Court's warning about adding new defendants.

Plaintiff's refusal to follow both Judge Fogel's and Judge Koh's prior orders or to heed the warnings contained therein demonstrates that the only option left is to impose sanctions on Plaintiff under Rule 11. The Schulte Defendants hope that the imposition of sanctions will deter Plaintiff from continuing to file harassing and improper papers in this Court and the other federal courts of California.

## VI. CONCLUSION

For the reasons set forth more fully in the Schulte Defendants' moving papers and their prior motions to dismiss, the Schulte Defendants respectfully request that the Court enter an order granting them $13,400.85 in monetary sanctions. The Schulte Defendants also respectfully request that the Court issue a pre-filing order that would require Plaintiff to seek the court's

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 4 -

REPLY RE MOTION FOR SANCTIONS
CV-12-05292 LHK

permission before he files any new actions in federal court against either of the Schulte Defendants or their attorneys.

Dated: January 9, 2014                         LONG & LEVIT LLP

                                               By: /s/ Kate G. Kimberlin
                                               JESSICA R. MACGREGOR
                                               KATE KIMBERLIN
                                               Specially Appearing for Defendants
                                               GILE R. DOWNES and SCHULTE,
                                               ANDERSON, DOWNES, ARONSON &
                                               BITTNER, P.C.

DOCS\S5070-526\692075.1

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 5 -

REPLY RE MOTION FOR SANCTIONS
CV-12-05292 LHK