UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT,<br><br>    Plaintiff,<br><br>    v.<br><br>SUSAN BOND, et al.,<br><br>    Defendants. | Case No. 12-cv-05292-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT**<br><br>[Re: ECF 161] |

Plaintiff William Rupert moves for relief from final judgment related to this Court's September 22, 2014 Order dismissing the above-captioned case for lack of personal jurisdiction.[1] All Defendants oppose. The Court finds this motion appropriate for determination without oral argument, *see* Civil L.R. 7-1(b), and DENIES Plaintiff's motion.

**I.  LEGAL STANDARDS**

A court can, pursuant to Federal Rule of Civil Procedure 59(e), alter or amend a judgment upon a showing of one of four grounds: "(1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion brought under Rule 59 is not an opportunity for a party to re-litigate the claims that were

---

[1] The Court had not yet entered judgment in this action when Plaintiff filed this motion. Civil Local Rule 7-9(a) requires a party to seek leave of court before filing a motion for reconsideration if judgment has not been entered. *See, e.g.*, *Samet v. Procter & Gamble*, 2014 WL 1782821, at *2 (N.D. Cal. May 5, 2014). However, Plaintiff, who is pro se, filed his motion within 28 days of the Court granting the dismissal with prejudice. It is reasonable to believe that Plaintiff felt it necessary to file this motion within 28 days of that dismissal order so that he could seek reconsideration of the Court's ruling. The Court thus adjudicates the motion as filed and briefed.

before the Court prior to judgment, but is instead an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," and should not be granted "absent highly unusual circumstances.").[2]

## II.  DISCUSSION

### A.  An Intervening Change in Controlling Law

Plaintiff argues that a September 2, 2014 case from the Ninth Circuit, *Levitt v. Yelp! Inc.*, 765 F.3d 1123 (9th Cir. 2014), "clarifies the standards for civil extortion and attempted extortion" and would permit Plaintiff to amend his SAC to allege violations of the Hobbs Act.

Plaintiff's argument is without merit. Plaintiff's ability to state a Hobbs Act claim is immaterial to the Court's finding that it lacks personal jurisdiction over the parties due to their insufficient contacts with California. Even more critically, Plaintiff does not articulate any way in which *Levitt* changes the Ninth Circuit's standards for stating a Hobbs Act violation. In *Levitt*, the Ninth Circuit simply applied the relevant case law of the circuit, including *Sosa v. DirecTV, Inc.*, 437 F.3d 923 (9th Cir. 2006), to the facts before it. *Levitt* thus does not set forth a new rule with regard to the Hobbs Act and, as such, is not an "intervening change in law." *See, e.g.*, *United States v. Iron Mountain Mines, Inc.*, 2010 WL 1854118, at *3 (E.D. Cal. May 6, 2010).

### B.  Manifest Errors of Law

Plaintiff claims that the Court made nine separate manifest errors of law in its Dismissal Order. *See* Mot. at 8-21. A manifest error of law is not merely one in which the party disagrees with the Court, but instead is the "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A manifest error is not demonstrated by the disappointment of the losing party."). Plaintiff essentially challenges three of the Court's legal determinations: (1) that the Defendants were not subject to personal jurisdiction in California, (2) the Court's application of the *Noerr-*

---

[2] Plaintiff initially also sought relief under Rule 60(b) in his motion, but withdrew that argument in his Reply. *See* ECF 169 at 5-6.

*Pennington* doctrine to this case, and (3) Susan Bond's status as trustee.

### 1. Personal Jurisdiction

Plaintiff makes four arguments relevant to the Court's determination that the Defendants were not subject to personal jurisdiction in California.

First, Plaintiff argues that Defendant Susan Bond consented to jurisdiction in California. Plaintiff, in his Opposition to the Sibling Defendants' motion to dismiss, *see* ECF 121, did not once argue that Ms. Bond consented to jurisdiction in California. This is simply a new argument about personal jurisdiction with regard to one Defendant, and a Rule 59(e) motion is not an appropriate avenue to obtain post-judgment re-argument of claims that were, or could have been, raised earlier in the litigation. *See, e.g.*, *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 515-16 (D.N.J. 1996).

Second, Plaintiff contends that the Court's application of the three-prong *Calder* effects test for personal jurisdiction was in error, and is inconsistent with *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004). The Court did not commit manifest error in its determination that the Sibling, Downes, and Cartwright Defendants did not purposefully direct their suit-related activities toward California. *See, e.g.*, Dismissal Order at 26 (citing *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990)). A Rule 59(e) motion is not an opportunity for Plaintiff to obtain reconsideration because he disagrees with the Court's application of controlling law, but rather is available only if the Court manifestly disregards the law. *See Oto*, 224 F.3d 601, 606 ("A manifest error is not demonstrated by the disappointment of the losing party.").

