UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM RUPERT,<br><br>        Plaintiff,<br><br>    v.<br><br>SUSAN BOND, et al.,<br><br>        Defendants. | Case No.  12-cv-05292-BLF<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Re: ECF 174] |

On September 22, 2014, the Court granted, with prejudice, Defendants' motions to dismiss in the above-captioned action. ECF 160. Thereafter, on October 20, 2014, Plaintiff filed a motion with the Court, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Court's judgment. ECF 161. Though the Court had not yet issued final judgment in the action, the Court adjudicated Plaintiff's motion under Rule 59(e) as requested, stating:

> The Court had not yet entered judgment in this action when Plaintiff filed this motion. Civil Local Rule 7-9(a) requires a party to seek leave of court before filing a motion for reconsideration if judgment has not been entered. *See, e.g., Samet v. Procter & Gamble*, 2014 WL 1782821, at *2 (N.D. Cal. May 5, 2014). However, Plaintiff, who is pro se, filed his motion within 28 days of the Court granting the dismissal with prejudice. It is reasonable to believe that Plaintiff felt it necessary to file this motion within 28 days of that dismissal order so that he could seek reconsideration of the Court's ruling. The Court thus adjudicates the motion as filed and briefed.

ECF 172 at 1 n.1.

The Court denied Plaintiff's motion on January 6, 2015, and issued judgment that same day. *See* ECF 172, 173. Plaintiff has now filed a *second* motion to alter or amend the judgment, seeking relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). *See* ECF 174. This motion mainly reasserts the arguments Plaintiff previously made in his first motion to alter or

amend the judgment. Plaintiff's motion is essentially a motion for reconsideration of his prior motion for reconsideration – something that is not contemplated in the rules of civil procedure or this district's local rules. He provides the Court no case citation for the appropriateness of this request. In his motion, Plaintiff concedes that the Court has adjudicated his request to reconsider the dismissal orders. *See* Mot. at 3 ("Plaintiff's motion for reconsideration . . . was denied.").

Plaintiff does not get to twice seek reconsideration of the Court's dismissal orders merely because the Court adjudicated his improperly filed Rule 59(e) motion and then issued separate judgment thereafter. Nor does he get to seek reconsideration of the Court's order on his motion for reconsideration. Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Neither of those interests is furthered by permitting a plaintiff to bring a second motion under Rule 59(e). Nor can Plaintiff attempt to garner relief through a repackaging of his motion to alter or amend judgment as one brought under Rule 60(b), because "[t]he denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b)." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citing *Pasatiempo by Pasatiempo v. Aizawa*, 103 F.3d 796, 801 (9th Cir. 1996)); *Barber v. Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994) ("In addition, a denial of a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is construed as one denying relief under Rule 60(b).").

Plaintiff also contends that this second motion seeks to assert several new arguments not raised in his prior motion. *See, e.g.*, Reply to Zusman Opp., ECF 181 at 8-11. But it is precisely a desire to prevent multiple motions for reconsideration from being filed that gives rise to this Circuit's rule that the denial of a motion for reconsideration under Rule 59(e) also serves to deny relief under Rule 60(b). *See, e.g.*, *McDowell* at 1255. As such, the Court DENIES Plaintiff's motion. Plaintiff may not seek further reconsideration.

**IT IS SO ORDERED.**

Dated: March 27, 2015

_____
BETH LABSON FREEMAN
United States District Judge

2