Third, Plaintiff contends that the Court erred in relying on *Walden v. Fiore*, 134 S. Ct. 1115 (2014), arguing that this Court has "misunderst[ood] the limited holdings that were made in *Walden*." Mot. at 17. The Court did not commit manifest error in finding that *Walden* precluded the Court from exercising jurisdiction over parties based on the actions of the Plaintiff. *See, e.g.*, Dismissal Order at 23, 24.[3] Moreover, the Court's adherence to *Walden* was limited, and directed

---

[3] On January 5, 2015, Plaintiff filed a "Second Statement of Recent Decisions" which included three opinions from other district courts in which *Walden v. Fiore* was cited and where a motion to dismiss for lack of personal jurisdiction was denied. *See* ECF 171. The Court has reviewed these three cases, and finds that they do not alter its personal jurisdiction determination, and in fact

3

to a specific issue regarding personal jurisdiction. The Court primarily applied the *Calder* effects test in evaluating the SAC. *See* Dismissal Order at 22-30.

Fourth, Plaintiff argues that the Court erred in its reliance on *Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007). Plaintiff argues that *Menken* is inapplicable to this case because "the *Menken v. Emm* case is one in which specific personal jurisdiction was found to exist." Mot. at 19. The Court cited *Menken* in the context of *Michael v. New Century Financial Services*, 2014 WL 4099010 (N.D. Cal. Aug. 20, 2014), and did not err in describing the Ninth Circuit's determination that allegations a defendant failed to domesticate a foreign judgment, standing alone, do not permit a court to exercise personal jurisdiction over those defendants. *See* Dismissal Order at 25-26.

The Court therefore finds that none of its determinations with regard to personal jurisdiction constitute manifest error.

### 2. Noerr-Pennington *Immunity*

Plaintiff makes three arguments regarding application of the *Noerr-Pennington* doctrine.

First, Plaintiff argues that the Court misconstrued and misapplied the *Noerr-Pennington* doctrine with regard to parties' immunity from suit for conduct engaged in during prior litigation of this family dispute. The Court finds that did not make a manifest error of law in its determination that Defendants were entitled to immunity under *Noerr-Pennington* for their statements to the court during the pendency of *Rupert I. See, e.g.*, Dismissal Order at 14 (citing *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 60 n.5 (1993)); *see also Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) (holding that *Noerr-Pennington* provides protection to defensive pleadings "because asking a court to deny one's opponents' petition is also a form of petition").

Second, Plaintiff argues that the Court committed manifest error in adjudicating the "sham defense" issue at the pleadings stage. The Ninth Circuit, however, is clear that *Noerr-Pennington* immunity may be decided on the pleadings. *See Freeman*, 410 F.3d 1180, 1184.

---

provide support for its interpretation of the Supreme Court's holding in *Walden*, as each case includes a discussion of *Walden's* finding that it is only a defendant's purposeful contact with the forum that gives rise to personal jurisdiction.

4

1   Third, Plaintiff contends that *Nunag-Tanedo v. East Baton Rouge Parish School Board*, 711 F.3d 1136 (9th Cir. 2013), demands that *Noerr-Pennington* immunity not be decided at the pleadings stage. Plaintiff's reading of *Nunag-Tanedo* is incorrect. As the Court has stated above, in certain circumstances *Noerr-Pennington* immunity can be determined on the pleadings, *see Freeman*, 410 F.3d 1180, 1184, and *Nunag-Tanedo* did not discuss, let alone overrule, *Freeman*.

The Court therefore finds that none of its determinations with regard to the *Noerr-Pennington* doctrine constitute manifest error.

### 3. The Trusteeship

Finally, Plaintiff makes two arguments regarding Susan Bond's status as trustee. First, Plaintiff argues that the Court "doesn't seem to appreciate the difference between a trustee *de jure*, or a trustee *de facto*, and an intermeddling trustee *de son tort*." Mot. at 11. Second, he argues that *King v. Johnston*, 178 Cal. App. 4th 1488 (2009), gives him "standing to act, on his own behalf, against a former trustee *de son tort*." Mot. at 13.

Neither the nature of the trustee, nor the question of whether or not Plaintiff is a beneficiary with standing to bring certain claims, have any bearing on the jurisdictional question on which the Court decided the motion to dismiss. *See, e.g.*, Dismissal Order at 26-28. As such, a motion for reconsideration is an inappropriate avenue by which to argue these two legal claims. *See, e.g.*, *Turner*, 338 F.3d 1058, 1063 (stating that a Rule 59(e) motion is only appropriate to dispute erroneous legal or factual determinations "upon which the judgment is based"). Moreover, the Court did not misunderstand the differences between these types of trustees, and *King v. Johnston* does not in any way discuss personal jurisdiction. *See generally* 178 Cal. App. 4th 1488.

The Court finds that most of Plaintiff's legal arguments are merely an attempt to once again argue the merits of his case. A motion brought under Rule 59(e) is not an appropriate avenue to make such arguments. *See, e.g.*, *Kona Enterprises*, 229 F.3d 877, 890 (9th Cir. 2000).

**C.   Manifest Errors of Fact**

Plaintiff argues that the "Court's Order shows it is confused about what is being alleged in the SAC," Mot. at 21, and alleges two manifest errors of fact. Neither argument is persuasive.

First, Plaintiff argues that the Court misunderstands what he calls the "Big Lie." The Court

5

identified the "Big Lie" as "the statement that Irene Rupert, and not Plaintiff, was the trustee of the Samuel Rupert Trust." Dismissal Order at 4. Plaintiff argues that instead, the "Big Lie" is that Irene Rupert "remain[ed]" the successor trustee to the Samuel Rupert Trust. Mot. at 21. These statements are not factually inconsistent. The Court noted, as Plaintiff does in his Motion for Relief, that the "Big Lie" was stated on June 10, 2009, and involved the nature of the Samuel Rupert trusteeship. *See* Dismissal Order at 4; *see also* Mot. at 21. The Court did not commit manifest error in its description of the "Big Lie," nor did the description impact the Court's determination that there was no personal jurisdiction over Defendants. *See Turner*, 338 F.3d 1058, 1063 (stating that a Rule 59(e) motion is only appropriate to dispute erroneous legal or factual determinations "upon which the judgment is based").

Second, Plaintiff contends that the Court misconstrued and misunderstood Judge Fogel's prior Dismissal Order in *Rupert I*. Mot. at 21-22. Plaintiff alleges that Judge Fogel "found [that] there were intentional acts, and that they had been purposefully direct at the plaintiff, in California." *Id.* at 22. But Judge Fogel's Order explicitly found that the *Calder* effects test had not been satisfied, and that personal jurisdiction could not be exercised over the defendants in *Rupert I*.[4] Plaintiff's statement is therefore incorrect. The Court thus did not err in its description of Judge Fogel's Order. *See Rupert I*, 2010 WL 3618662, at *4 (N.D. Cal. Sept. 9, 2010).

### D.   To Prevent Manifest Injustice

A manifest injustice is any "error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *See In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (defining manifest injustice under Rule 59(e)). Neither of Plaintiff's arguments under the manifest injustice prong of Rule 59(e) is persuasive.

First, he alleges, as he has repeatedly throughout this litigation, that Judge Fogel was "misled" about what he terms the "crucial *Hanson v. Denckla* jurisdictional factors (identify (sic) of trustee, location of trustee, and location of trust property)" during *Rupert I*. *See* Mot. at 22. To

---

[4] Susan Bond, Irene Rupert, Gile Downes, and the Downes law firm were the only Defendants named by Plaintiff in *Rupert I*. Ms. Rupert, now deceased, is not named as a Defendant in this case.

support this claim, Plaintiff cites to the court reporter's transcript from the hearing on the motion to dismiss before Judge Fogel. *See id.* at 23-24. The partial transcript cited by Plaintiff, however, contains only a brief colloquy between Judge Fogel and Mr. Zusman regarding the *Calder* effects test, and does not alter the Court's ruling. Plaintiff further does not state how this transcript shows any "manifest injustice" in this Court's Dismissal Order. Instead, his argument is yet another attempt to re-litigate something that has already been before the Court multiple times, which is simply not permitted under Rule 59(e). *See Kona Enterps., Inc.*, 229 F.3d 877, 890.

Second, Plaintiff contends that amendment is possible, and that the Court "refus[ed] to allow plaintiff to fully discuss his ability to amend" at its hearing on his motion. Mot. at 24. On the contrary, at the hearing on the motions to dismiss, which lasted two hours and ten minutes, *cf.* ECF 159, Plaintiff was given a number of opportunities to state ways he could amend the SAC. Plaintiff now makes only a bare assertion that he can "amend to better explain how the alleged frauds upon the courts deprived the proceedings before Judge Fogel, and in Oregon, of their legitimacy." *Id.* The Court has already undertaken a review of *Rupert I* and found no support for Plaintiff's allegation that Judge Fogel was misled, or that he relied on any of the alleged misrepresentations in deciding the motion to dismiss. *See* Dismissal Order at 15-16. Judge Fogel's Order clearly makes no reference to the location of the trustee or trust assets, or of Irene Rupert as the alleged successor trustee. As such, even if Plaintiff were given a fourth opportunity to amend his already prolix 110-page SAC, such amendment would futile. *See, e.g.*, *Plymouth Cnty., Iowa ex rel. Raymond v. MERSCORP, Inc.*, 287 F.R.D. 449 (N.D. Iowa 2012) (denying under Rule 59(e) a request to amend when the motion did not contain any indication of the substance of the proposed amendment, and where any amendment would be futile).

### III.     ORDER

Plaintiff's Motion for Relief is DENIED. The Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: January 6, 2015

_____
BETH LABSON FREEMAN
United States District Judge

7